FILED
DEC 30 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA MARSHALL )
6939 GEORGIA AVENUE NW )
APT 518 )
WASHINGTON, D.C. 20012 )
    Plaintiff )
 )
v. )
 )
HONEYWELL TECHNOLOGY )
SYSTEMS INC. )
9250 ROUTE 108 )
COLUMBIA, MARYLAND 21043. )
 )
SERVE RESIDENT AGENT )
CSC LAWYERS INCORPORATING )
SERVICE CO. )
11 EAST CHASE STREET )CASE
BALTIMORE, MARYLAND 21202 )
 )
    AND )
 )
L-3 COMMUNICATIONS )
GOVERNMENT SERVICES, INC. )
A.K.A. EER SYSTEMS, INC. )
3750 CENTERVIEW DRIVE )
CHANTILLY, VIRGINIA 20151 )
 )
SERVE RESIDENT AGENT )
CHAND N. GUPTA )
3981 ALCOA DRIVE )
FAIRFAX, VIRGINIA 22033 )
 )
    AND )
SGT INC. )
7701 GREENBELT ROAD )
SUITE 300 )
GREENBELT, MARYLAND 20770 )
 )
SERVE RESIDENT AGENT )
THOMAS G. WHITKOP )
27 WEST JEFFERSON )
ROCKVILLE, MARYLAND 20850 )
    Defendants. )
 )

CASE NUMBER   1:05CV02502

JUDGE: Richard W. Roberts

DECK TYPE: Employment Discrimination

DATE STAMP: 12/30/2005

JURY ACTION

RECEIVED
U.S. COURT OF APPEALS
FOR THE D.C. CIRCUIT
2005 DEC 30 PM 11:08
FILING DEPOSITORY

1

## **COMPLAINT**
(Employment Discrimination)

### I. INTRODUCTION

Plaintiff Sandra Marshall by and through the undersigned Counsel hereby files this Complaint for claims of employment discrimination.

1. This is a proceeding for declaratory and injunctive relief and damages to redress the deprivation of rights secured to the Plaintiff by the common law and by Section 7 (b), 29 U.S.C. § 626 (b), of the Age Discrimination in employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.* ("ADEA"), which incorporates by reference Section 16 (b), 29 U.S.C. § 216 (b), of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* and the Prince George's County Code §§2-200, 2-209, 2-222, 1-185, 1-186 and Md. Code Ann., Article 49 B§ 42 1957, as amended by Acts 1997, c.348, §1eff. Oct. 1, 1997)..

### II. JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon the following:

(a) The Court's jurisdiction conferred by 28 U.S.C. §1332, as the matter in controversy exceeds, exclusive of interest and costs, the sum of value of Fifty Thousand Dollars ($50,000.00) and the parties are diverse;

(b) The Court's jurisdiction conferred by 28 U.S.C. § 1337 to enforce the provisions of the ADEA; and

© The Court's pendent jurisdiction to redress the unlawful and tortuous

conduct described herein.

## II. VENUE

3. The venue of this Court over this controversy is based upon the following: the jurisdiction of the Court over this controversy is based upon the following:

(a) Plaintiff avers that the defendants Honeywell, L-3 Communication System and SGT Inc. are corporations doing business in this judicial district within the meaning of 28 U.S.C. § 1391 (c).

(b) Plaintiff resides in the District of Columbia.

(d) The government entity NASA for whom the parties worked as contractors resides and has a principal office and does business in the District of Columbia.

## IV. PARTIES

4. The Plaintiff, Sandra Marshall, was an employee of the defendants Honeywell, and L-3 Communications Government Services, Inc. She was born on December 12, 1949 and is a 56 years old African American woman. At all times relevant to the allegations herein, Plaintiff was a citizen of the United States. She is a resident of the District of Columbia. Plaintiff was employed as Voice Control Supervisor for contractor Honeywell and subcontractor L-3, Communications Government Services, Inc. at the time of her discharge on December 31, 2003. She was also denied employment by SGT Inc., Honeywell's new sub-contractor on December 30, 2003 on orders from Honeywell.

5. Defendant Honeywell Technology Systems ("Honeywell) is a corporation organized under the laws of Delaware. Defendant transacts business and performs services in the District of Columbia. At all times relevant to this Civil action, defendant Honeywell was the employer or former employer of the Plaintiff.

6. Defendant L-3 Communications Systems (hereinafter "L-3") is a corporation organized under the laws of the State of New York. Defendant transacts and does business in the District of Columbia. At all times relevant to this civil action, defendant L-3 was the employer or former employer of the Plaintiff.

7. Defendant SGT Inc. became the sub-contractor under Honeywell. SGT is a Maryland corporation organized under the State of Maryland. SGT denied the Plaintiff employment.

8. Defendants Honeywell, L-3 and SGT engages in an industry affecting commerce, as defined in Section 11 (h) of the ADEA, 29 U.S.C. § 630 (h). Defendants employed twenty-five (25) or more employees at all times relevant to this action Section 11 (b) of the ADEA, 29 U.S.C. § 630 (b).

**V.    EXHAUSTION OF ADMINSITRATIVE REMEDIES**

9. Prior to filing this civil action, Plaintiff timely filed a written charge of age discrimination with the discrimination with the Prince George's Human Relations Commission ("PGHRC") and the Equal Employment Opportunity Commission ("EEOC"). The EEOC failed to effect voluntary compliance with the requirements of the ADEA through conciliation and persuasion.

10. The Plaintiff has filed this action subsequent to the expiration of sixty (60) days from the filing of a charge of age discrimination with the PGHRC and the EEOC and less than two years after the defendants willfully violated Plaintiff's rights under the ADEA.

