IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL )<br><br>    Plaintiff, )<br><br>    v. )<br><br>HONEYWELL TECHNOLOGY )<br>SYSTEMS, INC., )<br><br>L-3 COMMUNICATIONS, INC., )<br><br>    and )<br><br>SGT, INC., )<br><br>    Defendants. )<br>_____) | Case No. 1:05CV02502<br>(Judge Richard W. Roberts) |

## DEFENDANT SGT'S MOTION TO DISMISS

Defendant SGT, Inc. ("Defendant"), through undersigned counsel, hereby moves this Court, pursuant to Fed. R. Civ. P. 12(b)(6), for dismissal of the Complaint for failure to state a claim upon which relief may be granted.

As discussed more fully in the accompanying memorandum of points and authorities, the Complaint, which alleges a cause of action for age discrimination, should be dismissed because Plaintiff has not exhausted her administrative remedies. As such, Plaintiff cannot, as a matter of law, bring this suit.

The Court is respectfully directed to the attached memorandum for the points and authorities supporting this motion.

WHEREFORE, Defendant respectfully requests the Court to grant this motion

and enter the proposed order submitted herewith.

Respectfully submitted,

Date: 5/16/06

Andrew P. Hallowell, Esq.
D.C. Bar No. 420538
Jennifer L. Andrews, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 857-1000

Counsel for Defendant SGT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANDRA MARSHALL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:05CV02502 |
| | ) | (Judge Richard W. Roberts) |
| HONEYWELL TECHNOLOGY SYSTEMS, INC., | ) | |
| | ) | |
| L-3 COMMUNICATIONS, INC., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SGT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SGT'S MOTION TO DISMISS

Defendant SGT, Inc. ("SGT" or "Defendant"), by its undersigned counsel, hereby respectfully submits this memorandum of points and authorities in support of its Motion to Dismiss the Complaint.

As discussed more fully below, the Complaint, which alleges a cause of action for age discrimination, should be dismissed because Plaintiff has not exhausted her administrative remedies. SGT respectfully requests that the Court enter judgment in its favor pursuant to Fed. R. Civ. P. 12(b)(6).

I.    Statement of the Case

Plaintiff brought this action against Defendants on or about December 30, 2005. The Complaint consists of a sole claim alleging that Defendants discriminated against her

on account of her age in violation of the Prince George's County Code and Section 4(a)(1) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621 *et seq.* ("ADEA").

II.    Plaintiff's Factual Allegations

In her Complaint, Plaintiff alleges that she worked for Defendants Honeywell Technology Systems Inc. and L-3 Communications Government Services Inc. from 2001 through 2003.  (Complaint, ¶ 16).  Plaintiff alleges that in late 2003, SGT became the subcontractor on the project to which she was assigned.  (Complaint, ¶ 18).  Plaintiff alleges that on or about December 19, 2003, she interviewed with SGT for the Voice Control Manager position she held with the prior subcontractor.  (Complaint, ¶¶ 18, 20). Plaintiff alleges that on or about December 31, 2003, SGT and Defendant L-3 Communications Government Services Inc. informed her that she would not be hired for the Voice Control Manager position.  (Complaint, ¶ 25).  Plaintiff alleges that Defendants hired a white male that was approximately eight (8) to fourteen (14) years younger than her for the Voice Control Manager position.  (Complaint, ¶ 27).

Plaintiff also alleges that prior to filing this action, she timely filed a written charge of age discrimination with the Prince George's Human Relations Commission ("PGHRC") and the Equal Employment Opportunity Commission ("EEOC"). (Complaint, ¶ 9).  Plaintiff alleges she filed the instant action subsequent to the expiration of sixty (60) days from the filing of a charge of age discrimination with the PGHRC and the EEOC and less than two years after the alleged discrimination.  (Complaint, ¶ 10).

III.    Argument

    A.    Applicable Legal Standards – Motion to Dismiss

An order granting dismissal pursuant to Rule 12(b)(6) is proper if the complaint does not disclose, on its face, a legally sufficient cause of action.  A motion should be granted only if, after accepting all well-pleaded factual allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of her claims that entitle her to relief.  *Tele-Communications of Key West, Inc. v. U.S.*, 757 F.2d 1330, 1334 (D.C. Cir. 1985).

If, on a motion to dismiss under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56…"  Fed. R. Civ. P. 12(b). However, where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.  *Vanover v. Hantman*, 77 F.Supp.2d 91, 98 (D.D.C. 1999).  Plaintiff's alleged charge of age discrimination filed with the PGHRC and the EEOC falls under this exception and should be considered without converting the motion to one for summary judgment.

