## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL<br>6939 Georgia Avenue NW<br>Apt. 518<br>Washington, D.C. 20012,<br><br>      *Plaintiff,*<br><br>    v.<br><br>HONEYWELL TECHNOLOGY SYSTEMS, INC.<br>9250 Route 108<br>Columbia, MD 21043,<br><br>   and<br><br>L-3 COMMUNICATIONS GOVERNMENT<br>SERVICES, INC.<br>A.K.A. EER SYSTEMS, INC.<br>3750 Centerview Drive<br>Chantilly, VA 20151,<br><br>   and<br><br>SGT INC.<br>7701 Greenbelt Road<br>Suite 300<br>Greenbelt, MD 20770,<br><br>      *Defendants.* | Case No. 1:05CV02502 |

**MEMORANDUM IN SUPPORT OF DEFENDANT HONEYWELL
TECHNOLOGY SYSTEMS, INC.'S MOTION TO DISMISS COMPLAINT**

**INTRODUCTION**

This Court should dismiss Plaintiff Sandra Marshall's Complaint against Honeywell Technology Solutions, Inc. ("HTSI").[1] The Complaint alleges that Honeywell Technology Systems, Inc. discriminated against Ms. Marshall on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Prince George's County Code.  Ms. Marshall did not allege age discrimination in the charge of discrimination that she filed with the Equal Employment Opportunity Commission ("EEOC"), however.  Accordingly, she failed to exhaust her administrative remedies and has failed to state a claim upon which relief can be granted with respect to her age discrimination claim under the ADEA.  Additionally, venue in this Court is improper under Maryland Code Article 49B, § 42, which states that a civil action for employment discrimination under the Prince George's County Code "shall be commenced in the circuit court for the county in which the alleged discrimination took place."  Md. Ann. Code art. 49B, § 42(b)(1).

## PROCEDURAL HISTORY

Plaintiff filed the present action against "Honeywell Technology Systems, Inc." ("Honeywell"), L-3 Communications Government Services, Inc. ("L-3"), and SGT Inc.  As is relevant to HTSI's Motion to Dismiss, the Complaint alleges that Plaintiff was employed by Honeywell and L-3.  Complaint ¶ 4.  Between 2001 and 2003, Plaintiff worked for Honeywell and L-3.  Complaint ¶ 16.  In late 2003, a subcontractor on a project for NASA was changed.  Complaint ¶ 18.  The new subcontractor was SGT.  Complaint ¶ 19.  Honeywell was the general contractor.  Complaint ¶ 21.  All employees were informed that they would have to interview for

---

[1] Plaintiff has named Honeywell Technology Systems, Inc. as the Defendant.  There is no company related to Honeywell Technology Solutions, Inc. by the name of Honeywell Technology Systems, Inc.

their positions with SGT.  Complaint ¶ 19.  On or about December 19, 2003, Plaintiff interviewed for her position with SGT.  Complaint ¶ 20.  On December 31, 2003, SGT and L-3 informed Plaintiff that she was the only employee not hired on the new contract.  Complaint ¶ 25.  Plaintiff alleges that Defendants willfully discriminated against her "on account of age."  Complaint ¶ 34.  Plaintiff filed a charge of discrimination with the Prince George's County Human Rights Commission and the EEOC.  Complaint ¶ 10.

## ARGUMENT

### A.   STANDARD OF REVIEW

In assessing a motion to dismiss, a court must accept the factual allegations of the complaint as true and draw all measurable inferences in favor of the plaintiff.  *See Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997).  However, the court is not required to accept factual inferences if they are not supported by the facts alleged in the complaint.  *See National Treasury Employees Union v. United States*, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must the court accept the plaintiff's legal conclusions.  *Id*.

"[h]re a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the [motion to dismiss] papers may be considered without converting the motion to one for summary judgment."  *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, No. 01-5032, 2002 U.S. App. LEXIS 11490 (D.C. Cir. April 17, 2002).  *See also* 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34(2), (3d ed. 2006) (courts may consider undisputed documents alleged or referenced in complaint in deciding motion to dismiss for failure to state a claim).

