IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL<br><br>    Plaintiff,<br><br>    v.<br><br>HONEYWELL TECHNOLOGY SYSTEMS, INC.,<br><br>L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.<br><br>    and<br><br>SGT, INC.,<br><br>    Defendants. | Case No. 1:05CV02502<br><br>Judge Richard W. Roberts |

**DEFENDANT L-3 COMMUNICATION GOVERNMENT SERVICES, INC.'S MEMORANDUM OF LAW**

The Defendant L-3 Communications Government Services, Inc. ("GSI"), through undersigned counsel, submits this Memorandum of Law in support of its motion to dismiss the Complaint against it for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**BACKGROUND**

On or about December 30, 2005, Plaintiff Sandra Marshall filed a complaint with this Court against Defendant GSI and Co-Defendants Honeywell Technology Systems, Inc. and SGT, Inc. The Complaint alleges that each of the defendants engaged in age discrimination against the Plaintiff in violation of the Age Discrimination Employment

Act ("ADEA"), 29 U.S.C. § 623(a)(1) and Section 2-222 the Prince George's County Code. Complaint at ¶ 34.

According to the Complaint, Plaintiff worked for GSI from 2001 to 2003 while the Company served as a subcontractor to Co-Defendant Honeywell.[1] Complaint at ¶ 16. The Plaintiff worked at a facility located in Greenbelt, Maryland. Id. at ¶ 11. In the fall of 2003, Defendant GSI lost its subcontract and was replaced as the subcontractor by Co-Defendant SGT. Id. at ¶¶ 18-19. The Plaintiff was actually terminated from her job on December 31, 2003. Id. at ¶ 25.

At the time GSI lost the contract it informed the Plaintiff that she would have to interview with SGT to keep her position as a voice controller. Complaint at ¶¶ 19-20. The Plaintiff alleges that SGT informed her that her position was not required under the new contract and that she would not be hired. Id. at ¶ 22. The Plaintiff also alleges that the Defendants Honeywell and SGT hired a "white male" who was "8-14 years younger than the Plaintiff" to replace her in the position that she had held while employed by GSI under the previous contract. Id. at ¶¶ 26-27.

The Plaintiff claims that she filed a written charge of age discrimination against GSI with the Prince George's County Human Relations Commission ("PGHRC") and the Equal Employment Opportunity Commission ("EEOC"). Complaint at ¶ 9. The Plaintiff also alleges that she brought this suit more than 60-days after she filed her charge with the PGHRC and the EEOC and less than two years after GSI allegedly violated her rights

---

[1] GSI reiterates the allegations of the complaint herein solely for the purposes of this motion to dismiss, but such reiteration shall not be considered any admission or denial of the allegations of the Complaint.

under the Age Discrimination in Employment Act.  Id. at ¶ 10.  The Plaintiff failed to attach to her Complaint her alleged charge of age discrimination against GSI.

The Plaintiff, in fact, cannot attach a charge of age discrimination against GSI to her Complaint because it appears that she never filed such a charge.  On February 2, 2004, the Plaintiff did file a charge with the PGHRC against GSI, but in this charge she did not mention age discrimination.  The only type of discrimination that the Plaintiff alleged was "race" and "sex" discrimination and "retaliation."  See Exhibit A.  In the body of this charge, the Plaintiff made no mention of the age of herself, her coworkers, or the person who allegedly replaced her.  Id.  Rather, the Plaintiff focused exclusively on the race and gender of the persons involved as well as her claim that GSI retaliated against her for previous claims she had filed.  Id.

## ARGUMENT

**A. Legal Standard.**

Because GSI has filed its motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") this Court is permitted to consider documents outside the pleadings to examine whether it has jurisdiction to hear the case without converting the motion into one for summary judgment.  *Mills v. Billington*, No. 04-02205 (HHK) 2006 U.S. Dist. LEXIS 29623 (D.D.C. May 16, 2006) (dismissing Title VII claim).  A motion filed under Rule 12(b)(1) allows this Court to engage in closer scrutiny of the Plaintiff's allegations.  *Carter v. Washington Post, Inc.*, No. 05-1712 (RMC) 2006 U.S. Dist. LEXIS 29424 (D.D.C. May 15, 2006).  The Plaintiff bears the burden of proving that this Court actually has jurisdiction to hear her discrimination claim.  Id. (Title VII) (citing *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C.

3

2002)). With this Rule 12(b)(1) motion to dismiss the Plaintiff's factual allegations in the Complaint are not taken as true, rather, the court ". . .may make its own determination as to whether it has the power to hear the action." *Riguad v. Garofalo*, No. 04-1866, 2005 U.S. Dist. LEXIS 8735 (E.D. Pa. May 9, 2005) (citing *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000)).

