IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HONEYWELL TECHNOLOGY ) | Case No. 1:05CV02502 |
| SYSTEMS INC., ET.AL. ) | |
| ) | Judge Richard W. Roberts |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS HONEYWELL, L-3 COMMUNICATIONS AND SGT, INC.'S MOTIONS TO DISSMISS FOR UNTIMELINESS, FOR VIOLATIONS OF THE RULES AND FOR LACK OF MERIT.**

Plaintiff, Sandra Marshall by and through her undersigned counsel, hereby moves this Honorable Court to dismiss Defendants, Honeywell Technology Systems, Inc. ("Honeywell"), L-3 Communications, Inc. ("L-3") and SGT, Inc.'s ("SGT") motions to dismiss because they are (1) untimely and in violation of both the federal rules of Civil Procedure and the District of Columbia Local Rules, (2) this Court has jurisdiction to hear Marshall's age claim and (3) Marshall amended her discrimination charges to include age on or about January 6, 2006.[1] In support of her motion to strike, Plaintiff

---

[1] The defendants Honeywell, L-3 and SGT filed their untimely motions to dismiss on the sole basis' that: (1) this court lacks jurisdiction, (2) that Marshall allegedly did not include the charge of Age Discrimination in her Prince George's County Human Relations/EEOC Charge and (3) therefore she did not exhaust her administrative remedies before filing her Age Discrimination Complaint. Plaintiff Marshall's

submits the accompanying memorandum of points and authorities, which sets forth each legal reason along with evidence as to why defendants' motions to dismiss should be denied in their entirety. For the reasons set forth in the accompanying memorandum, Plaintiff respectfully requests that her motion to strike be granted in all respects, and that the Defendants' motions to dismiss de denied and without restriction.

I.   **FACTUAL BACKGROUND**

Plaintiff Sandra Marshall is an African American female who in December of 2003 was 54 years old and working as a sub-contractor for the parent contractor Honeywell and L-3.  During 2003 Marshall was in the position as Voice Control Supervisor. In December 2003 all contractors working on the contract with Marshall were informed that a new subcontractor hired by Honeywell would be taking over the subcontract she was working on at the National Aeronautics and Space Administration (NASA) in Greenbelt, Maryland.  Marshall worked as a contractor for NASA for over 25 years in Greenbelt, Maryland.  After Marshall the only African American and only African American female was promoted in the position of Voice Control supervisor in 2000 she began to experience discrimination of the worse kind.

Specifically, Marshall  was so stressed and humiliated by her treatment by her Caucasian managers that she complained to NASA, Honeywell and L-3 about being discriminated against because of her race, sex and age. However, nothing was done aby NASA, Honeywell or L-3 in response to resolving her complaints other then terminating

---

discrimination charges are still under investigation and ongoing and on January 6, 2006 she amended her charges of discrimination against all three defendants to include age discrimination  because the PGCHRC/EEOC had failed and/or refused to include age in her charge. Aff Marshall. Moreover, the Commission has not issued a "Right To Sue Letter" in Marshall's pending investigation against all three defendants. See Ex. 1, 2 and 3 with the accompanying Memorandum of Points and Authorities.

2

her in 2003. Marshall had been so degrade and humiliated during 2001-2004 that she filed five discrimination charges with the Prince George's Human Relations Commission (PGCHRC) and Equal Employment Opportunity Commission (EEOC) during that same period. In December 2003 all employees on Marshall's contract was interviewed and hired in their same positions by the new contractor SGT except Marshall. Marshall was informed by SGT that it was informed by Honeywell to not hire Marshall and it did not. Instead SGT hired a white male younger than Marshall and placed him in her position. The white male who replaced Marshall also worked for Honeywell and had no experience and/or little experience in the position that Marshall had worked in for at least three years. The white male was paid more than Marshall was paid for performing the same work.

