IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HONEYWELL TECHNOLOGY ) <br> SYSTEMS, INC., ) <br> ) <br> L-3 COMMUNICATIONS, INC., ) <br> ) <br> and ) <br> ) <br> SGT, INC., ) <br> ) <br> Defendants. ) | Case No. 1:05CV02502 <br> (Judge Richard W. Roberts) |

**DEFENDANT SGT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendant SGT, Inc. ("SGT") hereby files, in accordance with LCvR 7(b), this memorandum of points and authorities in opposition to Plaintiff's Motion to Strike Defendants Honeywell, L-3 Communications and SGT, Inc.'s Motions to Dismiss for Untimeliness, for Violations of the Rules and for Lack of Merit ("Motion to Strike").

Plaintiff's motion alleges that: (i) Defendant SGT's Motion to Dismiss dated May 16, 2006 was untimely filed; (ii) SGT's Motion to Dismiss should be converted to a motion for summary judgment because it included as an exhibit a copy of Plaintiff's charge of discrimination filed with the Prince George's County Human Relations Commission ("PGCHRC") and the Equal Opportunity Commission ("EEOC"); and (iii) Plaintiff, in fact,

exhausted her administrative remedies before commencing the instant age discrimination action. Plaintiff's allegations are unsupported and her Motion to Strike should be denied.

## I. PROCEDURAL HISTORY

According to the Complaint, on December 31, 2003, Plaintiff filed a charge of discrimination with the PGCHRC and EEOC alleging that SGT discriminated against her on the basis of her race and sex in violation of Title VII of the Civil Rights Act of 1964. The Complaint states that on December 31, 2003, SGT informed her that she was not being hired for the position she previously held with the predecessor contractor, L-3 Communications Government Services, Inc. ("L-3 Communications"). *See* Complaint ¶ 25. Plaintiff admits that she has not received a "right to sue" letter from the PGCHRC or the EEOC as a result her initial charge of discrimination. *See* Plaintiff's Motion at n.1. Nonetheless, on December 30, 2005, Plaintiff filed the instant action alleging violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Prince George's County Code. Subsequently, on January 6, 2006, Plaintiff claims that she filed an amendment to her charge of discrimination with PGCHRC and EEOC to include discrimination on the basis of her age. *See* Plaintiff's Motion at n.1.

SGT was served with the Complaint on April 26, 2006. SGT timely filed its Motion to Dismiss on May 16, 2006. Plaintiff did not file a memorandum in opposition to SGT's Motion to Dismiss, but rather, filed a Motion to Strike on May 30, 2006.

## II. ARGUMENT

A. **SGT Timely Filed its Motion to Dismiss.**

In accordance with Fed. R. Civ. P. 12, SGT timely filed its Motion to Dismiss within twenty (20) days after being served with the Complaint. SGT was served with Plaintiff's Complaint on April 26, 2006. *See* Notice of Service of Process, attached hereto as Exhibit "A."

Accordingly, SGT's Motion to Dismiss was timely filed within twenty (20) days after service of the Complaint. Plaintiff offers no support for her allegation that SGT was served with the Complaint on or about April 25, 2006 or that SGT's May 16, 2006 Motion to Dismiss was untimely filed. *See* Plaintiff's Memorandum at 4. Plaintiff's Motion to Strike SGT's Motion to Dismiss on this basis should be denied.

**B.      SGT's Motion to Dismiss Should Not Be Converted to a Motion for Summary Judgment.**

SGT's Motion to Dismiss should be treated as such, and not as a motion for summary judgment. SGT acknowledges if, on a motion to dismiss under Rule 12(b)(6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56…" Fed. R. Civ. P. 12(b). However, "where a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). The attachment of Plaintiff's charge of discrimination filed with the PGCHRC and the EEOC to SGT's Motion to Dismiss clearly falls under this exception, and SGT's Motion to Dismiss should not be converted to a motion for summary judgment. Plaintiff's Motion to Strike SGT's Motion to Dismiss on this basis should also be denied.

