IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HONEYWELL TECHNOLOGY SYSTEMS, INC.,<br><br>L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.<br><br>　　and<br><br>SGT, INC.,<br><br>　　　　Defendants. | Case No. 1:05CV02502<br><br>Judge Richard W. Roberts |

**DEFENDANT L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE**

On or about May 23, 2006, the Defendant L-3 Communications Government Services, Inc. ("L-3 Communications") filed a motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the Plaintiff's age discrimination lawsuit against it. L-3 Communications' motion is premised on the fact that the Plaintiff did not exhaust her administrative remedies because she failed to file an administrative charge alleging that the Defendant subjected her to age discrimination.[1] The Plaintiff has now filed a Motion to Strike L-3 Communications' Motion to Dismiss alleging that the motion was untimely and without merit. As discussed more fully below, the Plaintiff's motion ignores both the relevant facts and the law.

---

[1] The other two defendants have filed similar motions to dismiss.

1

Therefore, L-3 Communications respectfully requests the Plaintiff's Motion be denied and that this lawsuit be dismissed.

## ARGUMENT

**I)** **L-3 Communications' Motion is Not a Motion for Summary Judgment.**

As an initial matter, the Plaintiff incorrectly asserts that L-3 Communications' Motion to Dismiss should be treated as a Motion for Summary Judgment. Plaintiff's Memorandum in Support of Motion to Strike ("Plaintiff's Memorandum") at 6-7. A motion made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, while it does permit the Court to consider matters outside of the pleadings, is not a motion for summary judgment and does not require that any special deference to be paid to the Plaintiff's position. See e.g. *Mills v. Billington*, No. 04-02205 (HHK), 2006 U.S. Dist. LEXIS 29623 (D.D.C. May 16, 2006) (dismissing Title VII claim). In fact, it is the Plaintiff who bears the burden of proving that this Court has subject matter jurisdiction, a burden that she has failed to meet. *Carter v. Washington Post, Inc.*, No. 05-1712 (RMC), 2006 U.S. Dist. LEXIS 29424 (D.D.C. May 15, 2006).

**II)** **L-3 Communications' Motion to Dismiss Was Timely Filed and Comported with Both the Federal Rules of Civil Procedure and the Local Rules.**

Plaintiff's counsel alleges that L-3 Communications filed its Motion to Dismiss after its initial pleadings were due and that, therefore, that motion should be dismissed for failing to comply with the Federal Rules of Civil Procedure and this Court's Local Rules. See Plaintiff's Memorandum at 4-5. Plaintiff's counsel concedes that L-3 Communications filed a Motion for Extension of Time prior to the date that the answer was due, but claims that the Company violated the Local Rules by not contacting her before filing that motion. Id.

Plaintiff's counsel is wrong. Counsel for L-3 Communications made several attempts to contact Plaintiff's counsel before filing the motion for extension of time. Plaintiff's counsel

2

never returned any of these phone calls, nor did she file any opposition to L-3 Communication's Motion for Extension of Time. L-3 Communications has thus been in full compliance with the applicable rules and Plaintiff's Motion to Strike on this basis should be denied.

**III)    The Plaintiff's "Charge Information Formation Form" Does Not Cure Her Failure to Exhaust Her Administrative Remedies.**

In an attempt to evade her failure to file a timely charge of age discrimination, the Plaintiff has provided to this Court an alleged "Charge Information Formation Form" that she claims was filed on or about January 6, 2006. In presenting this alleged form, the Plaintiff tacitly concedes that she did not include age discrimination in the charge that she filed against L-3 Communications on February 2, 2004.[2] See Exhibit 1 to Plaintiff's Memorandum. Even assuming that the Plaintiff's allegation did file this form in January is true, she still is barred from bringing suit due to her failure to exhaust her administrative remedies. Under the law, the Plaintiff had 300 days in which to file her charge regarding age discrimination from the last date that the alleged discrimination took place. 29 U.S.C. §626(d)(2). Thus, the time for the Plaintiff to file a charge of age based discrimination against L-3 Communications based upon her December 31, 2003 termination was exhausted by on or about October 27, 2004. This date was

