**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANDRA MARSHALL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL TECHNOLOGY SYSTEMS, INC., )<br>)<br>and )<br>)<br>L-3 COMMUNICATIONS GOVERNMENT )<br>SERVICES, INC. )<br>A.K.A. EER SYSTEMS, INC., )<br>)<br>and )<br>)<br>SGT INC., )<br>)<br>Defendants. ) | Case No. 1:05CV02502 |

**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS HONEYWELL, L-3 COMMUNICATIONS AND SGT, INC.'S MOTIONS TO DISMISS FOR <u>UNTIMELINESS, FOR VIOLATIONS OF THE RULES AND FOR LACK OF MERIT</u>**

This Court should deny Plaintiff's Motion to Strike Defendants Honeywell, L-3 Communications and SGT, Inc.'s Motions to Dismiss for Untimeliness, for Violations of the Rules and for Lack of Merit ("Motion to Strike"). Contrary to Plaintiff's assertion, Honeywell Technology Solutions, Inc.'s[1] ("HTSI") Motion to Dismiss was timely. Furthermore, Plaintiff's purported amendment of her charge of discrimination does not relate back to the filing of her

---

[1] Plaintiff has named Honeywell Technology Systems, Inc. as a Defendant. There is no company related to Honeywell Technology Solutions, Inc. by the name of Honeywell Technology Systems, Inc. For purposes of this Opposition, Plaintiff's allegations relating to Honeywell Technology Systems, Inc. will be treated as if they were made against Honeywell Technology Solutions, Inc.

initial charge of discrimination. Accordingly, Plaintiff's Motion to Strike should be denied and HTSI's Motion to Dismiss should be granted.

## PROCEDURAL BACKGROUND

Plaintiff filed the Complaint in the present action on December 30, 2005. Plaintiff alleged that between 2001 and 2003, Plaintiff worked for HTSI and L-3 Communications Government Services, Inc. ("L-3"). Complaint ¶ 16. In late 2003, a subcontractor on a project for NASA was changed. Complaint ¶ 18. The new subcontractor was SGT, Inc. ("SGT"). Complaint ¶ 19. HTSI was the general contractor. Complaint ¶ 21. All employees were informed that they would have to interview for their positions with SGT. Complaint ¶ 19. On or about December 19, 2003, Plaintiff interviewed for her position with SGT. Complaint ¶ 20. On December 31, 2003, SGT and L-3 informed Plaintiff that she was the only employee not hired on the new contract. Complaint ¶ 25.

The Complaint alleges that Defendants willfully discriminated against Plaintiff "on account of age." Complaint ¶ 34. Furthermore, the Complaint alleges that Plaintiff filed the present action "subsequent to the expiration of sixty (60) days from the filing of a charge of age discrimination with the [Prince George's County Human Rights Commission] and the EEOC…" Complaint ¶ 10. Plaintiff now concedes that she had not filed a charge of age discrimination before filing the Complaint. Memorandum of Law in Support of Plaintiff's Motion to Strike Defendants Honeywell, L-3 Communications and SGT, Inc.'s Motions to Dismiss for Untimeliness, for Violations of the Rules and for Lack of Merit ("Motion to Strike Memorandum") at 4. Instead, she amended her charge of discrimination to include age discrimination on January 6, 2006, <u>after</u> she filed the Complaint. *Id*.

2

HTSI was served with the summons and Complaint on April 27, 2006. Notice of Service of Process, attached hereto as Exhibit 1. On May 17, 2006, twenty days after it was served with the summons and Complaint, HTSI filed a Motion to Dismiss.

## ANALYSIS

**A.    HTSI'S MOTION TO DISMISS WAS TIMELY.**

HTSI was served with the summons and Complaint in this case on May 17, 2006. Ex. 1. Under Rule 12 of the Federal Rules of Civil Procedure, HTSI had twenty days from the date of service of the summons and Complaint to file an answer or a motion under Rule 12(b). Fed. R. Civ. P. 12(a)(1) and 12(b). HTSI filed its Motion to Dismiss under Rule 12(b)(6) on May 17, 2006, twenty days after HTSI was served with the summons and Complaint. Accordingly, HTSI's Motion to Dismiss is timely.

**B.     PLAINTIFF'S ADEA CLAIM IS TIME-BARRED.**

Plaintiff did not meet the statutory requirements for filing a civil action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*. The ADEA requires that a person complaining of a violation file an administrative charge with the EEOC <u>before</u> filing a complaint in court. 29 U.S.C. § 626(d). Specifically, the ADEA provides:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [Equal Employment Opportunity Commission].

