IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SANDRA MARSHALL          )
          )
      Plaintiff,         )
          )
     v.            )
          )
HONEYWELL TECHNOLOGY    )    Case No. 1:05CV02502
SOLUTIONS INC., ET.AL.     )
          )    Judge Richard W. Roberts
      Defendants.     )
          )
_____)

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITIONS TO MOTION TO STRIKE

Plaintiff Sandra Marshall by and through her undersigned counsel hereby submits the following memorandum of law in reply to the defendants Honeywell Technology Solutions, Inc. (Honeywell), L-3 Communications Systems Government Services, Inc. (L-3) and SGT, Inc. (SGT)'s oppositions to her Motion To Strike.

**I.**       **DISCUSSION**

Plaintiff Sandra Marshall filed her Age Discrimination case against Honeywell, L-3 and SGT on December 30, 2005. At the time she filed her complaint and presently, Marshall's administrative discrimination charges against the three defendants were and are pending in the State of Maryland before the Prince George's County Human Relations Commission (PGCHRC) and Equal Opportunity Commission (EEOC). Marshall's complaint for age discrimination is brought pursuant to both the Prince George's County Code (Prince George's County Human

Relations Act"), A.K.A. Prince George's County Code  and Age Discrimination In

Employment Act ("ADEA").

Specifically, the Prince George's County Human Relations Act provides the

following:

> Prince George's County Code, 1987 Edition, as
> amended, 2-185, et seq. the language of the Act
> indicates otherwise. Section 2-185(a) of the act
> provides in relevant part:
>
> It shall be a function of the County Government to
> foster an encourage the growth and development of the
> County in such a manner that ll persons shall have an
> equal opportunity to pursue their lives free of
> discrimination imposed because of race, creed, color,
> sex, national origin, age, occupation…Discriminatory
> practices based upon the foregoing criteria are declared
> to be contrary to the public policy of the County.

On January 6, 2006, Marshall amended her discrimination charges to add

age.[1] On April 25, 2006, Marshall served her complaint and summons on all the three

defendants. See Ex. 1 (sworn Affidavit of Private Process Server Milburn Walker).

Defendants were required to file an answer or response to Marshall's complaint by

May 15, 2006. The three defendants failed to file an Answer on May 15, 2006. L-3

filed a Motion For An Extension of Time to file an answer on May 15, 2006 but had

not complied with Local Rule LCVR7M. See Ex. 2 Aff. Counsel

---

[1] Maryland freely allows amendments  to any complaint or answer filed whether filed in a court or in
an administrative proceeding.  Article 49B, § 11 ( c) expressly permits "reasonable amendments to be
made to any complaint or answer. …All of these amendments will relate back to the original filing
date." COMAR 14.03.01.02D(3). In Equal Employment Opportunity Commission v. united States
Fidelity & Guaranty Co., 420 F. Supp. 244, 248 (Md. 1976) and the Maryland Commission on Human
Relations v. Baltimore County Savings & Loan Association, Inc. , 52 Md. App. 357 (1982).
Moreover, the Maryland Human Relations Commission has adopted regulations that specifically state
that "a complaint may be amended to cure technical defects or omissions including failure to swear to
the complaint."   Human Relations v. Baltimore County Savings & Loan Association, Inc. , 52 Md.
App. 357 (1982).

Because the responses by defendants were untimely and without merit, Plaintiff filed a motion to strike the motions to dismiss. Specifically, the motion to strike was filed because defendants' motions to dismiss were filed beyond May 15, 2006, without leave of court), plaintiff had added an age claim to her discrimination charges,  plaintiff had not failed to exhaust her administrative remedies and this court does have jurisdiction over plaintiff's claims. Additionally, Plaintiff moved to strike L-3 Communications' motion to dismiss because it failed to follow Local Rule LCVR7M before filing its motion for an extension of time.[2]  See Ex. 2, Aff. Counsel Defense Counsel did not attempt to confer with plaintiff's counsel as required by the local rules.

