IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-02502 (RWR) |
| ) | |
| HONEYWELL TECHNOLOGY ) | |
| SYSTEMS, INC., ) | |
| ) | |
| L-3 COMMUNICATIONS, INC., ) | |
| ) | |
| and ) | |
| ) | |
| SGT, INC., ) | |
| ) | |
| Defendants. ) | |

### **DEFENDANT SGT, INC.'S MOTION FOR ENLARGEMENT OF TIME**

Defendant SGT, Inc. ("Defendant"), through undersigned counsel, hereby moves this Court to grant Defendant an enlargement of time until February 1, 2007, to file a response to Plaintiff's Amended Complaint, docket entry number 26. In support of this motion, Defendant states the following:

1. The Amended Complaint is twenty-four (24) pages in length and alleges causes of action for employment discrimination, racial and sexual harassment, hostile work environment, retaliation, negligent supervision, negligent retention, intentional infliction of emotional distress, civil rights violations of the Fifth and Eighth Amendments of the United States Constitution, 42 U.S.C. § 1981 and the Equal Pay Act.

2. The Certificate of Service of the Amended Complaint states that service was effectuated on Saturday, December 30, 2006, by electronic filing.

3. Defendant, however, did not receive a copy of the Amended Complaint until January 5, 2007, when it received an electronic case filing notification regarding docket entry number 25, which contained the Amended Complaint that was subsequently refiled as docket entry 26.

4. To date, Defendant has not received a paper copy of Plaintiff's Amended Complaint.

5. On January 8, 2007, Defendant received an electronic case filing notification stating that the Amended Complaint contained in docket entry 25 was filed in error and would be refiled by the Clerk.

6. On January 8, 2007, Defendant phoned the Judge's Clerk regarding the January 8, 2007 electronic case filing notification. The Clerk informed Defendant that the Amended Complaint contained in docket entry 25 was not considered to be filed and that Defendant's time to respond to the Amended Complaint had not commenced.

7. On January 9, 2007, Defendant phoned the Electronic Case Filing Clerk regarding the January 8, 2007 electronic case filing notification. The Electronic Case Filing Clerk, like the Judge's Clerk, informed Defendant that the Amended Complaint contained in docket entry 25 was not considered to be filed and that Defendant's time to respond to the Amended Complaint had not commenced.

8. On January 12, 2007, at 9:48 a.m., an electronic case filing notification was transmitted informing the parties that the Amended Complaint contained in docket entry 25, and docket entry 24, which contains correspondence between Plaintiff's Counsel and the U.S. Equal Employment Opportunity Commission, were "not effective to file an amended complaint."

9. At 2:45 p.m. on January 12, 2007, an electronic case filing notification was transmitted informing the parties that Plaintiff had filed an Amended Complaint, docket entry 26.

10. Defendant phoned the Electronic Case Filing Clerk to inquire as to whether docket entry 26 was effective to file an amended complaint. The Electronic Case Filing Clerk was unable to definitively state whether docket entry 26 was effective to file an amended complaint or whether the January 12, 2007 service date of docket entry 26, rather than January 5, 2007, the service date of docket entry 25, would be controlling on Defendant's response to Plaintiff's Amended Complaint.

11. Defendant has consulted the Federal Rules of Civil Procedure, the Local Civil Rules, and the Electronic Case Filing materials available on-line at http://www.dcd.uscourts.gov in order to determine whether docket entry 26 is effective to file an amended complaint and whether its January 12, 2007 service date, rather than the January 5, 2007 service date of docket entry 25, is the proper service date of Plaintiff's Amended Complaint.

12. Defendant seeks an enlargement of time in which to file a response to the Amended Complaint because Defendant's attempts to clarify whether docket entry 26 is effective to file an amended complaint and whether its January 12, 2007 service date is controlling have not yielded a conclusive answer.

13. Additionally, Defendant seeks an enlargement of time due to the length and scope of the Amended Complaint, which is twenty-four (24) pages in length and alleges numerous causes of action that were not previously alleged in the initial Complaint filed on December 12, 2005.

14. In accordance with LCvR 7(m), Defendant's counsel has left phone messages for Plaintiff's Counsel (on January 11, 2007, January 12, 2007 and January 16, 2007) regarding Plaintiff's objections, if any, to Defendant's Motion for Enlargement of Time. Defendant has received no response from Plaintiff's Counsel.

WHEREFORE, Defendant respectfully requests the Court to grant this motion and enter the proposed order submitted herewith.

Respectfully submitted,

Date: January 17, 2007

/s/ Antonio R. Franco_____
Antonio R. Franco, Esq.
D.C. Bar No. 416787
Jennifer L. Andrews, Esq.
D.C. Bar No. 496974
PilieroMazza PLLC
888 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 857-1000

Counsel for Defendant SGT, Inc.