IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL<br><br>    Plaintiff,<br><br>    v.<br><br>HONEYWELL TECHNOLOGY SYSTEMS, INC.<br><br>    and<br><br>L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.<br><br>    and<br><br>SGT, INC.,<br><br>    Defendants. | Case No. 1:05CV02502<br><br>Judge Richard W. Roberts |

**DEFENDANT L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS - - OR IN THE ALTERNATIVE TO TRANSFER - - THIS CASE FOR LACK OF VENUE, AND TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES OR FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendant, L-3 Communications Government Services, Inc. ("GSI"), through undersigned counsel, respectfully offers this Memorandum of Points and Authorities in support of its Motion to Dismiss - - or in the Alternative to Transfer - - this Case for Lack of Venue, and to Dismiss for Failure to Exhaust Administrative Remedies or for Failure to State a Claim upon Which Relief can be Granted. Plaintiff, for the first time, has raised claims here in the District of Columbia pursuant to Title VII, 42 U.S.C. 2000e *et seq.* ("Title VII"), yet venue in this district is not appropriate under that statute. 42 U.S.C. § 2000e-5(f)(3) ("Section 2000e-5"). Therefore,

1

this case should be dismissed - - or in the alternative transferred to the United States District Court for the District of Maryland - - for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.

In the event that this case is not dismissed or transferred due to improper venue, Plaintiff's claim of age discrimination should be dismissed pursuant to FRCP 12(b)(1) because of her failure to exhaust her administrative remedies. Additionally, Plaintiff's claim for relief under the Equal Pay Act, 29 U.S.C. § 206(d) ("Equal Pay Act") should be dismissed as barred by the statute of limitations. Finally, Plaintiff's claims for relief under the Equal Pay Act, 42 U.S.C. § 1985(3) ("Section 1985(3)"), Executive Order 11246, for gender based discrimination under 42 U.S.C. §1981 ("Section 1981") and for Intentional Infliction of Emotional Distress and for Negligent Retention and Supervision should each be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief can be granted.

## PROCEDURAL HISTORY

Plaintiff filed her original complaint on December 30, 2005. In this complaint, the Plaintiff alleged that she had been discriminated against on account of her age in violation of Section 2-222 of the Prince George's County Code and the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. §623 *et seq.* This first complaint did not allege that GSI had violated Title VII. GSI timely filed a Motion to Dismiss this complaint pursuant to Fed R. Civ. P. 12(b)(1) for lack of jurisdiction because the Plaintiff had not exhausted her administrative remedies before filing her claim of age discrimination.

Before this Court could rule on GSI's motion to dismiss, Plaintiff filed a new complaint with this Court on or about January 5, 2007. Before GSI had an opportunity to file its response to that complaint, Plaintiff requested leave from the Court on or about January 29, 2007 to file

yet another amended complaint.  This Court granted that request by Order dated February 5, 2007.  That Order also granted GSI's request for an extension of time in which to file its response to Plaintiff's newest complaint until February 15, 2007.

Plaintiff's latest complaint reiterates the claim of age discrimination in violation of federal and Maryland law and now alleges that GSI discriminated against her on the basis of her race and/or sex in violation of Title VII, the Civil Rights Act of 1871, and Executive Order 11246, that she was retaliated against in violation of Title VII, that GSI violated the Equal Pay Act, and that it subjected her to Intentional Infliction of Emotional Distress and Negligent Supervision and Retention in violation of Maryland law.

## FACTUAL BACKGROUND

**I)  THE PLAINTIFF'S EMPLOYMENT AND THE ALLEGED DISCRIMINATION TOOK PLACE IN MARYLAND.**

The allegations in Plaintiff's complaint and additional information provided by GSI demonstrate that this action revolves around events that took place in Maryland and not the District of Columbia.  Plaintiff worked for GSI at a NASA worksite located in Greenbelt, Maryland.  Complaint at ¶ 11.  The alleged discrimination, which Plaintiff says occurred during the work day, *id*. at ¶17b (harassed on a daily basis) and ¶86 (discriminated against in the workplace), also appears to have taken place in Maryland.  When Plaintiff believed that she may have been subject to illegal discrimination at the hands of GSI, she filed a complaint with the Prince George's County Human Relations Commission. *Id*. at ¶ 9.