## VI.   FACTUAL BACKGROUND

11. In 2003 Mrs. Marshall was 54 years of age with over 25 years of contractor service with NASA. She was one of the oldest employees at the Greenbelt, Maryland NASA site for Honeywell and L-3.

12. Her duties were assumed by a white male approximately 15 years younger than she. To Plaintiff's knowledge, all employees who were working for Honeywell and L3 retained there jobs when the new sub-contract was taken over by SGT. Plaintiff was the only woman and African American who was not given a job.

13. Upon information and belief, Plaintiff's termination is another in a series of termination of older workers and African Americans by Honeywell and L3 at the NASA Greenbelt, Maryland location.

14. Specifically, Plaintiff Marshall had been a sub-contractor for NASA in 2003. She had been a subcontractor for NASA for over 25 years.

15. During the 25 years that she had worked at NASA as a contractor she had always successfully performed her job.

16. During the period of 2001 through 2003 Plaintiff was working under both the general contractor and sub-contractor Honeywell and L-3.

17. Plaintiff was the only black and female manager over 50 years old. Her employers would make comments about her age and ask her routinely when was she

5

about to retire.

18. In late 2003 the sub-contractor changed on the project in which she was working and assigned as voice Control Manager.

19. The new sub-contractor was SGT. All employees including the Plaintiff was informed that they had to interview for their position with the new sub-contractor, SGT.

20. On or about December 19, 2003, Plaintiff interviewed for her position as voice control manager with SGT.

21. SGT was awarded a subcontract with Plaintiff general contractor Honeywell.

22. SGT informed Plaintiff that Honeywell told them to tell her that her position was no longer needed and that her current position was not in their new contract.

23. SGT also told Plaintiff they would have to find another job for her.

24. SGT hired all of Plaintiff's employees she supervised for the January 1, 2004 contract.

25. On December 31, 2003, SGT and L-3 informed Plaintiff that she was the only employee that was not hired on the new contract and she was not being hired for her old position.

26. On January 1, 2004, Honeywell and SGT hired a white male for Plaintiff's position as voice control manager. The white male employee had less or little experience as the voice control operator. Defendants increased his salary.

27. The white male that defendants hired to replace Plaintiff was approximately 8-14 years younger than Plaintiff.

6

28. The white male and younger employee did not have the vast knowledge and experience as Plaintiff had. The position that Plaintiff sought to retain remained open after Plaintiff was terminated.

29. Plaintiff's former job duties are now being performed by a younger employee.

30. The Plaintiff has suffered a loss of income, emotional stress and strain, and humiliation. Loss of benefits including past and future wages, full pension and other company sponsored benefits.

### VII. COUNT I

### Age Discrimination

31. Plaintiff Taylor incorporates by reference all allegations as alleged in paragraphs one (1) through thirty (30) as if fully plead herein.

32. At the time of the Plaintiff's termination, vacant positions were available but the defendants refused to place Plaintiff in any of the vacant positions.

33. Specifically manager positions were available and defendants refused to fill those positions. Plaintiff was rejected because she was replaced by a younger and less experienced person.

34. Defendants willfully discriminated against the Plaintiff on account of age in violation of the Prince Georges's County Code and Section 4(a) (1) of the ADEA, 29 U.S.C. 623 (a) (1), with respect to its decision to discharge each Plaintiff from employment and force each into involuntary early retirement.

35. As a direct and proximate consequence of defendant's unlawful and discriminatory employment policies and practices, each Plaintiff has suffered a loss of

income, including past and future salary, full pension benefits, and other company-sponsored benefits, humiliation and emotional stress and strain.

### VIII. RELIEF REQUESTED

Wherefore, Plaintiff Marshall respectfully prays for judgment against the defendants each individually, jointly and/or severally as follows:

(a) For a money judgment representing compensatory damages, including lost wages, and all other sums of money, including retirement benefits and other employment benefits, together with interest on said amounts;

(b) For a money judgment representing liquidated damages for defendant's willful violations of the County Code and Age Discrimination in Employment Act in the amount of $two million dollars:

(c) For a money judgment representing prejudgment interest.

(d) For an Order directing the defendant to reinstate the Plaintiff.

(d) That Plaintiff be reinstated to her employment with Defendant and restored to all of the salary, seniority status, health and welfare benefits, pension, and all other benefits of employment, which she would have had, but for the Defendant's wrongful treatment.

(e) That Plaintiff be awarded both back pay and the front pay she would have earned but for Defendant Giant's wrongful treatment including all employee benefits to which she would have been entitled.

(f) That Plaintiff is awarded compensatory and punitive damages in an amount sufficient to compensate Plaintiff for her losses due to Defendants wrongful conduct and to punish and deter Defendants from committing similar acts of

8

discrimination in the future and retaliation.

(g) That Plaintiff is awarded damages for her mental anguish, humiliation and emotional trauma suffered as a result of Defendants' course of discriminatory conduct against her and any other conduct.

(h) That Plaintiff is awarded the costs of bringing and prosecuting this action including her reasonable attorney's fees incurred in bringing the action as provided under Maryland law. That Plaintiff is awarded interest.

(i) That Plaintiff is awarded such other and further relief, as the Court may deem reasonable and justified under the circumstances of this case.

### IX.  DEMAND FOR A JURY TRIAL

Plaintiff Sandra Marshall hereby demands a jury trial on all issues triable by a jury.

Respectfully submitted,

Jo Ann P. Myles
Law Office of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland
301-773-9652 (Office)
301-925-4070 (Fax)
Bar No. 04412
Attorney For Plaintiff