    B.    The Complaint Should be Dismissed Because Plaintiff has Not Exhausted Her Administrative Remedies

The Complaint alleges that Defendants discriminated against Plaintiff on account of her age in violation of the Prince George's County Code and the ADEA.  (Complaint, ¶ 34).  In order to bring an ADEA claim in federal court, a plaintiff must first have raised it in a timely EEOC charge.  *See* 29 U.S.C. § 629(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging

unlawful discrimination has been filed with the [EEOC].").  The "charge" requirement

mandates the filing of a written statement identifying the potential defendant and

generally describing the alleged discriminatory incident.  H.R.Rep. No. 95-950, at 12

(1978), U.S.Code Cong. & Admin. News 528, 534.  The EEOC charge gives the charged

party notice of the claim and "narrow[s] the issues for prompt adjudication and decision."

*Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995) (quoting *Laffey v. Northwest*

*Airlines, Inc.*, 567 F.2d 429, 472 (D.C. Cir. 1976)).

      Compliance with the requirement for administrative exhaustion is mandatory.

*Brown v. General Services Administration*, 425 U.S. 820, 832-33 (1976).  The need for a

clear charge to be filed with the EEOC is essential, as the D.C. Circuit has emphasized:

"Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC

charge would circumvent the EEOC's investigatory and conciliatory role, as well as

deprive the charged party of notice of the charge, as surely as would an initial failure to

file a timely EEOC charge." *Marshall v. Fed. Express Corp.,* 130 F.3d 1095, 1098 (D.C.

Cir. 1997).

      In the instant case, Plaintiff's EEOC charge makes no mention of age

discrimination.  (Exhibit "A").  There is nothing in Plaintiff's EEOC charge that would

reasonably lead one to conclude that Plaintiff was the victim of age discrimination.

Plaintiff did not check the "age" box on the charge form in response to the prompt to

check all appropriate boxes representing the basis of discrimination.  Plaintiff only

checked the "race" and "sex" boxes.[1]  The Court need not rest its decision on an omitted

---

[1] In a similar charge against Defendant Honeywell Technology Systems, Inc., Plaintiff checked the "retaliation" box in addition to the "race" and "sex" boxes.  The description of the alleged discriminatory activity in this charge is the same as that in the charge against SGT.  *See* Charge of Discrimination, Exhibit "B."

check mark.  Plaintiff's description of the alleged discriminatory activity also clearly

omits any reference to or suggestion of age discrimination and focuses solely on race and

sex discrimination:

> I believe the Respondent has discriminated against me on the bases of my
> race (Black), sex (Female), in the terms, conditions, and privileges of my
> employment and retaliation because:
>
> I gained employment with a Sub-contractor as a Voice Control Supervisor.
> I have always demonstrated satisfactory performance.  On December 19,
> 2003, I interviewed with a new Sub-contractor.  The cited Sub-contractor
> informed me that my previous position was not in their contract.  On
> January 1, 2004, the cited Sub-contractor's contract becomes effective.
> Other similarly situated employees' (White, Male) positions were not
> eliminated from the contract.  I later found out that my previous position
> was being filled with another employee (White, Male).
>
> I believe the cited Sub-contractor retaliated against me when they learned
> of the previous Title VII based complaints I filed with the Prince George's
> County Human Relations Commission.
>
> I believe the Sub-contractor has treated me in this manner because of my
> race (Black), sex (Female) and retaliated against me because I filed a
> previous Title VII based complaint.

*See* Charge of Discrimination, Exhibit "A."

Thus, Plaintiff's omissions of any reference to age are more than just technical

defects in the charge.  Plaintiff's description of the alleged discrimination only mentions

discrimination based on race and sex.

Plaintiff's EEOC charge fails to give Defendants any notice of the charge of age

discrimination.  As such, Plaintiff has not satisfied the mandatory requirement of

administrative exhaustion.  Therefore, the Court should dismiss Plaintiff's ADEA claim.

III.    Conclusion

For all the foregoing reasons, SGT respectfully requests that its motion be granted
and that the Complaint be dismissed with prejudice.