**B.     PLAINTIFF FAILED TO EXHAUST HER ADMINISTRATIVE REMEDIES**

The ADEA requires that a person complaining of a violation file an administrative charge with the EEOC. 29 U.S.C. 626(d). Specifically, the ADEA provides:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed—
>
> (1) within 180 days after the alleged unlawful practice occurred; or
>
> (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
>
> Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(d). Thus, Plaintiff may not assert a claim under the ADEA over alleged discriminatory conduct for which Plaintiff failed to file an administrative charge. *Murphy v. Price Waterhouse Coopers, LLP*, 357 F. Supp. 2d 230, 238-239 (D.D.C. 2004).

In this case, Plaintiff did not file a charge of discrimination alleging that Honeywell discriminated against her on the basis of her age. Instead, the charge of discrimination alleges that Honeywell discriminated against her on the basis of race and sex and unlawfully retaliated against her. A copy of the charge of discrimination is attached hereto as Exhibit A.[2] Thus,

---

[2] The attachment of the charge of discrimination as an exhibit to the Memorandum does not transform HTSI's motion to dismiss into a motion for summary judgment. As noted above, when a document referenced in a complaint is central to the plaintiff's case, a party filing a motion to dismiss for failure to state a claim may attach a copy of that document in support of its motion. *Vanover*, 77 F. Supp. 2d 98. In this case, the charge of discrimination is referenced in the Complaint. Complaint ¶ 10. Additionally, the charge of discrimination is critical to Plaintiff's ADEA claim because it limits her ability to file a Complaint alleging age discrimination under the ADEA.

because Plaintiff has failed to file a charge of discrimination alleging age discrimination, her ADEA claim must be dismissed.

### C. PLAINTIFF'S REMAINING AGE DISCRIMINATION CLAIM UNDER THE PRINCE GEORGE'S COUNTY CODE SHOULD BE DISMISSED OR THE CLAIM SHOULD BE TRANSFERRED.

Maryland Code Article 49B, § 42 states that a civil action for employment discrimination under the Prince George's County Code "shall be commenced in the circuit court for the county in which the alleged discrimination took place." Md. Ann. Code art. 49B, § 42(b)(1). This provision has been interpreted as requiring that a civil action under this section be brought in the county where the discrimination occurred. *Pope-Payton v. Realty Mgmt. Servs., Inc.,* 815 A.2d 919 (Md. Ct. Spec. App. 2003).

In this case, the Complaint makes clear that the alleged discrimination took place in Maryland. The Complaint acknowledges that, at the time of the alleged discrimination, Plaintiff worked at the "Greenbelt, Maryland NASA site," Complaint ¶ 11, that SGT required her and all other former L-3 employees on her particular project to interview for their positions when SGT became the new subcontractor, Complaint ¶¶19, that she did interview for the position, Complaint ¶ 20, and that she was not hired by SGT, Complaint ¶ 22. In fact, the only connection to the District of Columbia alleged in the Complaint is the fact that Plaintiff resides in the District of Columbia and the Defendants conduct business in the District of Columbia. Complaint ¶¶ 4-7.

Because venue is not proper in this Court under Maryland Code Article 49B, § 42, Plaintiff's claim under the Prince George's County Code for age discrimination, should be dismissed for improper venue or, alternatively, transferred to a circuit court in Prince George's County.

## CONCLUSION

For the reasons discussed above, this Court should dismiss Plaintiff's ADEA claim against HTSI for failure to state a claim upon which relief can be granted. Additionally, this Court should dismiss or, alternatively, transfer Plaintiff's age discrimination claim under the Prince George's Court Code.

Respectfully submitted:

_____/s/_____
Rafael Morell, DC Bar # 463788
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2400 N Street, N.W., Fifth Floor
Washington, DC  20037
Tel:   (202) 887-0855
Fax:   (202) 887-0866

*Attorney for Honeywell Technology Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of May, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jo Ann P. Myles, Esq.
Law Office of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, MD 20774

_____/s/_____
Rafael E. Morell