**B.    This Court Lacks Jurisdiction to Hear the Plaintiff's Age Discrimination Claims Because She Did Not Exhaust Her Administrative Remedies.**

**1.    This Court Lacks Subject Matter Jurisdiction to Hear the Plaintiff's ADEA Claim against GSI.**

The Plaintiff brings suit against GSI, in part, for alleged violations of the ADEA. Complaint at ¶ 34. The ADEA requires that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). Therefore, the Plaintiff is required to exhaust her administrative remedies against GSI before she can bring suit in this Court on her ADEA claim. *Carter*, 2006 U.S. Dist. LEXIS at *10-11 (Title VII; "without doubt, an employee must file a charge with the EEOC or a State human rights agency prior to, and as a mandatory prerequisite to, any lawsuit.") (citing *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1997)); *Riguad*, 2005 U.S. Dist. LEXIS at *6 (ADEA); *Bernard v. ATC Vancom*, No. 3:04-CV-1820-D, 2005 U.S.. Dist. LEXIS 881 at *5 (N.D. Tx. January 20, 2005)(same); *Golnik v. Amato*, 299 F. Supp. 2d 8, 14 (D. Conn. 2003) (where plaintiff fails to exhaust administrative remedies by filing a state or EEOC complaint the court lacks subject matter jurisdiction to hear the claim).

As noted above, the Plaintiff never filed a charge with either the EEOC or the PGHRC against GSI that alleged in any fashion that she had been subjected to age discrimination.[2] Exhibit A. On her PGHRC charge the Plaintiff only checks the boxes for race and gender discrimination and for retaliation. Id. Furthermore, in the body of this charge the Plaintiff makes no mention of age, rather she focuses exclusively on the gender and race of the individuals involved and on her claim of retaliation. Id.

Because the Plaintiff's charge makes no mention of age discrimination it does not satisfy the jurisdictional requirement that the Plaintiff exhaust her administrative remedies before she can proceed with her claim of age-based discrimination. See *Carter*, 2006 U.S. Dist. LEXIS at \*11-12. In *Carter*, the court granted a Rule 12(b)(1) motion and dismissed claims of race and color discrimination and retaliation noting that the plaintiff's EEOC charge only checked the box marked disability discrimination and, in the body of the charge, it made no mention of race, color, or retaliation. Id. Therefore, the *Carter* court held "[w]ithout some indication in his EEOC charge that he alleged discrimination on the basis of race or color or hostile work environment or retaliation in violation of Title VII, he cannot proceed here on such claims." Id.

By failing to provide even a hint of a claim of age based discrimination in her PGHRC charge the Plaintiff failed to exhaust her administrative remedies in regards to that claim and she may not proceed with her ADEA claim before this Court.

---

[2] The Plaintiff filed a charge against GSI on April 12, 2001 alleging race and gender discrimination and retaliation. The Plaintiff filed a separate charge on July 12, 2002 alleging that GSI had retaliated against her for earlier complaints of race and gender discrimination. In short, the Plaintiff, despite multiple opportunities to do so, has never filed any charge of age discrimination against GSI.

5

      **2.      The Plaintiff Failed to Exhaust Her Administrative Remedies for Her Claim Under Maryland Law.**

The Plaintiff also failed to exhaust her administrative remedies available to her under Maryland law and, as a consequence, her actions deprive this Court of subject matter jurisdiction over her state law claim of age discrimination. Under Maryland law, a person is authorized to bring an action in court if she is subject to discrimination in violation of the Prince George's County Code.  Md. Ann. Code art. 49B §42(a). However, the Maryland code also prohibits a person from filing an employment based discrimination claim in court "sooner than 45 days *after* the person files a complaint with the county agency responsible for handling violations of the county discrimination laws." Id. at § 42(b)(2) (emphasis supplied).  As the Plaintiff's charge of discrimination filed with the PGHRC demonstrates, she has not filed a claim of age based discrimination with that agency.  Exhibit A.  Therefore, the Plaintiff did wait the required 45 days after filing a charge of age based discrimination to bring this lawsuit.  Because the Plaintiff brought suit under Maryland law before exhausting her administrative remedies under that law, this Court does not have subject matter jurisdiction to consider her state law claim against GSI for age discrimination.

## **CONCLUSION**

Because the Plaintiff has failed to exhaust her administrative remedies, the Defendant GSI respectfully requests that the Complaint be dismissed in its entirety against it and requests any further relief that this Court may deem appropriate.

Respectfully submitted,

/s/ Megan S. Ben'Ary
John M. Barr
Megan S. Ben'Ary (D.C. Bar No. 493415)
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, Virginia 22314
Phone: 703-684-8007
Fax: 703-684-8075

Filed Electronically this 23rd day of May, 2006.