In December 2003 Marshall inquired repeatedly of Honeywell, L-3 and SGT as to when she would know about her position with the new subcontractor but was never informed. Plaintiff Marshall filed three separate PGCHRC Charges against the three defendants, namely December 29, 2003 against SGT, February 28, 2004 against Honeywell and February 2, 2004 against L-3. When Marshall filled out her initial Discrimination Charge Questionnaire she included age as part of her discrimination claims, however she was told by the PGCHRC intake officer she could not file an age claim. Aff. Marshall Marshall had insisted that age be included. Aff. Marshall Marshall only allowed to include race, sex and retaliation as discrimination claims against the three defendants. Since December 29, 2003, the Prince George's County Human Relations Commission who has a worksharing agreement with the Equal Employment Commission (EEOC) and it has been investigating Marshall's discrimination charges since 2003. Aff.

Marshall. Maryland is a deferral state and as such a complainant has 300 days from the discriminatory act to file a charge with the EEOC. Pub. L. 92-261, 88 Stat. 104. The PGHRC/EEOC has been investigating Marshall's charges for more than two years and no "Right To Sue Letter" has been issued. Aff. Marshall. In December 2005 Marshall was contacted directly by the PGCHC/EEOC, namely Kathleen P. Thornton by email concerning her discrimination claims and possible resolution of those claims. See Ex. 2 Once again Marshall responded to the PGCHC/EEOC that her claims included racial, gender and age bias. See Ex. 2.

On December 30, 2005, Plaintiff Marshall filed her age discrimination complaint in this court. On January 6, 2006, she formally Amended her PGCHRC/EEOC Charge to include age discrimination. See Ex. 1 Thus, Plaintiff's amendment relates back to the filing of her original charges against the defendants.

Plaintiff allowed from December 30, 2005 until April 25, 2006, to allow the PGCHRC/EEOC to investigate her age claims. On or about April 25, 2006, Plaintiff Marshall timely served all three defendants with her complaint and summons. The three defendants had until May 15, 2006, in which to file a response. See Docket Entries 2, 3 and 4.

The record is clear that <u>none</u> of the three defendants filed a timely answer, response or motion to dismiss as to Marshall's Complaint. See Fed. R. Civ. Proc. 12(a)(1)(A)  None of the defendants contacted Plaintiff's counsel and/or have been granted leave of court to file their Motion To Dismiss out of time. Although, L-3 Communications filed a Motion For an Extension of time in which to file its response (e.g. Motion To Dismiss), it violated this court's Local Rule that requires it to first

communicate with opposing counsel and ask for counsel's consent or whether she has any opposition to the filing of the motion for an extension and nor did it offer any good faith reason for the delay. See LCVR 7M  In fact all three defendants have shown that they do not believe the Local Rules of this court apply to them, only Plaintiff Marshall and her counsel. The defendants have shown a lack of respect and total disregard to this court's rules and should not be rewarded but should be sanctioned. The untimely submission of the motions to dismiss should be deemed a waiver on its face and because Marshall's PGCHRC/EEOC Charge was Amended on January 6, 2006, there is still an ongoing investigation and there has been no right to sue letter issued the three defendant's argument that this court has no jurisdiction, that she failed to exhaust her administrative remedies and that she allegedly did not add age to her complaint must be denied in their entirety. See Ex. 1 (Amended Charge) and Exs. 2 and 3.

## II.     ARGUMENT

All three defendants were timely served and were required to serve, an answer, response or motion to dismiss by May 15, 2006. See Docket Entries 2, 3 and 4 and Fe. R. Civ. Proc. 12(a)(1)(A). The defendants SGT filed its motion to dismiss on or about May 16, 2006, Honeywell filed its motion to dismiss on May 17, 2006 and L-3 filed its motion to dismiss on May 23, 2006, without leave of court or complying with LCVR 7M. Local

All three defendants have brought the identical motion and for the identical reasons that allegedly: (1) this court lacks jurisdiction over Marshall's complaint, (2) that Marshall allegedly did not include age discrimination to her charges against them and ( 3) that Marshall allegedly failed to exhaust her administrative remedies because she did not include an age discrimination claim. See Exs. 1, 2, and 3