**C.      Plaintiff's ADEA Claim is Time Barred.**

On January 6, 2006, <u>after</u> the commencement of the instant lawsuit, Plaintiff amended her initial PGCHRC and EEOC charge dated December 31, 2003 to include age as basis for discrimination. Plaintiff asserts that her January 6, 2006 amendment "relates back" to her initial charge dated December 31, 2003.

3

Under the ADEA, no civil suit may be commenced by an individual until sixty (60) days after a charge alleging unlawful discrimination has been filed with the EEOC. Such charge with the EEOC must be filed within 300 days[1] after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under state law, whichever is earlier. 29 U.S.C. §626(d). Exhaustion of administrative remedies is mandatory. *Brown v. General Services Administration*, 425 U.S. 820, 832-33 (1976). Plaintiff's age discrimination amendment dated January 6, 2006 was filed more than 300 days after the alleged discriminatory action of December 31, 2003, and is therefore, time-barred.[2]

Contrary to Plaintiff's assertion, her age discrimination amendment does not relate back to her initial charge dated December 31, 2003. Under EEOC regulations for both Title VII and ADEA, an amendment relates back to the original charge if it "clarif[ies] or amplif[ies] allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." See 29 C.F.R. §§1601.12 and 1626.8. Plaintiff's amendment adds a claim under the ADEA to her initial Title VII claim. This Court has addressed this very scenario in *Wilson v. Communications Workers of America*, 767 F. Supp. 304 (D.D.C. 1991). In *Wilson*, the court held that an age discrimination amendment adds "a new substantive theory which is fundamentally distinct" from the original charge. *Wilson*, 767 F. Supp. at 306. Therefore, the court held that amendment "d[oes] not

---

[1] Where state law prohibits discrimination in employment because of age, the ADEA requires a charge to be filed within 300 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(2). The Maryland Fair Employment Practices Act prohibits discrimination in employment because of age. Md. Code, Art. 49B, §14.

[2] Plaintiff alleges that she attempted to include age as a basis for discrimination when she initially filed her charge in December 2003, but that a PGCHRC intake officer prevented her from doing so. *See* Plaintiff's Memorandum at 3. Plaintiff offers no support for this allegation. Furthermore, Plaintiff offers no explanation as to why she then waited over two years to file an amendment to her charge to include age as a basis for discrimination.

4

relate to, or grow out of [Plaintiff's] original EEOC charge, and her ADEA claim is barred." *Wilson*, 767 F.Supp. at 306.

Based on *Wilson*, Plaintiff's January 6, 2006 amendment adding an entirely new claim does not relate back to her December 31, 2003 charge. Because Plaintiff filed it beyond the 300-day time limit, the amendment is time-barred. Accordingly, Plaintiff has failed to exhaust her administrative remedies; Plaintiff's Motion to Strike should be denied; and SGT's Motion to Dismiss should be granted.

Even if the court were to find that Plaintiff's January 6, 2006 amendment relates back to her initial December 31, 2003 charge, Plaintiff filed the amendment <u>after</u> she filed the instant action on December 30, 2005. Thus, no age discrimination charge existed when Plaintiff filed this civil suit alleging violations of the ADEA. The plain language of the ADEA prohibits the filing of a civil suit if no EEOC charge has been filed. See 29 U.S.C. § 626(d) (stating that "no civil action may be commenced by an individual under this section until 60 days after a charge alleging discrimination has been filed with the Equal Employment Opportunity Commission."). Therefore, Plaintiff has failed to exhaust her administrative remedies, and her Motion to Strike should be denied, for this additional reason.

### III. CONCLUSION

For all the foregoing reasons, SGT respectfully requests that Plaintiff's Motion to Strike be denied, and SGT's Motion to Dismiss be granted.

Respectfully submitted,

Date:  June 9, 2006

_____/s/_____
Andrew P. Hallowell, Esq.
D.C. Bar No. 425038
Jennifer L. Andrews, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 857-1000

Counsel for Defendant SGT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM.ECF system which will send notification of such filing to the following:

Jo Ann P. Myles, Esq.
Law Office of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, MD 20774

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N Street, N.W., Fifth Floor
Washington, D.C. 20037

Chand N. Gupta
3981 Alcoa Drive
Fairfax, Virginia 22033

_____/s/_____
Andrew P. Hallowell, Esq.