---

[2] There is good reason to question whether the alleged "Charge Information Formation Form" is an official form in use with the Prince George's Human Rights Commission ("PGHRC") or any other administrative agency. First, the form bears no resemblance to any other charge form filled out by the Plaintiff. Second, the typical charge forms state above the signature line "I declare under penalty of perjury that the foregoing is true and correct." See e.g. Exhibit A to L-3 Communications' Motion to Dismiss. Yet, the alleged form filled out by the Plaintiff states, in relevant part, "I Sandra Marshall Hereby Swear and Affirm. . ." It is unlikely that any preprinted form in use by the PGHRC has the Plaintiff's name already on it. Finally, the original charge forms have a host of boxes listing several different types of discrimination such as sex, national origin, and disability. Yet, the "Charge Information Formation Form" only specifically lists age discrimination, conveniently the type of claim that the Plaintiff now seeks to add to her original charge. There are a number of other discrepancies. Fortunately, however, there is no need to delve too deeply into the origin of this alleged form given that even if it is genuine the Plaintiff is time barred from amending her original charge to add a claim of age discrimination.

more than a year before the Plaintiff actually attempted to amend her charge and demonstrates again that the Plaintiff failed to exhaust her administrative remedies.

The Plaintiff also asserts that her age discrimination claim is timely because her amended charge - - assuming she actually filed it - - relates back to the date that the original charge was filed. Plaintiff's Memorandum at 8. The Plaintiff's new age discrimination claim is substantially different than her earlier claims of sex and race discrimination and she cannot have this new charge relate back to the original charge. See *Wilson v. Communications Workers of America*, 767 F. Supp 304, 306 (D.D.C. 1991); see also *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954, 962-963 (4th Cir. 1996) (attempt to amend sex discrimination charge filed with Montgomery County Maryland Human Rights Commission to include age discrimination charge was time barred.). Because the Plaintiff cannot have her new charge relate back to the old one, her claim remains barred by her failure to exhaust her administrative remedies. Id.

The Plaintiff may argue that she is permitted to retroactively raise new claims of discrimination so long as these are based upon the same facts set out in the original charge. This argument, however, was rejected by the Fourth Circuit in *Evans* where the age discrimination claim in that case arose out of the same facts alleged in the charge of sex discrimination. The *Evans* court noted that age discrimination and sex discrimination are governed by different statutory schemes and stated "age discrimination does not necessarily flow from sex discrimination and vice versa." Id. at 963.

The court in *Wilson* faced a similar attempt to evade the time limits for filing a claim of age discrimination. In *Wilson*, the plaintiff filed a charge of race discrimination concerning a promotion. *Wilson*, 767 F. Supp. at 305. She then amended her charge 308 days after the

4

alleged discrimination - - just 8 days over the statutory maximum - - to include a claim of age discrimination for that same promotion. Id. The *Wilson* court held that the addition of a claim of age discrimination did not relate back to the original charge and that the filing was untimely. Id. at 306. In the present case, of course, the Plaintiff did not miss her filing deadline by 8 days, she missed it by more than 365 days and, as such, her charge of age discrimination is barred.[3]

## CONCLUSION

Under both state and federal law, the Plaintiff may not bring suit based upon her claim of age discrimination unless she has filed a charge for that claim. See 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission."); Md. Ann. Code art. 49B §42(a) (person may not file an employment based discrimination suit "sooner than 45 days after the person files a complaint with the county agency responsible for handling violations of the county discrimination laws."). The Plaintiff claims in the Affidavit that she filed in support of her Motion to Strike that she knew she had an age based discrimination claim in 2003. Plaintiff's Affidavit at ¶ 3. Yet, the Plaintiff took no action to amend her charge until more than a year after the time period for her to make such an amendment had run out. L-3 Communications, therefore, respectfully requests that the Plaintiff's Motion to Strike be denied in its entirety and that the Company's own Motion to Dismiss be granted.

---

[3] Permitting a plaintiff to retroactively add new discrimination charges at any time by merely amending charges but not changing the facts would only serve to gum up the administrative process erected by Congress to handle discrimination claims in an expeditious manner. Under this theory, the Plaintiff would still be free to tack on claims of discrimination based on disability, color, national origin and religion at any time in the process. Defendants, therefore, would have to defend every charge on the assumption that each plaintiff was really charging that he or she was subjected to every type of possible discrimination.

        Respectfully submitted,

        /s/ Megan S. Ben'Ary_____
        John M. Barr
        Megan S. Ben'Ary (D.C. Bar No. 493415)
        LeClair Ryan
        225 Reinekers Lane, Suite 700
        Alexandria, Virginia 22314
        Phone: 703-684-8007
        Fax: 703-684-8075

Filed Electronically this 12th day of June, 2006.