29 U.S.C. § 626(d). In this case, Plaintiff acknowledges that she did not amend her charge of discrimination to include an allegation of age discrimination until January 6, 2006, <u>after</u> she filed her Complaint. Motion to Strike Memorandum at 4. Accordingly, Plaintiff failed to meet the requirements of 29 U.S.C. § 626(d).

The ADEA also requires a plaintiff to file a charge of discrimination alleging age discrimination within 300 days of the accrual of the claim. 29 U.S.C. § 626(d).[2] Plaintiff did not amend her charge of discrimination to add her age discrimination claim until January 6, 2006. The most recent discrimination alleged in the charge of discrimination took place on December 31, 2003, more than two years before Plaintiff amended her charge of discrimination to include age discrimination. Charge of Discrimination, attached hereto as Exhibit 2. Thus, Plaintiff's ADEA claim is untimely unless the amendment to the charge of discrimination relates back to the initial charge of discrimination. It does not.

Under the EEOC's regulations, an amendment relates back to the initial charge of discrimination if it asserts discriminatory acts "related to or growing out of the subject matter of the original charge." 29 C.F.R. § 1601.12(b). In cases where the initial charge of discrimination alleges Title VII violations, however, an amendment purporting to add a claim of age discrimination does relate to or grow out of the initial EEOC charge. *See Wilson v. Communications Workers of America*, 767 F. Supp. 304, 306 (D.D.C. 1991). Instead, such an amendment adds "a new substantive theory which is fundamentally distinct from the original race discrimination charge." *Id.* Because Plaintiff's amendment of her charge of discrimination does not relate back to her initial charge of discrimination, it was untimely. Accordingly, Plaintiff failed to comply with the statutory requirements by: (1) failing to file a charge of discrimination within 300 days of the accrual of the claim; and (2) failing to file a charge of discrimination alleging age discrimination before filing a civil action under the ADEA. Plaintiff's Complaint should therefore be dismissed.

---

[2] Maryland is a deferral state. *EEOC v. Hansa Prods., Inc.*, 844 F.2d 191, 192 n.3 (4th Cir. 1988).

C.   **THE ATTACHMENT OF PLAINTIFF'S CHARGE OF DISCRIMINATION DOES NOT CONVERT HTSI'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT.**

This Court has observed that "where a document is referred to in the complaint and is central to plaintiff's claim, such a document attached to the [motion to dismiss] papers may be considered without converting the motion to one for summary judgment." *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999), *aff'd*, No. 01-5032, 2002 U.S. App. LEXIS 11490 (D.C. Cir. April 17, 2002).  *See also* 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34(2), (3d ed. 2006) (courts may consider undisputed documents alleged or referenced in complaint in deciding motion to dismiss for failure to state a claim).  This approach is consistent with decisions by other courts.  *See Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 281 (E.D. Va. 1995) ("[W]hen a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment."), *aff'd, Gasner v. Board of Supervisors*, 103 F.3d 351 (4th Cir. 1996); *Jadoo v. City of New York*, No. 95 CV 3540, 1997 U.S. Dist. LEXIS 14950, at *6 (E.D.N.Y. Sept. 29, 1997) (EEOC charge attached to defendants' 12(b)(6) motion was incorporated in the complaint by reference and did not convert motion to one for summary judgment); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ("It is clear to us that under the applicable legal standard we may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one for summary judgment."), *aff'd without op.*, 276 F.3d 579 (3rd Cir. 2001); *Darby v. S.B. Ballard Constr. Co.*, Civ. Action 05-199, 2005

WL 2077299, at *1 & n.1 (M.D. Fla. Aug. 26, 2005) (noting that the court may consider the EEOC charge because it was referenced in the complaint).

In this case, the charge of discrimination is referenced in the Complaint.  Complaint ¶ 10.  Additionally, the charge of discrimination is critical to Plaintiff's ADEA claim because it limits her ability to file a Complaint alleging age discrimination under the ADEA.  Accordingly, attaching the charge of discrimination does not transform HTSI's motion to dismiss into a motion for summary judgment.

## CONCLUSION

For the reasons discussed above, this Court should deny Plaintiff's Motion to Strike and grant HTSI's Motion to Dismiss.

Respectfully submitted:

/s/
Rafael Morell, DC Bar # 463788
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2400 N Street, N.W., Fifth Floor
Washington, DC  20037
Tel:    (202) 887-0855
Fax:    (202) 887-0866

*Attorney for Honeywell Technology Solutions, Inc.*

June 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jo Ann P. Myles, Esq.
Law Office of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, MD 20774

L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.
A.K.A. EER SYSTEMS, INC.
3750 Centerview Drive
Chantilly, VA 20151

SGT INC.
7701 Greenbelt Road
Suite 300
Greenbelt, MD 20770

_____/s/_____
Rafael E. Morell