Defendants Honeywell and SGT argue that their motions to dismiss should not be stricken for timeliness because allegedly they were served on April 26 and April 27, 2006, however, these defendants have not produced supporting factual affidavits and the hearsay documents they produced, a letter from Witkop and a letter from CSC are without merit and do not rebut the sworn affidavits of Plaintiff's private process server Milburn Walker. Witkop and CSC's documents are not credible and insufficient under the law to rebut a sworn affidavit.

Defendants in their oppositions have ignored the evidence in Marshall's affidavit that she was mislead and misinformed by the PGCHRC/EEOC representative that she could not add an age claim. Her email exhibit shows that  she

---

[2]  Plaintiff's counsel denies L-3's defense counsel's allegations that she called plaintiff's counsel to confer on a request for an extension of time but counsel did not return her calls. Aff. Of  Plaintiff's Counsel-Ex. 2   Moreover, the bare allegations of counsel is not evidence and defense counsel failed to submit any affidavit setting forth detailed facts of her alleged attempts to call Plaintiff's counsel to confer on an extension in this matter and thus defense counsel's bare allegations should not be considered by this court.

reminded the PGCHRC/EEOC again in December 2005 during their ongoing

investigation that she had an Age claim. Most importantly, Marshall on January 6,

2006, during the ongoing PGCHRC/EEOC investigation amended her discrimination

charges to add Age as a claim.[3]

Marshall in the alternative also argues that: (1) under the equitable and tolling

doctrines her Age claim is allowed and not time barred because she was mislead and

misinformed by the representative of he PGHRC that she could not file an age claim

and (2) that her Age claim was reasonably calculated to be investigated by the

PGCHRC based on the substantive contents of her initial administrative charges, thus

under those two (2) additional and alternative legal theories, Marshall's Age claim

would not be time barred and this court would not lack jurisdiction.


## II.    FACTS

Plaintiff Sandra Marshall is an African American female who was terminated

from her position by defendants beginning January 1, 2004 as Voice Control

Supervisor. When defendants were not forthright and forthcoming as to whether

Marshall still had a position in December 2003, she filed three charges of

discrimination against each of the defendants in the office of the Prince George's

---

[3] Marshall cured any defect in her three administrative charges by adding Age to her Race, Sex and Retaliation charges against defendants on January 6, 2006. Maryland Article 49B § 11© and COMAR 14.03.01.02D(3).

Moreover, Marshall filed her initial complaint with a state deferral agency, PGCHRC simultaneously with the EEOC.  The EEOC's regulation at 29 CFR 16011.11 allows amendments and reads as follows: "(A) charge is deemed filed when the Commission receives from the person making a charge a written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to swear to the charge, or to clarify and amplify allegations made therein, and such amendments alleging additional acts which constitute unlawful employment practices directly related to or growing out of the subject matter of the original charge will relate back to the original filing date. (emphasis supplied)."

County Human Relations Commission ("PGCHRC"), which simultaneously filed her

complaint with the EEOC. At the time Marshall filed her three discrimination charges

she was pro se. At the time she was interviewed by the investigator she made claims

of race, sex, age and retaliation. Aff Marshall, Motion To Strike Brief. She was

explicitly told by the investigatory and intake specialist that she could not file an age

claim although Marshall continued to make a claim for age discrimination. Aff.

Marshall, Brief, Motion To Strike  Nonetheless, it was the  PGCHRC that prepared,

directed and wrote Marshall's three discrimination charges against the three

defendants and she reluctantly signed the charges. Since on or about January 4, 2004,

the PGCHRC has been investigating Marshall's three discrimination charges. In early

December 2005 the PGCHRC contacted Marshall by email and asked her to identify

her claims. Marshall once again advised the PGCHRC that she was claiming age

discrimination. Despite the fact that the PGCHRC has not yet taken any final agency

action or made any agency decision, on December 30, 2005, Marshall had no choice

but to file a civil action in the United States District Court to preserve her Age

discrimination claim under both the Prince George's County Human Rights Act and

the ADEA, which both have a two year statue of limitations.

Based on all the above representations this Court should strike the defendants

motions to dismiss or in the alternative deny the motions to dismiss in their entirety.