The attached Declaration of Beth A. Skoletsky ("Skoletsky Decl.") also demonstrates that the Plaintiff's employment with GSI took place in Greenbelt, Maryland.  Skoletsky Decl. at ¶ 4 (attached hereto as Exhibit A).  Furthermore, when GSI ceased being the subcontractor and Plaintiff had to reapply for her position with the new subcontractor, Complaint at ¶¶ 35-43, that

3

position continued to be located in Greenbelt, Maryland. Skoletsky Decl. at ¶ 6. As Ms. Skoletsky notes, the Plaintiff's employment records are located at a GSI facility in Chantilly, Virginia. *Id.* at ¶ 5.

### II) PLAINTIFF DID NOT BRING A CHARGE OF AGE DISCRIMINATION BEFORE ANY ADMINISTRATIVE AGENCY.

The Plaintiff claims that she filed a written charge of age discrimination against GSI with the Prince George's County Human Relations Commission ("PGHRC") and the Equal Employment Opportunity Commission ("EEOC"). Complaint at ¶ 9. The Plaintiff also alleges that she brought this suit more than 60-days after she filed her charge with the PGHRC and the EEOC and less than two years after GSI allegedly violated her rights under the Age Discrimination in Employment Act. *Id.* at ¶ 10. Plaintiff, however, failed to attach to her Complaint her alleged charge of age discrimination against GSI.

Plaintiff cannot attach a charge of age discrimination against GSI to her Complaint because it appears that she never filed such a charge. On February 2, 2004, Plaintiff filed a charge with the PGHRC against GSI alleging "race" and "sex" discrimination as well as retaliation. *See* Charge of Discrimination (attached hereto as Exhibit B). Plaintiff did not mention any allegation of age discrimination in the body of this charge, nor does she mention the age of herself, her coworkers, or the person who allegedly replaced her. *Id.* Rather, Plaintiff focused exclusively on the race and gender of the persons involved as well as her claim that GSI retaliated against her for previous claims she had filed. *Id.*

### ARGUMENT

### I) UNDER SECTION §2000e-5 VENUE DOES NOT LIE IN THIS COURT.

In her new Complaint, Plaintiff for the first time alleges that GSI discriminated against her in violation of Title VII. Complaint at ¶¶ 70-80. Under Title VII, however, venue for

4

Plaintiff's claim does not lie in this Court. Section 2000e-5. Pursuant to Fed. R. Civ. P. 12(b)(3), therefore, GSI respectfully requests that this Court dismiss this case for lack of proper venue or, in the alternative, order it transferred to the United States District Court for the District of Maryland.

### A) Standard of Review.

In considering a motion to dismiss for lack of venue, the courts generally accept a plaintiff's well pled allegations regarding venue as true. *Jyachosky v. Winter*, No. 04-1733, 2006 U.S. Dist. LEXIS 44399 at *4 (D.D.C. June 29, 2006) (HHK) (citation omitted). A defendant, however, is entitled to introduce evidence to demonstrate that venue is not proper. *Id.*

### B) Venue Does Not Lie Before This Court Because the Complained of Employment Discrimination, the Plaintiff's Employment Records, and Plaintiff's Future Work Site All Were Located Outside the District of Columbia.

Section 2000e-5 establishes venue in any one of three possible judicial districts:

- Where the unlawful employment practice is alleged to have occurred;

- Where the aggrieved person would have been employed but for the alleged unlawful employment practice; or,

- Where the employment records relevant to such practice are maintained.[1]

These venue provisions are not discretionary. *Jyachosky*, *13 n.3 ("Where, as here, Congress has clearly limited the scope of venue, the court is compelled to abide by such restrictions."); *see also Stebbins v. State Farm Mut. Auto Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("Thus the intent of Congress to limit venue to the judicial districts concerned with the alleged

---

[1] The only exception to these three sources of venue is that if venue is not found under any of these initial possibilities, then venue may lie in the judicial district where the defendant has its principal place of business. Section 2000e-5(3). Venue does lie in Maryland - - and Virginia - - and so this saving provision is not relevant to this case. In any event, GSI's principal office is not in the District of Columbia and, therefore, venue under Title VII could not lie before this Court.

discrimination seems clear."); *Rauch v. Chertoff*, 451 F. Supp. 2d 147, 149 n.5 (D.D.C. 2006) ("Venue [in a Title VII case] cannot lie in the District of Columbia when a substantial part, if not all, of the challenged employment actions occurred outside the District.")   In the present case, the Plaintiff's Complaint, coupled with the Skoletsky Declaration, makes clear that venue is not proper in this Court.