Respectfully submitted,


Date: 5/16/06

Andrew P. Hallowell, Esq.
D.C. Bar No. 425038
Jennifer L. Andrews, Esq.
Piliero, Mazza & Pargament, PLLC
88 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 857-1000

Counsel for Defendant SGT

## EXHIBIT "A"

**Charge of Discrimination Against Defendant SGT, Inc.**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA | ds03-1242 |
| ☐ EEOC | 12HA400106 |

**Prince George's County, H.R.C.** _____ and EEOC
*State or local Agency, if any*

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Ms. Sandra Marshall | (202) 412-9731 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2727 Duke Street #702, Alexandria, VA 22314 | | 12/12/194? |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| SGT | Cat A (15-100) | (301) 614-8600 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 7701 Greenbelt Road, Suite 400, Greenbelt, MD 20768 | | 033 |

| NAME | | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 12/19/2003 | 12/19/2003 |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I believe the Respondent has discriminated against me on the bases of my race (Black), sex (Female), in the terms, conditions, and privileges of my employment and retaliation because:

I gained employment with a Sub-contractor as a Voice Control Supervisor. I have always demonstrated satisfactory performance. On December 19, 2003, I interviewed with a new Sub-contractor. The cited Sub-contractor informed me that my previous position was not in their contract. On January 1, 2004, the cited Sub-contractor's contract becomes effective. Other similarly situated employees' (White, Male) positions were not eliminated from the contract. I later found out that my previous position was being filled with another employee (White, Male).

I believe the cited Sub-contractor retaliated against me when they learned of the previous Title VII based complaints I filed with the Prince George's County Human Relations Commission.

I believe the Sub-contractor has treated me in this manner because of my race (Black), sex (Female) and retaliated against me because I filed a previous Title VII based complaint.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | |
| Date _____ Charging Party *(Signature)* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(Month, day and year)* |

EEOC FORM 5 (Rev. 07/99)

**RESPONDENT'S COPY**

## EXHIBIT "B"

**Charge of Discrimination Against Defendant Honeywell Technology Systems, Inc.**

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA | ds04-203 |
| ☐ EEOC | 12HA400130 |

Prince George's County, H.R.C. _____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Sandra Marshall | (202) 412-9731 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 2727 Duke Street #702, Alexandria, VA 22314 | | 12/13/1946 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Honeywell | Cat A (15-100) | (301) 805-0391 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 1 Bendix Road, Columbia, MD 21045 | | 027 |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 04/16/2002 | 12/31/2003 |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I believe the Respondent has discriminated against me on the bases of my race (Black), sex (Female), in the terms, conditions, and privileges of my employment, involuntary termination and retaliation because:

I gained employment with a Sub-contractor as a Voice Control Supervisor. I have always demonstrated satisfactory performance. On December 19, 2003, I interviewed with a new Sub-contractor. The cited Sub-contractor informed me that my previous position was not in their contract. On January 1, 2004, the cited Sub-contractor's contract becomes effective. Other similarly situated employees' (White, Male) positions were not eliminated from the contract. I later found out that my previous position was being filled with another employee (White, Male).

I believe the cited Sub-contractor retaliated against me when they learned of the previous Title VII based complaints I filed with the Prince George's County Human Relations Commission.

I believe the Sub-contractor has treated me in this manner because of my race (Black), sex (Female) and retaliated against me because I filed a previous Title VII based complaint.

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day and year) |

Date _____   _____

EEOC FORM 5 (Rev. 07/99)

FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05CV02502 |
| ) | (Judge Richard W. Roberts) |
| HONEYWELL TECHNOLOGY ) | |
| SYSTEMS, INC., ) | |
| ) | |
| L-3 COMMUNICATIONS, INC., ) | |
| ) | |
| and ) | |
| ) | |
| SGT, INC., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

Upon consideration of Defendant's Motion to Dismiss, and the opposition thereto,

it is this _____ day of _____ 2006;

ORDERED that the Motion to Dismiss be, and hereby is, GRANTED; and it is

further;

ORDERED that the Complaint be dismissed with prejudice.

SO ORDERED.


Dated: _____

                                        _____
                                        Judge Richard W. Roberts
                                        United States District Judge

Certificate of Service

I hereby certify that on this 16th day of May 2006, I caused a true correct copy of the foregoing to be served via Electronic Case Filing and regular mail, postage prepaid, upon:

Jo Ann P. Myles, Esq.
Law Office of Jo Ann P. Myles
1300 Mercantile Lane, Suite 139-S
Largo, Maryland 20774

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037

Chand N. Gupta
3981 Alcoa Drive
Fairfax, Virginia 22033

Jennifer L. Andrews, Esq.