5

Plaintiff Marshall contends that by the defendants attaching documents to their motions they have asked that this court treat their motions to dismiss as one for summary judgment. Fed. R. Civ. Proc.12( c ) The defendants' motion for summary judgment must be judge according to a strict standard, which favors denial of the motion. Rule 56 requires defendants to demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 250 (1986); <u>Campbell v. Hewitt, Coleman & Associates, Inc</u>., 21 F.3d 52, 55 (4th Cir. 1994) and <u>Haavistola v. Community Fire Co. of Rising Sun, Inc</u>., 6 F.3d 52, 55 (4th Cir. 1994) and <u>Haavistola v. Community Fire Co. of Rising Sun, Inc.,</u> 6 F.3d 21, 214 (4th Cir. 1993). A court is obligated to search the record and independently determine whether or not a genuine issue of fact exists, and furthermore,

> A court should not grant summary judgment unless the entire record shows
> A right to judgment with such clarity as to leave no room for controversy
> And establish affirmatively that the adverse party cannot prevail under any
> Circumstances. "<u>Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Sur. Co.</u>,
> 381 F.2d 245, 249 (4th Cir. 1967). *Id* at 55.

Indeed, "courts must take special care when considering a motion for summary judgment in a discrimination case because motive is often the critical issue". <u>Evans v. Technologies Applicants & Service Co</u>., 80 F.3d 954, 958 (4th Cir. 1996).

The standard for a Rule 56 summary judgment is the same as for a Rule 50 judgment. This court must review <u>all</u> of the evidence in the record for Williams' case. <u>Desert Palace</u> citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (   ), and drawing all reasonable inferences in favor of the nonmoving party, but making no credibility determinations or weighing any evidence, e.g. <u>Lytle v. Household Mfg., Inc</u>., 494 U.S. 545, 554-555. (   ). The latter functions, along with the drawing of

6

legitimate inferences from the facts, are for the jury, not for the court. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255.

If this court considers any of the documents attached to the motions to dismiss and Plaintiff's motion to strike in opposition to the defendants' motion to dismiss than the motions should be denied in their entirety because: (1) this court has jurisdiction to hear Marshall's claims, (2) Marshall had originally sought to add age as part of her charge and later amended her charge to add age discrimination and (3) because she amended her charge to include age while her case is still pending before the PGCHRC/EEOC she has exhausted all of her administrative remedies and her age discrimination complaint and claim is timely.

### A. D.C. Does Not Lack Jurisdiction To Hear Marshall's Age Discrimination Claims

As an initial matter, we must determine whether this case is time-barred. The United States Supreme Court and this Court has noted that the exhaustion of remedies is not jurisdictional, but more akin to a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) and Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) ("The administrative time limits created by the EEOC erect no jurisdictional bars to bringing suit").  Moreover, Marshall's case is still ongoing at the PGCHRC/EEOC and she amended her charges to add age discrimination. The amendment relates back to the original filing of the three charges, thus her age claim is not time barred but timely. See Ex. 1-Amended Charge-on this basis alone all three defendants' motions to dismiss should be denied.

### B. Marshall Has Exhausted Her Administrative Remedies.

Marshall Amended her PGCHRC/EEOC Charges on or About January 6, 2006, thus the amendment relates back to the original charges filed in 2003 and 2004 which makes her age claim timely. Marshall is able to amend her PGCHRC/EEOC charge while there is still a pending investigation and no expiration of a Right To Sue has expired. In fact the EEOC has not issued Marshall any "Right To Sue Letter" at all in her case, thus she has met her burden of exhausting her administrative remedies-on this basis alone al three defendants' motions to dismiss should be denied.

Wherefore for all the above reasons Plaintiff Sandra Marshall moves this court to strike all three defendants' motions to dismiss her complaint for age discrimination.

Respectfully Submitted,

_____/s/_____
Jo Ann P. Myles
Law Offices of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland  20774
Bar No. 04412
301-773-9652 (office)
301-925-4070 (fax)

Counsel for Plaintiff

**CERTIFICAT OF SERVICE**

I hereby certify that on this 30th day of May 2006, a copy of the foregoing

Plaintiff's Motion To Strike Defendants Honeywell, L-3 Communications and SGT's

Motions To Dismiss was served upon the defendants by electronic filing .

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N. Street, N.W. Fifth Floor
Washington, D.C. 20037

Chand N. Gupta, Esquire
3981 Alcoa Drive
Fairfax, Virginia 22033

Andrew P. Hallowell, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street N.W. Suite 1100
Washington, D.C. 20006

　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　Jo Ann P. Myles