## III.    ARGUMENT

Defendants have opposed Plaintiff Marshall's Motion to Strike their Motions

To Dismiss for: (1) untimeliness and (2) for the lack of merit based on the fact that

Marshall was misled and misinformed as to her ability to add Age as a part of her discrimination charges and the fact that on January 6, 2006, she amended her discrimination charges to add an age claim.

      **A.**     **Plaintiff Effectuated Service of Process on Defendants on April 25, 2006.**

Defendants Honeywell and SGT have alleged that they were not served by Marshall's private process server on April 25, 2006 but allegedly on April 27, 20o6 and April 26, 2006 respectively. L-3 Communications is the only defendant that does not allege that it was not served on April 25, 2006. Although defendants Honeywell and SGT have made bare allegations that they did not receive a copy of Marshall's summons and complaint on April 25, 2006, their "naked refutations" and hearsay evidence are insufficient to rebut or refute the sworn affidavit of plaintiff's private process server Milburn Walker and the legal presumption that the process server effected service upon defendants on April 25, 2006. See Ex. 1

Additionally, CSC's letter to Honeywell and  Witkop's letter to his client SGT is also insufficient to rebut Marshall's private process server's affidavit. Defendants agents cannot show other than their own self serving hearsay documents as to when they claim or believe they were served but the law is clear that defendants' hearsay documents in no way have the weight or credibility to refute or override a private process server's sworn affidavit as to when service took place.   Without the benefit of any sworn factual affidavits by the defendants or their agents,  this court must

accept as true the representations in the sworn affidavit of plaintiff's process server. FROF, Inc. v. Harris, 695 F. Supp. 827, 829 (E.D. Pa. 1988).

The facts and evidence submitted before this Court clearly demonstrate that service was effectuated under Rule 4(e)'s provision on April 25, 2006 for all three defendants. The Federal Rules of Civil Procedure endorses a number of ways to obtain service of a summons and complaint upon a party. In this matter, defendants are three corporations who were duly served via their resident agents.   When service was effectuated "turns on the facts and circumstances of each case." The evidence in the case at bar firmly establishes that all three defendants were served on April 25, 2006 and no other date.  Karlsson v. Rbinowitz, 318 F.2d 666 (4th Cir. 1963) ("the provisions of Rule 4(e) should be liberally construed to effectuate service and uphold the jurisdiction of the court.") Other courts have held that "The rules governing service of process are not designed to create an obstacle course for plaintiff to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction.  TRW, Inc. v. Derbyshire, 157 F.R.D. 59, 60 (D. Col. 1994).

Wherefore the Court should deem that defendants were served on April 25, 2006 and filed untimely motions to dismiss thus waiving any right to object to Marshall's Age discrimination claim.

### B.        Marshall Did Not Fail To Exhaust Administrative Remedies

Defendants in their oppositions to Marshall's motion to strike their motions to dismiss also assert that this court lacks jurisdiction under the legal theory that Marshall's Age claim was never added to her original charge and she failed to

exhaust her administrative remedies, however that argument is not applicable in Marshall's case.

Marshall filed her discrimination case before the PGCHRC/EEOC, which is a deferral state agency. She was required to file her charges within 300 days of the alleged discriminatory act (s). Marshall timely filed all three of her initial charges with the PGCHRC/EEOC within several days of being terminated. Furthermore, Maryland freely and liberally allows amendments to complaints including administrative discrimination complaints even if two (2) years has passed. The PGCHRC is also governed by the Maryland Human Relations Commission. . MD CODE, Art. 49B §11 (c )  Amendments to complaints and answers in Maryland relate back to the original document.  COMAR 14.03.01.02D(3). In Equal Employment Opportunity Commission v. united States Fidelity & Guaranty Co., 420 F. Supp. 244, 248 (Md. 1976) and the Maryland Commission on Human Relations v. Baltimore County Savings & Loan Association, Inc. , 52 Md. App. 357 (1982).

Moreover, Marshall also filed her  Complaint under federal law, the ADEA and the EEOC's regulations. Pursuant to the EEOC's own regulations, namely 29 CFR 1601.11 (A) a charge of discrimination can be amended to "cure technical defects or omissions, including failure to swear a charge. Particularly  interesting is that in Marshall's case the PGCHRC/EEOC has not issued any "Right To Sue Letter and her complaints are still under investigation.