Under the first and third provision of Section 2000e-5, venue clearly lies in Maryland. First, venue is allowed in the state where the unlawful employment practices occurred.  Plaintiff was employed in Maryland, Complaint at ¶ 11, and a vast majority, if not all, of the alleged employment discrimination took place at the worksite.  *See*, *e.g.*, Complaint at ¶ 17b ("[Plaintiff] was further subjected to relentless and blatant racial and sexual harassment which she endured on a daily basis."); ¶ 86 ("After [Plaintiff] filed her first formal Title VII EEOC Charge in 2001 defendants engaged in more hostile and humiliating acts towards Marshall in the workplace."). When Plaintiff believed that she was discriminated against at that job, she filed a complaint with the PGHRC in Maryland.  *Id.* at ¶ 9.

Venue is also proper in Maryland under Section 2000e-5's third provision which permits venue in the district where the Plaintiff would have been employed in the absence of any alleged illegal discrimination.  In her Complaint, the Plaintiff alleges that she was discriminated against when she reapplied for her old job in December 2003.  Complaint at ¶¶ 34-37. This is the same job that Plaintiff alleges that she had that was located in Greenbelt Maryland. Complaint at ¶ 11. Plaintiff makes no allegation that this job moved out of Maryland into the District of Columbia. The Skoletsky Declaration states that it is GSI's understanding that the job continued to be

6

located in Maryland.  Skoletsky Decl. at ¶ 6.  Thus, again, venue for Plaintiff's Title VII claims would lie in Maryland and not in the District of Columbia.[2]

The fact that Plaintiff has listed a series of non-Title VII claims in her Complaint does not serve to give this Court venue over this case.  Title VII's specific venue requirements trump the more general venue requirements that govern such causes of action as Plaintiff's claims under the ADEA.  *Chand v. Evans*, No. 04-5132, 2004 U.S. App. LEXIS 20354, *1 (D.C. Cir. Sep. 24, 2004) (venue of Title VII and ADEA case in Maryland appropriate when Section 2000e-5 requirements all met by Maryland); *Munoz v. England*, No. 05-2472, 2006 U.S. Dist. LEXIS 84119, *22 (D.D.C. Nov. 20, 2006) ("However, the authority in this Circuit indicates that when a plaintiff brings a Title VII action, which is covered by Title VII's restrictive venue provision, as well as an action governed by the general venue provision, the narrower venue provision of [Section 2000e-5(f)(3)] controls."); *Ivey v. Snow*, 05-2277, 2006 U.S. Dist. LEXIS 70392, *3-*4 (D.D.C. Sept. 20, 2006) (EGS) (case transferred out of DC under Title VII venue provisions despite venue under ADEA; "[t]here is a clear preference for adjudicating employment discrimination claims in the judicial district most concerned with the alleged discrimination.").

Because Plaintiff's Complaint and the evidence supplied by GSI demonstrate that this Court does not have venue to hear the Plaintiff's Title VII claims, GSI respectfully requests that her Title VII case be dismissed for lack of venue.

    **C)    It Would Be Proper for This Court To Transfer the Case to Maryland.**

In lieu of dismissing Plaintiff's case for lack of venue, it would be appropriate for it to transfer the case to Maryland.  *Chand v. Evans*, No. 04-5132 2004 U.S. App. LEXIS 20354, *1

---

[2] Under the second provision for venue under Section 2000e-5 - - the location of Plaintiff's employment records - - venue would actually lie in the United States District Court for the Eastern District of Virginia.  Skoletsky Decl. at ¶ 5.

(D.C. Cir. Sept. 24, 2004) (venue of Title VII and ADEA case in Maryland appropriate when Section 2000e-5 requirements all met by Maryland).  In making this venue determination, this Court should look at the following factors concerning both the private and public interests at stake: (a) Plaintiff's choice of forum, (b) GSI's choice of forum, (c) whether the claim arose elsewhere, (d) the convenience of the parties, (e) the ease of access to the sources of proof, (f) the transferee court's familiarity with governing law, and (g) the local interest in resolving local controversies at home.[3]  *Jyachosky*, 2006 U.S. Dist. LEXIS 44399 at *16.