If defendants contend that Marshall has presented a new theory or new claim, there are a number of circuits that permit new theories and claims and allow "relation back of new theories on the principle that the proper scope of the complaint is alleged

in the original complaint, not the legal theory originally attached to those facts. Sanchez v. Standard Brands, Inc. F.2d 455, 2FEP 788 (5th Cir. 1970) and Washington v. Kroger Co., 671 F.2d 1072, 1075-76 (8th Cir. 1982). The 7th Circuit allowed an untimely sex discrimination charge to relate back to an original charge of race discrimination. Jenkins v. Blue Cross Mutual Hospital Insurance, Inc., 538 F.2d 164, 168-69 (7th Cir. 1976).

Marshall also contends by her amending her charge that her age claim relates back to the original charges and falls squarely under the relation-back doctrine. This doctrine is available in appropriate circumstances to render timely an otherwise untimely amendment, although Marshall contends that her amendment is timely. Marshall's Age claim amendment relates back to her initial chare because the age discrimination charge relates back to a timely –filed race discrimination charge, because all of the allegations were based on the same operative facts. An otherwise untimely amended EEOC charge can relate back to the original charge. In this matter Marshall was terminated from her employment on January 1, 2004. She filed charges between December 28, 2004 through  January 4, 2004. which was well within the time period of 300 days.

There are Circuits and states including Maryland  that permit relation back of new theories on the principle that the proper scope of the charge is determined by facts alleged in the original complaint, not the legal theory originally attached to those facts. Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970)at 463-64; Washington v. Kroger Co., 671 F.2d 1072, 1075-76 (8th Cir. 1982).  Plaintiff in her administrative charge did not allege one set of facts that would support only one kind

discrimination. To the contrary Marshall alleged that she was discriminated against as to all terms and conditions of her employment, which included here age.

Since Maryland freely allows amendments and applies the relation back doctrine and the EEOC regulations permit amendments, Marshall's January 6, 2006, amendment cures any defects and/or omissions in her original charges, thus defendants' claim that Marshall failed to exhaust her administrative remedies is moot and has no merit.

It is the defendants' burden to prove by a preponderance of the evidence that plaintiff Marshall failed to exhaust her administrative remedies and based on the facts and evidence thus far they cannot.

### C.   Plaintiff's Administrative charge Should be Construed To Include Her Age Claim.

Although Marshall contends that she timely amended her charge to add Age, in the alternative she alleges that her race, sex and retaliation claims in her initial administrative charges were such that they included or encompassed her age claim because her age claim was "like or reasonably related" to her claims of race, sex and retaliation. Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995); Caldwell v. Serv. Master Corp., 966 F. Supp. 33, 49 (D.D.C. 1997).

 For example, Marshall asserts in her discrimination charges that a white male employee was "given' her position in 2004.

Specifically, Marshall's PGHRC/EEOC charges which were written and prepared by the PGHRC without Marshall having benefit of legal counsel were as follows:

10

> I believe the Respondent has discriminated against me
> on the bases of my race (Black), sex (Female), in the
> terms, conditions, and privileges of my employment,
> involuntary termination and retaliation because:

> I gained employment with a sub-contractor as a voice
> Control Supervisor. I have always demonstrated
> satisfactory performance. On December 19, 2003, I
> interviewed with a new Sub-contractor. The cited sub-
> contractor informed me that my previous position was
> not in their contract. On January 1, 2004, the cited Sub-
> contractor's contract becomes effective. Other similarly
> situated employees' (white, male) positions were not
> eliminated from the contract. I later found out my
> previous position was being filled with another
> employee (white, male).

The scope of Plaintiff's administrative charge is efficient  to give notice to the
defendants that Age discrimination would have also been an area and issued
investigated by the PGCHRC/EEOC. The PGCHRC is a deferral state agency.
Plaintiff Marshall in her charges complained of being discriminated against as to (2)
the terms, conditions and privileges of my employment and (2) she alleged that her
position was filled by a white male. The white male was much younger than Marshall
and he had no experience in her job or position. Compl ¶ 26-27  He was given and
hand picked for the position  by the defendants because he was younger, white and a
male.  Marshall was the only African America, only person over 40 and only woman
in a supervisory job and she was the only one terminated from her position when
defendants contract was renewed with NASA.