Many of the private considerations listed by *Jyachosky* support a transfer of venue to Maryland.  GSI's choice of forum is in Maryland and that location would be readily accessible to the Plaintiff.  She worked in Maryland for at least four years and for as many as twenty five years. Complaint at ¶¶ 12-13.  During at least part of that time, it appears that Plaintiff lived in Virginia.  *See* Page 2 of Exhibit A to Plaintiff's Complaint (address lists Plaintiff as living in Alexandria, Virginia).  If the Plaintiff were able to commute daily between Alexandria, Virginia and Greenbelt, Maryland then there can be little inconvenience involved with her periodically traveling to court in Maryland, especially given the fact that her counsel now has her office in Maryland.  Complaint at p. 24.   The fact that Plaintiff worked in Maryland and her claims arose there also supports a transfer to that state.

The public factors listed by the *Jaychosky* court also argue strongly in favor of transfer.  For example, Plaintiff raises a number of claims under Maryland statutory and common law including her claims of discrimination in violation of Prince George's County Code, Intentional Infliction of Emotional Distress and Negligent Supervision and Retention.  Courts in Maryland are more likely to be familiar with that state's law regarding such claims and Maryland has its

---

[3] The *Jaychosky* court lists other factors, such as court congestion, for which GSI is unable to offer any relevant information to this Court.

8

own clear interest in having cases brought under its law decided by court located in its state and a jury drawn from its citizens. *See Lentz v. Eli Lilly & Co.*, No. 06-1374, 2006 U.S. Dist. LEXIS 90767 at *7 (D.D.C. Dec. 18, 2006) (ESH) ("[T]he 'interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake.'") (quoting *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996)). For each of these reasons, it would be proper for this Court, in lieu of dismissing Plaintiff's case for lack of venue, to transfer the case to Maryland where venue would be proper.

II)     **PLAINTIFF'S CLAIM UNDER THE ADEA SHOULD BE DISMISSED DUE TO HER FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES.**

   A.     **Legal Standard.**

Because GSI has filed its motion to dismiss Plaintiff's ADEA claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Rule 12(b)(1)") this Court is permitted to consider documents outside the pleadings to examine whether it has jurisdiction to hear the case without converting the motion into one for summary judgment.[4] *Mills v. Billington*, No. 04-02205 (HHK) 2006 U.S. Dist. LEXIS 29623 (D.D.C. May 16, 2006) (dismissing Title VII claim). A motion filed under Rule 12(b)(1) allows this Court to engage in closer scrutiny of the Plaintiff's allegations. *Carter v. Washington Post, Inc.*, No. 05-1712, 2006 U.S. Dist. LEXIS 29424 (D.D.C. May 15, 2006). The Plaintiff bears the burden of proving that this Court actually has jurisdiction to hear her discrimination claim. *Id.* (Title VII) (citing *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002)). With this Rule 12(b)(1) motion to dismiss, the Plaintiff's factual allegations in the Complaint are not taken as true, rather, the court may ". . . make its own determination as to whether it has the power to hear the action." *Riguad v.*

---

[4] GSI originally filed a motion to dismiss Plaintiff's ADEA claim on May 23, 2006 in response to Plaintiff's first complaint. This Court denied that motion, without prejudice, by Minute Order dated January 18, 2007 in light of Plaintiff's filing her new complaint.

9

*Garofalo*, No. 04-1866, 2005 U.S. Dist. LEXIS 8735 (E.D. Pa. May 9, 2005) (citing *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000)).