It is reasonable that the PGCHRC/EEOC investigation will uncover the age
and experience of this white male employee who was given Marshall's position and if
the white male was younger and had less experience than Marshall an age claim

would have be immediately obvious to the investigating agency. In Maryland complaints are liberally construed.  Rodriguez v. American Express, 265 F.3d 890, (2001, Sandhu v. Lockheed Missiles & Space Co., 26 Cal. App. 4th 846, 31 Cal. Rptr. 2d 617 (1994). Marshall has met this standard because her allegations in the civil suit are within the scope of the administrative investigation. "which can reasonably be expected to grow out of the chare of discrimination." Id. Discrimination charges must be construed liberally, especially because Marshall was acting pro se. Casavantes v. California State Univ., Sacramento, 732 F.2d 1441, 1442 (9th Cir. 1984).

> **D.    Equitable Tolling When Agency Misleads and Provides Incorrect Information. Marshall Can Be Excused For Any Exhaustion Requirements Pursuant To Equitable Doctrine Application.**

Marshall brings her age claim under both the Prince George's Human Relations Act and the ADEA and this court has the authority over this claim because: (1) it's a federal claim and (2)  Marshall was misled and incorrectly advised by the representative from the PGCHRC as to right and ability to file a charge for Age discrimination.

Marshall has also stated that she initially made a claim of age discrimination to the PGCHRC representative and was purposely misled and misinformed that she could not file an age claim. Marshall was not the preparer of her charges and she reluctantly signed the charge as she was pro se.  Marshall relied to her detriment on the misrepresentations of the PGCHRC representative. Any noncompliance by Marshall is directly attributed to the administrative agency charged with processing

her discrimination charges. Denny v. Universal City Studios, Inc., 10 Cal App. 4th 1226, 1233-34, 13 Cal. Rptr.2d 170 (1992) (abrogated on other grounds), Albano v. Schering-Plough Corp., 912 F.2d 384 (9th Cir. 1990).  There are numerous cases in various circuits that stand for the proposition that equities favor a discrimination plaintiff who (1) diligently pursued his claim and (2) was misinformed or misled by the administrative agency.

Because Marshall has presented evidence which, if credited by the trier of fact would permit equitable excusal of her alleged noncompliance with any exhaustion requirements, a denial of  summary judgment and dismissal is appropriate.  Equitable considerations may prevent Marshall's claim from being time-barred and since she was misled into believing she could not pursue an age claim than that is a triable issue of fact and defendants are not entitled to dismissal. Rodriguez v. American Express, 265 F.3d 890 (9th Cir. 2001), (citing Browning v. AT & T Paradyne, 120 F.3d 222, 226 (11th Cir. 1997) (tolling the 90-day limitations period for filing age discrimination suit, because plaintiff's attorney was told in error by EEOC investigator that plaintiff's case was governed by longer statue to limitations in effect prior to the Civil Rights Act of 1991; Early v. Bankers Life & Cas. Co., 959 F.2d 75, 81 (7th Cir. 1992) ("misleading conduct by EEOC can be basis for tolling the administrative statue of limitation.").

**IV.    CONCLUSION**

Wherefore, for all the above reasons, plaintiff Marshall moves this court to strike the defendants' motions to dismiss or in the alternative deny the defendants motions to dismiss in their entirety.

Respectfully Submitted,


_____/s/_____

Jo Ann P. Myles
Law Offices of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland  20774
Bar No. 04412
301-773-9652 (office)
301-925-4070 (fax)

Counsel for Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July 2006, a copy of the foregoing

Plaintiff's Change of Email Address was served upon the defendants by electronic

filing.

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N. Street, N.W. Fifth Floor
Washington, D.C. 20037

John M. Barr, Esquire
Megan S. Ben'Ary, Esq.
LeClair Ryan
225 Reinekers Lane
Suite 700
Alexander, Virginia 22314

Andrew P. Hallowell, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street N.W. Suite 1100
Washington, D.C. 20006


_____/s/_____

Jo Ann P. Myles