    **B.    This Court Lacks Jurisdiction to Hear the Plaintiff's Age Discrimination Claims Because She Did Not Exhaust Her Administrative Remedies.**

        **1.    This Court lacks subject matter jurisdiction to hear Plaintiff's ADEA claim against GSI.**

The Plaintiff brings suit against GSI, in part, for alleged violations of the ADEA. Complaint at ¶ 34. The ADEA requires that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). Therefore, the Plaintiff is required to exhaust her administrative remedies against GSI before she can bring suit in this Court on her ADEA claim. *Carter*, 2006 U.S. Dist. LEXIS at *10-11 (Title VII; "Without doubt, an employee must file a charge with the EEOC or a State human rights agency prior to, and as a mandatory prerequisite to, any lawsuit.") (citing *Park v. Howard Univ.*, 71 F.3d 904, 907 (D.C. Cir. 1995)); *Riguad*, 2005 U.S. Dist. LEXIS at *6 (ADEA); *Bernard v. ATC Vancom*, No. 3:04-CV-1820-D, 2005 U.S. Dist. LEXIS 881 at *5 (N.D. Tex. Jan. 20, 2005)(same); *Golnik v. Amato*, 299 F. Supp. 2d 8, 14 (D. Conn. 2003) (where plaintiff fails to exhaust administrative remedies by filing a state or EEOC complaint the court lacks subject matter jurisdiction to hear the claim).

As noted above, the Plaintiff did not file a charge with either the EEOC or the PGHRC against GSI that alleged in any fashion that she had been subjected to age discrimination. *See* Exhibit B. On her PGHRC charge the Plaintiff only checks the boxes for race and gender discrimination and for retaliation. *Id.* Furthermore, in the body of this charge the Plaintiff

makes no mention of age, rather she focuses exclusively on the gender and race of the individuals involved and on her claim of retaliation. *Id.*

Because the Plaintiff's charge makes no mention of age discrimination it does not satisfy the jurisdictional requirement that the Plaintiff exhaust her administrative remedies before she can proceed with her claim of age-based discrimination. *See Carter*, 2006 U.S. Dist. LEXIS at *11-12. In *Carter*, the court granted a Rule 12(b)(1) motion and dismissed claims of race and color discrimination and retaliation noting that the plaintiff's EEOC charge only checked the box marked disability discrimination and, in the body of the charge, it made no mention of race, color, or retaliation. *Id.* Therefore, the *Carter* court held "[w]ithout some indication in his EEOC charge that he alleged discrimination on the basis of race or color or hostile work environment or retaliation in violation of Title VII, he cannot proceed here on such claims." *Id.*

By failing to provide even a hint of a claim of age based discrimination in her PGHRC charge the Plaintiff failed to exhaust her administrative remedies in regards to that claim and she may not proceed with her ADEA claim before this Court.

        **2.**        **This Court lacks jurisdiction to hear Plaintiff's state based age discrimination claim because she failed to exhaust her administrative remedies under Maryland law.**

Plaintiff failed to exhaust her administrative remedies available to her under Maryland law and, as a consequence, her actions deprive this Court of subject matter jurisdiction over her state law claim of age discrimination. Under Maryland law, a person is authorized to bring an action in court if she is subject to discrimination in violation of the Prince George's County Code. Md. Ann. Code art. 49B §42(a). However, the Maryland code also prohibits a person from filing an employment based discrimination claim in court "sooner than 45 days *after* the person files a complaint with the county agency responsible for handling violations of the county

discrimination laws." *Id.* at § 42(b)(2) (emphasis supplied). As the Plaintiff's charge of discrimination filed with the PGHRC demonstrates, she has not filed a claim of age based discrimination with that agency. *See* Exhibit B. Therefore, the Plaintiff did wait the required 45 days after filing a charge of age based discrimination to bring this lawsuit. Because the Plaintiff brought suit under Maryland law before exhausting her administrative remedies under that law, this Court does not have subject matter jurisdiction to consider her state law claim against GSI for age discrimination and it should be dismissed.

III) **PLAINTIFF'S CLAIMS AGIANST GSI UNDER THE EQUAL PAY ACT, 42 U.S.C. §1985(3), EXECUTIVE ORDER 11246, FOR GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981, AND FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND FOR NEGLIGENT SUPERVISION AND RETENTION SHOULD EACH BE DISMISSED PURUSANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE.**

    A) **Standard of Review.**

For the reasons set forth below, GSI requests that this Court dismiss the Plaintiff's claims brought under the Equal Pay Act, Executive Order 11246, 42 U.S.C. §1985(3), for gender based discrimination under 42 U.S.C. § 1981, Intentional Infliction of Emotional Distress and Negligent Supervision and Retention pursuant to Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim upon which relief may be granted. A motion to dismiss a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint. *Braude & Margulies P.C. v. Fireman's Fund Ins. Co.*, No. 05-649, 2007 U.S. Dist. LEXIS 290, *7 (D.D.C. Jan. 5, 2007). A court is only required to accept as true the facts alleged in the Complaint and any reasonable inferences drawn there from. *Id.* Furthermore, a court is not obligated to accept a plaintiff's legal conclusions. *Id.* at *8.

B)   **Plaintiff's Claim Against GSI for Violations of the Equal Pay Act Should be Dismissed To the Extent it Falls Outside the Applicable Statute of Limitations.**

Under the Equal Pay Act, an action shall be "forever barred unless commenced within two years after the cause of action accrued." 29 U.S.C. §255(a). The statute of limitations applicable to Equal Pay Act violations acts as a jurisdictional bar "in relation to the injury to the plaintiff." *Brinkley-Obu v. Hughes Training, Inc.*, 36 F.3d 336, 346 (4th Cir. 1994). While a plaintiff may introduce evidence as to earlier violations of the Equal Pay Act, she may only collect damages for violations which occur within that two year period. *Id.* at n.22.

In the present case, Plaintiff alleges that GSI terminated her position on December 31, 2003. Complaint at ¶ 42. Yet Plaintiff did not file her claim under the Equal Pay Act until approximately December 30, 2006 or nearly a year too late.[5] This claim, therefore, should be dismissed.

C)   **Plaintiff's Claim Under Executive Order 11246 Should be Dismissed as That Order Does Not Create a Private Right of Action.**

Plaintiff asserts a cause of action against GSI under Executive Order 11246. Complaint at ¶ 1. That Executive Order, however, does not create a private right of action. *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 69-70 (D.D.C. 2002) (citations omitted). Rather, as the court noted in *Shekoyan*, the Order "provides for enforcement by the Department of Labor, to which the President's authority to investigate non-compliance and pursue criminal and/or civil proceedings is delegated." *Id.*   Because there is no private right of action under Executive Order 11246, GSI respectfully requests that Plaintiff's claim under this Order be dismissed.

---

[5] The Equal Pay Act permits a three-year statute of limitations only for willful violations of the statute. Plaintiff, however, does not make any allegations that GSI willfully failed to pay her an appropriate salary. Complaint at ¶¶ 91-96. In fact, Plaintiff does not even allege that GSI was aware that she was being paid an unequal wage. *Id.*

13

    **D)**    **42 U.S.C. § 1981 Does Not Create A Cause of Action for Claims of Gender Based Discrimination.**

Plaintiff asserts that GSI discriminated against her on account of her gender in violation of 42 U.S.C. § 1981.  Complaint at ¶ 78.  Section 1981, however, does not create a right of action for claims of gender-based discrimination.  *Pyne v. District of Columbia*, No. 01-275, 2006 U.S. Dist. LEXIS 61134 at *17 n.2 (D.D.C. Mar. 15, 2006) (citing *Runyon v. McCrary*, 427 U.S. 160, 167 (1976)).  Therefore, Plaintiff's claim for gender based discrimination in violation of Section 1981 should be dismissed.

    **E)**    **Plaintiff Fails To State a Cause of Action Under 42 U.S.C. § 1985(3).**

Section 1985(3) only creates a cause of action against private individuals when a plaintiff can demonstrate that she has been subjected to a conspiracy to deprive her of constitutionally guaranteed rights.  *Brady v. Livingood*, 360 F. Supp. 2d 94, 103 n.8 (D.D.C. 2004) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).  Plaintiff's claim under Section 1985(3) suffers from a fatal flaw in that she does not assert any cognizable claim for any constitutionally guaranteed right she enjoyed of which GSI allegedly conspired to deprive her.  *See United Brotherhood of Carpenters & Joiners of Am. V. Scott*, 463 U.S. 825, 832-33 (1983) ("[W]e [have only] upheld the application of § 1985(3) to private conspiracies aimed at interfering with rights constitutionally protected against private, as well as official, encroachment.").

Plaintiff's claims under Title VII may not be used to sustain a claim under Section 1985(3).  *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 378 (1979).  Therefore, she must rely on her allegations of a constitutionally guaranteed right to sustain her claim under Section 1985(3).  *See Scott*, 463 U.S. at 833.  Plaintiff first relies on her allegation that the "sexual and racial discrimination, hostile work environment and harassment that [she] was subjected to constituted cruel and unusual punishment in violation of the Eight [sic] Amendment

to the United States Constitution. . .” Complaint at ¶ 78. The Eighth Amendment's guarantee against cruel and unusual punishment, however, does not apply to a workplace dispute between an individual and her former employer. *Bailey v. Andrews*, 811 F.2d 366, 373 (7th Cir. 1987) (“[T]he eighth amendment right to be free from cruel and unusual punishment is applicable only to sentenced criminals.”); *see also Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). Plaintiff has not alleged that she is a sentenced criminal and, therefore, GSI could not have conspired to deprive her of rights she would otherwise enjoy under the Eighth Amendment.

  Plaintiff's second claim under Section 1985(3) is that GSI's conduct “deprived her of a liberty and interest [sic] without due process in violation of the Fifth Amendment to the U.S. Constitution.” Complaint at ¶79. Again, however, the Fifth Amendments protections do not apply to job disputes between private parties. *Nguyen v. United States Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983) (“The limitations of the fifth amendment restrict only federal governmental action and not the actions of private entities.”); *see also Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952) (“[First and Fifth Amendments] concededly apply to and restrict only the Federal Government and not private persons.”). The *Nguyen* court found no private right of action under the Fifth Amendment even when the defendants, as in this case, were private parties acting pursuant to a federal contract. 719 F.2d at 53. In short, the Fifth Amendment only grants Plaintiff protection against actions of the federal government and she has not shown how GSI conspired to deprive her of that protection.

  In this case, Plaintiff has not pointed to any federally protected constitutional right of which GSI conspired to deprive her and this claim should be dismissed.

15

**F)    Plaintiff's Claim for Negligent Supervision and Retention Fails to State A Claim Under Maryland Law.**

Plaintiff claims that GSI engaged in negligent supervision and retention in regards to her employment at the company. Complaint at ¶¶ 100- 103. Plaintiff's claim is barred, however, both because she fails to make out a Maryland common law tort by which she was harmed and through application of the state's workers compensation bar.

First, Plaintiff cannot maintain a negligent supervision claim predicated on violations of Title VII or other statutory claims. *Braxton v. Domino's Pizza, LLC*, No. RDB 06-1191, 2006 U.S. Dist. LEXIS 92902 at *12 (D. Md. Dec. 12, 2006) (citing *Demby v. Preston Trucking Co.*, 961 F. Supp. 873, 881-82 (D. Md. 1997)). In this case, Plaintiff has alleged that GSI breached its duty to her because it failed to "treat her fairly and in the same manner as whites and males in the workplace as to the terms and conditions of her employment." Complaint at ¶ 102. This claim, therefore, is clearly predicated on Plaintiff's claims of discrimination in violation of Title VII, Section 1981, and the Prince George's Code. Because Plaintiff fails to identify a common law cause of action upon which to base her negligent supervision claim, it should be dismissed as "there is no common law tort for discrimination on the basis of race in Maryland."[6] *Braxton*, at *14.

Even if Plaintiff identified a common law cause of action upon which to base her negligent supervision and retention claim - - and she has not - - her claim is still barred by application of Maryland's Workers' Compensation statute. *Ladson v. Thompson*, No. DKC 2003-1685, 2003 U.S. Dist. LEXIS 22122 at *18-*19 (D. Md. Dec. 3, 2003); *Hart v. Harbor Court Assocs.*, 46 F. Supp. 2d 441, 443 (D. Md. 1999); *Demby v. Preston Trucking Co.*, 961 F.

---

[6] Plaintiff cannot base her claim on her allegations of Intentional Infliction of Emotional distress since, as discussed elsewhere, that claim should also be dismissed. *Braxton*, at *19 n.7 (citation omitted).

16

Supp. 873, 881-882 (D. Md. 1997). The *Ladson* court dismissed a negligent retention and supervision claim based on a Title VII action arising out of workplace conduct "because such claims are 'preempted by the Maryland Worker's Compensation Act . . .'" *quoting Demby*, 961 F. Supp. at 881-882. Because the Maryland Workers Compensation Act provides the exclusive remedy for employee injuries arising out of and in the course of employment, such a claim based upon a Title VII action "must fail". *Id.* at *19.

Plaintiff's negligent supervision and retention claim is based upon her employment with GSI. In fact, in the Complaint, Plaintiff specifically alleges that GSI owed a "duty of care to its employees", Complaint at ¶ 101, and that GSI breached the duty that it allegedly owed to Plaintiff by failing to treat her the same as "whites and males in the workplace as to all the terms and conditions of her employment." *Id.* at ¶ 102. It is clear, therefore, that Plaintiff is making a claim based upon conduct related to her employment with GSI and, therefore, this claim is barred by the Maryland Workers Compensation Statute and it should be dismissed.

### G) Plaintiff's Claim for Intentional Infliction of Emotional Distress Fails to State a Cause of Action.

Finally, Plaintiff's claim that she was subjected to Intentional Infliction of Emotional Distress fails as she does not make allegations sufficient to support her claim. Specifically, Plaintiff failed to plead the severe emotional distress she allegedly suffered with the particularity that is required under Maryland law. *Manikhi v. Mass Transit Admin.*, 758 A.2d 95, 114 (Md. 2000). In *Manikhi*, the plaintiff sued her employer, among other claims, for violations of Title VII based on sexual harassment and retaliation and for intentional infliction of emotional distress arising out of those allegations. *Id.* at 103-105. As the Maryland Court of Appeals noted, the allegations of sexual harassment at work were "graphic" including threats of forced sex, repeated sexual requests, and grabbing of the plaintiff's breasts. *Id.* at 102. Despite this repulsive

17

behavior, the Court of Appeals upheld dismissal of the Plaintiff's Intentional Infliction of Emotional Distress claim because, even assuming that the behavior in question was extreme and outrageous, the Plaintiff failed to plead facts that arose to the level of *severe* emotional distress. *Id.* at 115 (emphasis in original). The Court of Appeals noted there is a high burden to show that there is severe emotional distress. *Id.*; *see also Arbabi v. Fred Meyers, Inc.*, 205 F. Supp. 2d 462, 466 (D. Md. 2002) ("As inappropriate and repulsive as workplace harassment is, such execrable behavior almost never rises to the level of outrageousness, and almost never results in such severely debilitating emotional trauma, as to reach the high threshold invariably applicable to a claim of intentional infliction of emotional distress under Maryland law.").

In the present case, the Plaintiff's allegations of discrimination and harassment fall far short of claims of the sexual assault and threatened rape that failed to state a claim in *Manikhi*. Plaintiff makes conclusory statements about her alleged emotional distress stating that she suffered "severe emotional distress, embarrassment, humiliation, and mental anguish." Complaint at ¶ 99. Under *Manikhi*, such non-specific allegations are not enough. To survive a motion to dismiss, Plaintiff should have made specific allegations about the nature, intensity, and duration of her alleged emotional injury. *Id.* at 114. The *Manikhi* court held that the failure to include the "evidentiary particulars" such as whether the plaintiff was forced to seek psychological help, how long that treatment lasted, and whether or not it was successful were fatal to her claim. *Id*. Similarly, in this case, Plaintiff has failed to make any of the specific particular allegations regarding any medical treatment she sought as a result of the alleged harassment, the duration of such treatment, and whether or not it was successful. By failing to make the necessary allegations, Plaintiff has failed to state a claim for Intentional Infliction of Emotional Distress and it should be dismissed.

## CONCLUSION

Under Section 2000e-5, this Court does not have venue to hear Plaintiff's Title VII claims. GSI, therefore, respectfully requests that those claims either be dismissed or that the case be transferred to the United States District Court for the District of Maryland. In the event that this Court finds venue to be proper, GSI respectfully requests that Plaintiff's claims of age based discrimination be dismissed for failure to exhaust her administrative remedies, that her claims under the Equal Pay Act be dismissed for being filed after the statute of limitations had run, and that her claims under Section 1985(3), Executive Order 11246, for gender discrimination under Section 1981, and for Intentional Infliction of Emotional Distress and for Negligent Supervision and Retention be dismissed for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

L-3 COMMUNICATIONS
GOVERNMENT SERVICES, INC.

By:   /s/  Leslie V. Heenan
              Counsel

John M. Barr
Megan S. Ben'Ary (D.C. Bar No. 493415)
Leslie V. Heenan (D.C. Bar No. 490431)
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia  22314
Phone: 703-684-8007
Fax: 703-684-8075