IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SANDRA MARSHALL        )
                          )
      Plaintiff,         )
                          )
      v.              )
                          )
HONEYWELL TECHNOLOGY   )     Case No. 1:05CV02502
SOLUTIONS INC., ET.AL.    )
                          )     Judge Richard W. Roberts
      Defendants.     )
                          )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS L-3 COMMUNICATIONS INC.'S (GSI) MOTION TO DISMISS AND/OR IN THE ALTERNATIVE TO TRANSFER VENUE AND SGT'S MOTION TO DISMISS**

Plaintiff, Sandra Marshall by and through her undersigned counsel, hereby files this consolidated response in opposition to; (1) Defendant L-3 Communications Government Services Inc. ("GSI") Motion to Dismiss –Or in The Alternative To Transfer—This Case For Lack of Venue and To Dismiss For Failure to Exhaust Administrative Remedies Or For Failure To State A Claim Upon Which Relief Can Be Granted and (2) Defendant SGT Inc.'s Motion To Dismiss.

In support of Plaintiff Marshall's Opposition to Defendants GSI and SGT motions, the Plaintiff refers this Court to the accompanying Memorandum and Points of Authorities.

## I.    INTRODUCTION AND SUMMARY

### A.    Summary of GSI's Motion To Dismiss-Or In the Alternative Transfer Venue

As a preliminary matter,  GSI filed its Motion to Dismiss –Or in The Alternative To Transfer—This Case For Lack of Venue and To Dismiss For Failure to Exhaust

Administrative Remedies Or For Failure To State A Claim Upon Which Relief Can Be Granted under three legal theories and/or reasons: (1) that this Court lacks venue to oversee and hear Title VII claims only, or in the alternative to dismissal to transfer this matter to either Maryland or Virginia which it claims has venue over the Title VII claims only (2) for failure to state a claim and (3) because allegedly Marshall failed to exhaust her administrative remedies as to her age discrimination claim. GSI further moves this court that in the event it does not transfer Venue then it should dismiss only those claims it raises in its motion against it.

        **B.**       **Summary of Defendant SGT's Motion To Dismiss**

In SGT's Motion to Dismiss it moved this court pursuant to Fed. R. Civ. P. 12(b)(6) only, to dismiss Plaintiff Marshall's Corrected amended Complaint for: (1) Marshall's alleged "…failure to "state causes of action for which relief can be granted", (2) because Marshall allegedly failed to exhaust her administrative remedies as to her age claim and (3) to have the Court enter judgment in favor of SGT pursuant to Fed. R. Civ. P. 12(b) (6).

However,  Plaintiff Sandra Marshall has voluntarily dismissed her Title VII claims against GSI because those claims are also being brought and pursued against the defendant under and pursuant to Maryland and the Prince George's County statues.  Thus GSI's motion to transfer this matter due to Venue requirements under Title VII should be denied because; (1) Title VII claims has been dismissed against GSI only  (2) Honeywell and SGT based on their conduct and submissions have not challenged Venue but have waived Venue and (3) Plaintiff objects to Venue being changed for reasons more fully set forth in this Memorandum.

Plaintiff Marshall has also dismissed Counts III, IV and VI against SGT, thus as to all other remaining Counts Plaintiff moves this Court to deny SGT's motion to dismiss as to Counts I, II and IV because they were properly and well-pled and state claims.

## II.    FACTUAL BACKGROUND

Plaintiff Sandra Marshall is an African American female who in December of 2003 was 54 years old and working as a sub-contractor for the parent contractor Honeywell and subcontractor GSI.  Ms. Marshall is currently 57 years old.

During 2003 Marshall was in the position as Voice Control Supervisor for Honeywell and GSI. On or before November 1, 2003 all contractors working on the contract with Marshall were informed that a new subcontractor hired by Honeywell would be taking over the subcontract she was working on at the National Aeronautics and Space Administration ("NASA") in Greenbelt, Maryland.

Marshall worked as a contractor for NASA for over 25 years in Greenbelt, Maryland.  Marshall was the only African American and only African American female promoted in the position of Voice Control Supervisor in 2000. Soon after being promoted in 2000 she began to experience race, sex and age discrimination of the worse kind.

Specifically, Marshall was so stressed and humiliated by her treatment by her Caucasian and male managers and employees that she complained to NASA, Honeywell and GSI officials about being discriminated against because of her race, sex and age. However, nothing was done to correct the problems by NASA, Honeywell or L-3 in response to resolving Marshall's complaints other then refusing to allow her to apply for any jobs that were actually available on the existing contracts that Honeywell, L-3 and SGT had with NASA in December 2003. Instead all three defendants allowed Marshall to

be terminated on December 31, 2003, with the full knowledge that they had positions available which Marshall could have applied for but was not notified of their existence.

Prior to being terminated on December 31, 2003, all of the defendant corporations knew of all job openings that were available for applicants and potential applicants to apply for. All three of the defendant corporations willfully and intentionally failed to post any and all job openings or gave to give notice to Marshall of jobs that they had available as they had done for the whites and male managers and employees.

Prior to being terminated on December 31, 2003, Marshall was consistently and intentionally excluded as the only woman and African American from manager meetings or employee meetings. She was consistently and intentionally denied information while white and male managers and subordinate employees were provided workplace information. Defendants secretly and/or intentionally sought to have Marshall denied and loose her employment with any of them. Marshall at all times relevant made it known to all three of the defendant corporations that she was interested in applying for any and all available positions for which she was qualified or could be trained in other than the Voice Control Supervisor position that she held in 2003. Ex. 1 Aff. Marshall.

Specifically, Marshall in 2003 had sought to be allowed to apply for other positions with the defendants SGT, L-3 and Honeywell because she had been unduly degraded, humiliated embarrassed and discriminated against while she was in the position of Voice Control Supervisor during 2000-2003 by defendants Honeywell and L-3. Marshall had continuously complained of discrimination in the workplace during 2000-2003. Both Honeywell and L-3 knew that Marshall had repeatedly and consistently complained to them and NASA about being discriminated against and during those years

defendants Honeywell and L-3 did nothing to resolve Marshall's complaints and/or inadequately resolved her complaints. In fact what Honeywell and SGT did in response to Marshall's discrimination complaints during the 2000-2003 years was to encourage, participate and condone its white and male managers and employees to harass, discriminate, humiliate and degrade Marshall.

As a direct result of Marshall engaging in protected activity from 2000-2003 by complaining of discrimination and unfair treatment as to all terms and conditions of employment by Honeywell, L-3 and SGT to the defendants themselves, NASA and the PGCHRC and EEOC, all three defendants retaliated against Marshall by at a minimum by failing to notify her of job vacancies, denying her the right to apply for any job that was available and terminating only her employment and no white or male's employment.

Marshall who had for decades received satisfactory employment ratings suddenly after she engaged in protected activity of complaining about discrimination the workplace began receiving complaints about her work and receiving unsatisfactory ratings. She was excluded from meetings, she was denied the right to discipline any white and/or male employee, she had her work overly scrutinized and subjectively evaluated, she received discriminatory performance evaluations, she had her work evaluated by a white male subordinate employee whom she supervised, she was laughed at and made fun of in meetings and in front of subordinate employees, she had managers to openly inform her subordinates to disregard her instructions and to disregard her as a manager. Her authority as a manager was completely undermined.

 Marshall had been intentionally discriminated against from 2000-2003 to the point that she filed five (5) discrimination charges against defendants with the Prince

George's Human Relations Commission (PGCHRC) and Equal Employment Opportunity Commission (EEOC) during that same period.

The discrimination, harassment and hostile work environment with Marshall's employers Honeywell and L-3 culminated in 2003. Unknown to Marshall in most of 2003 L-3 lost part of its subcontract with Honeywell and NASA. Marshall did not learn that L-3 was not going to be managing the section she was working in until mid December 2003.   In December 2003 all employees on Marshall's contract were interviewed and hired in their same and/or new positions by the new contractor SGT except for her.  Marshall was informed by SGT that it was informed by Honeywell that her position of Voice Control Supervisor was still with Honeywell and that SGT would love to hire her but was told by Honeywell it could not hire her. SGT told Marshall it would find another position for her.

Marshall subsequently learned after her interview with SGT on December 19, 2003, that SGT hired a white male younger than Marshall and placed him in her position and/or gave him her job duties. The white male who replaced Marshall also worked for Honeywell and had no experience and/or little experience in the position that Marshall had worked in for at least four years. The white male was paid more than Marshall was paid for performing the same work.

Prior to being terminated on December 31, 2003, Marshall had inquired repeatedly of Honeywell, L-3 and SGT as to when she would know about her position or any position with the new subcontractor, Honeywell or L-3 but was never informed by any of the defendants of any job openings, vacancies, upcoming vacancies or possible jobs.   As a result of all three (3) defendants' discriminatory actions, Plaintiff Marshall

filed three separate PGCHRC Charges against the three defendants, namely on December 29, 2003 against SGT, February 28, 2004 against Honeywell and February 2, 2004 against L-3.  When Marshall filled out her initial Discrimination Charge Questionnaire she included age as part of her discrimination claims, however she was told by the PGCHRC intake officer she could not file an age claim. Ex. 1 Aff. Marshall and Ex. 2 PGCHRC Intake Questionnaire Form Completed by Marshall

During Marshall's initial interviews with the PGCHRC intake officer on all three charges, Marshall had insisted that age be included. Ex. 1 Aff. Marshall However, the PGCHRC intake officer refused to allow Marshall to include age.   From December 29, 2003 until on or about July 7, 2007, the Prince George's County Human Relations Commission (PGCHRC who has a work sharing agreement with the Equal Employment Commission (EEOC) was investigating Marshall's discrimination charges.

Approximately one (1) year after Marshall filed her discrimination charges she was contacted directly by the PGCHC/EEOC, namely Kathleen P. Thornton by email concerning her discrimination claims and possible resolution of those claims. See Ex. 5 Once again Marshall responded to the PGCHC/EEOC that her claims included racial, gender and age bias. See Ex. 5.

On December 30, 2005, Plaintiff Marshall filed her age discrimination complaint in this court to preserve her rights. On January 6, 2006, she formally Amended her PGCHRC/EEOC Charge to include age discrimination. See Ex.4 Thus, Plaintiff's amendment relates back to the filing of her original charges against the defendants. Maryland is a state that freely allows amendments.

On or about April 25, 2006, Plaintiff Marshall timely served all three defendants with her original complaint and summons. The three defendants filed motions to dismiss and the court after reading and viewing the documents denied their motions to dismiss without prejudice after Marshall amended her complaint on December 31, 2006 and the EEOC issued "right To Sue" letters in this matter.

Defendant Honeywell has filed its Answer and waived any challenge as to Venue in this matter. Defendant GSI filed a motion to dismiss or in the alternative to have this case transferred to Maryland based on Marshall's filing some of her claims under Title VII. Marshall dismissed her Title VII claims against only GSI, since those same claims brought under Title VII were also being brought pursuant to the Maryland and Prince George's County statues. Defendant SGT has filed only a motion to dismiss and has waived any challenge or objection to Venue in this matter.

Plaintiff files this legal brief opposing the defendants GSI and SGT's motion to dismiss and in the alternative change of Venue.

### III.    LEGAL STANDARD-MOTION TO DISMISS

A motion to dismiss under Fed. R. Civ. P. 12(b) (6) should not be granted unless a plaintiff can prove no set of facts in support of his or her claim which would entitle them to relief being sought.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C.Cir.1994) and Beverly Enters., Inc. v. Herman, 50 F.Supp.2d 7, 11 (D.D.C.1999).

Moreover, at this stage of litigation when dismissal has been sought, a plaintiff's complaint must be construed liberally, and the plaintiff should receive the benefit of all favorable inferences that can be drawn from the alleged facts.   See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C.Cir.1997). However, the court may

consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject-matter jurisdiction.

The court in ruling on a motion to dismiss for failure to state a claim should resolve "any uncertainties or ambiguities involving the sufficiency" of the complaint must be resolved in favor of the Plaintiff,  and generally, the complaint must not be dismissed because the court disbelieves that plaintiff will prevail. Fed. R. Civ. P. 12(b)(6)

Additionally, a defendant raising a defense of failure to state a claim cannot assert any facts which do not appear on the face of the complaint itself. Fed. R. Civ. P. 12(b)(6).

When the trial court decides a motion to dismiss for failure to state a claim by considering factual material outside the complaint, the motion shall be treated as if filed pursuant to the civil rule for summary judgment, which permits the grant of summary judgment if there are no material facts in dispute and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 12 (b) (6), 56

 If the trial court considers or relies upon any facts asserted by affidavit it has effectively converted the motion to dismiss as one for summary judgment and must give notice to all parties of its intent to consider summary judgment and an adequate opportunity to present affidavits or other matters appropriate to a ruling on such a motion. Washkoviak et. al. v. Student Loan Marketing Association 2006 WL 1547363 (D.C.) Citing Kitt v. Pathmakers, Inc., 672 A.2d 76, 79 (D.C. 1996)

## IV.     ARGUMENT

A.     Defendant L-3 Communications (GSI)'s Motion to Dismiss –Or in The Alternative To Transfer—This Case For Lack of Venue and To Dismiss For Failure to Exhaust Administrative Remedies Or For Failure To State A Claim Upon Which Relief Can Be Granted should be denied in its entirety because; (1) Plaintiff Marshall has dismissed only her Title VII claim against GSI because her claims for race, sex and hostile work discrimination were also brought under the Maryland Code 49 and 42 and the Prince George's County Anti-Discrimination Codes, thus dismissing or transferring Marshall's case for lack of Venue as to the Title VII claims as to GSI is a moot issue; (2) plaintiff has fully and properly plead her employment discrimination (age, race, sex and hostile work environment and retaliation) claims  equal pay act, intentional emotional distress, negligent retention claims and any and all other claims.[1]

### 1.     Defendant GSI's Motion To Transfer This Matter For Lack of Venue As To Plaintiff's Title VII Claim is Moot And Should Be Denied.

Plaintiff has filed an Amended Complaint in this matter alleging race, age and sex discrimination, harassment, retaliation and hostile workplace environment claims pursuant to Title VII and the Prince George's County Code and Md. Code Ann., Article 49 B § 42 1957 anti-discrimination statues. The Defendant GSI is the only defendant that has filed a motion challenging Venue or lack Venue for this Court to proceed and only on Plaintiff Marshall's Title VII claims. According to the Defendant GSI, this court lacks Venue to hear only the Plaintiff's Title VII claims and no other claims.

---

[1] It should be noted that GSI has not filed any motion to dismiss Marshall's claims in Count II and III therefore, GSI concedes that Marshall has properly plead Counts II and III of her amended complaint against it as a defendant.

10

Because Plaintiff's Title VII claims are also claims protected and brought pursuant to the Prince George's County Code and Maryland statues, Plaintiff has dismissed her Title VII claims only as to GSI in this matter. Plaintiff continues to pursue her race, age and sex discrimination, retaliation, hostile work environment, and Equal Pay Act claims against GSI pursuant to the Prince George's County Code and the Maryland statues.

In this matter, Plaintiff Marshall, Defendants Honeywell and SGT do not agree and have not challenged or requested a change of Venue in this matter. Specifically, defendants Honeywell and SGT have waived any challenge to the issue of Venue in this matter based on their own conduct, actions and/or omissions. Specifically, Honeywell has filed an Answer to the Amended Complaint in this Court. If Honeywell wanted to challenge the Venue of this Court it should have filed its own separate motion to Transfer Venue prior to filing its Answer. SGT did not file a Motion to Transfer Venue. SGT filed only a Motion To Dismiss and did not file a separate motion challenging Venue and nor does it challenge Venue in its current motion. If either Honeywell or SGT had wanted to challenge Venue in this matter, then each defendant was required to file a separate and distinct motion moving this court to change Venue.

Defendants Honeywell and SGT have waived any challenge to Venue based on their submissions and conduct in this matter thus far. A party may waive a claim of improper Venue, which both Honeywell and SGT have done in this matter. "Barnstead Broad. Corp. v. Offshore Broad. Corp., 869 F. Supp. 35, 38 (D.D.C. 1994)(quoting Manchester Knitted Fashions v. Amalgamated Cotton Garment Fund, 967 F.2d 688, 692

(lst Cir. 1992)) ("An objection to …venue may be waived by "submission [in a cause] through conduct.'")".

Since GSI has been the only party and defendant to file a motion challenging Venue and Plaintiff has now dismissed her Title VII claims against GSI because they are duplicitous of her claims against GSI brought pursuant to the Prince George's County Code and Maryland statues, the issue of transferring this matter to either Maryland or Virginia is moot. Plaintiff Marshall contends that Venue properly resides in the District of Columbia based on: (1) diversity, (2) this is the choice of forum for Plaintiff, (3) Plaintiff resides in the District of Columbia, (4) witnesses are in at least four states- Maryland, DC, Virginia, Pennsylvania and Arizona and (5) the District of Columbia is Central to all jurisdictions involved.

Moreover, if this Court was some how inclined to transfer this matter to any other jurisdiction because it believes it lacks jurisdiction on the Title VII claims, then Plaintiff Marshall would ask that the matter be transferred to the Maryland State Court, the Circuit Court of Prince George's County because Plaintiff would pursue strictly her state claims in state court.

### 2.    Plaintiff's Age Discrimination Claims Should Not Be Dismissed because She Exhausted Her Administrative Remedies

Plaintiff Marshall contends that by the defendants attaching documents to their motions including an affidavit by GSI's Vice President of  Human Resources Beth Skoletsky and the Marshall's PGCHRC/EEOC Charges it has asked this court treat their motions to dismiss as one for summary judgment. Fed. R. Civ. P.  12( c ). Both GSI and SGT attached Plaintiff Marshall's initial charges of discrimination to their motion to

dismiss to show that initially Marshall's charges which were written and typed by an intake person at the PGCHC did not have the age box checked. Marshall on the other hand has contended that when she went in to file her initial discrimination charges before the PGCHC/EEOC: (1) she was not represented by counsel, (2) that she completed an intake form and on that form had checked the age box and (3) was later denied the right to file an age discrimination claim. See Aff. Marshall  The issue as to what happened to Marshall when she went to file an age discrimination charge is relevant and is disputed. The fact is that there is a factual dispute as to how Marshall was denied the right to file an age discrimination charge at the PGCHRC. The issue concerning whether Marshall was denied the right to file her age charge cannot be resolved through a motion to dismiss without the Court considering extrinsic evidence and turning the matter into one for summary judgment. To the extent that the Court considers all affidavits and outside evidence Plaintiff contends that she cannot fully respond to the motion dismiss on the issue of age discrimination without full and complete discovery.

If the Court treat's defendant's motion to dismiss Marshall's age claim as one for summary judgment, then the Court must judge that claim under summary judgment's strict standard, which favors denial of the motion. Rule 56 does require a defendant to demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). A court is also obligated to search the record and independently determine whether or not a genuine issue of fact exists, and furthermore,

A court should not grant summary judgment unless the entire record shows
A right to judgment with such clarity as to leave no room for controversy
And establish affirmatively that the adverse party cannot prevail under any
Circumstances. "Phoenix Sav. & Loan, Inc. v. Aetna Casualty & Sur. Co.,
381 F.2d 245, 249 (4th Cir. 1967). *Id* at 55.

In this particular matter, Marshall has evidence that when she completed an intake

questionnaire form with the PGCHRC/EEOC she checked the age box. See Ex.2  It is

clear that Marshall checked the age box on the intake questionnaire form as one of her

many claims. Marshall states in her affidavit that the PGCHRC denied her the right to file

an age claim. See Ex. 1 Marshall Aff. .Marshall filed her Complaint for Age

Discrimination to avoid the statue of limitations of two years from expiring, which she

did. She filed her complaint on December 30, 2005, one day short of the two year statue

of limitations. See Court Record.

As an initial matter, the Court must determine whether this case is time-barred.

The United States Supreme Court and this Court has noted that the exhaustion of

remedies is not jurisdictional, but more like a statute of limitations.  Zipes v. Trans World

Airlines, Inc., 455 U.S. 385 (1982) and Bowden v. United States, 106   F.3d 433, 437

(D.C. Cir. 1997) ("The administrative time limits created by the EEOC erect no

jurisdictional bars to bringing suit").  Moreover, Marshall was denied the right to file her

age discrimination charge with the PGCHRC/EEOC, the very agency that was to protect

her rights. Nonetheless it was clear that Marshall had at all times relevant wanted to file

an age discrimination charge. She filed her age when she completed the intake

questionnaire and again in 2006 while the PGCHRC/EEOC was still investigating her

claim.

On January 6, 2006, she formally amended her discrimination charge and included age discrimination with a sworn statement even though the PGCHRC/EEOC had repeatedly refused to accept Marshall's age discrimination complaint. See Exs 1and 4 The PGCHRC's actions were illegal. Under Maryland law it feely allows amendments to be made to discrimination charges and to have those amendments relate back to the original filing of the three charges, thus Marshall's age claim is not time barred but timely.  Maryland Article 49B § 11( c ) and <u>Maryland Commission on Human Relations v. Baltimore County Savings & Loan Association, Inc</u>., 52 Md. App. 357 (1982) In Maryland Commission on Human Relations the court held that:

> Article 49B§11( c ) expressly permits "reasonable amendment to be made to any complaint or answer." Furthermore, regulations adopted by the Commission specifically state that, "a complaint may be amended to cure technical defects or omissions, including failure to swear to the complaint,…All of these amendments will relate back to the original filing date."

> …, the federal district court recognized relation back of an amendment to verify a previously filed complaint under the EEOC's regulations. These regulations are similar to those adopted by the Maryland Commission on Human Relations.

In the alternative, even if the court determines that the amended charge is untimely, under the equitable tolling doctrine this court can right the wrong that was inflicted upon Marshall by the PGCHRC-the agency's actions were illegal..

A complainant should not be punished or penalized when the very agency that is required to protect them fails and/or in this case outright wrongfully denies them access to the complaint process no matter how many times they tried. In the case at bar, Marshall was denied the right to file an age discrimination charge. See Ex. 1, Aff Marshall  Nonetheless, Marshall amended her discrimination charge after repeated

denials by the PGHRC on January 6, 2006, by mailing the charge in while the

PGCHRC/EEOC was still investigating her claims. Marshall v. Fed. Express Corp., 130

F.3d 1095, 1098 (D.C.Cir. 1997).  An amended complaint relates back to the original

filing. Once Marshall clearly amended her discrimination charge on January 6, 2006 , the

Prince George's Human Relations Commission continued to investigate her

discrimination charges until July 7, 2006, after she asked for a "Right To Sue Letter.

Because Marshall did amend her discrimination charge during the time the PGCHRC was

investigating her claims and she did file a separate action and the charge related to her

termination, she should be deemed to have exhausted her administrative remedies.

Mianegaz v. Hyatt Corporation, 319 F. Supp. 2d 13 (D.C. Cir 2004)

Moreover, when a charge is amended it relates back to the original filing of

Marshall's original charges against both GSI and SGT, thus her age discrimination

charge is timely and she exhausted her administrative remedies. Maryland Commission

on Human Relations v. Baltimore County Savings & Loan Association, Inc., 52 Md.

App. 357 (1982)  More importantly, Marshall has submitted evidence to this court that

she submitted an intake questionnaire form. Other courts have held the intake

questionnaire/form as being sufficient to filing a "formal charge".  Ingram v. pre-Paid

Legal Services, Inc., 4 F. Supp.2d 1301 (10th Cir. 1998)  Thus Marshall also relies upon

the filing and contents of her intake questionnaire form as being sufficient to prove that

she filed age discrimination and it was her intent to file age discrimination with the

PGCHRC/EEOC, therefore she has exhausted her administrative remedies. See Ex. 2

Additionally, other courts have held that when the complainant notifies the

agency (EEOC) of the alleged employment discrimination and the name of the parties,

that the failure to the complainant to file a sworn charge within the 180 days is not a bar

to the complainant pursuing their claim. EEOC v. US Fidelity and Guaranty Company,

420 F. Supp. 244 (D. Md. 1976)  It would be an extreme sanction by this court to dismiss

Marshall's age discrimination charge because she was unduly prejudiced by dealing with

the PGCHRC/EEOC. Marshall's age claim does not warrant dismissal because of the

malfeasance of the PGCHRC.

        Moreover, in EEOC v. USFG the court held that even when the complainant

Ms. Braden filed her sworn EEOC charge 250 days after the incidents (Braden had

submitted only a letter complaining of discrimination), "that a charge may be amended to

cure technical defects or omissions, including failure to swear to the charge, or to clarify

and amplify allegations therein, and such amendments alleging additional acts which

constitute unlawful employment practices directly related to or growing out of the subject

matter of the original charge will relate back to the original charge date. (emphasis

supplied)."

    Wherefore for all the above reasons Plaintiff Sandra Marshall moves this court to

deny the defendants' motion to dismiss her age discrimination claim because Marshall

exhausted her administrative remedies.


        **3.      Plaintiff's Equal Pay Act Claims As to GSI Should Not Be Dismissed
        Because It does Not Fall Outside of the Applicable Statue of
        Limitations Period.**


    Plaintiff Marshall has dismissed her Equal Pay Act claim as to SGT but not as to

GSI. The issue of dismissing the equal pay act claim as to SGT is moot. However,

Marshall contends that her Equal Pay Act claim is timely either under the Federal or

Maryland statues as to GSI. The Federal statue have a two year statue of limitations and Maryland has a three year statue of limitations in which a victim of pay discrimination can bring a claim under the equal pay act.  In this matter, Marshall filed her original charge on December 30, 2005 and amended her complaint on December 31, 2006. Pursuant to Fed. R. Civ. P. 15( c ) (2) "an amendment of a pleading relates back to the date of the original pleading when…the claim or defense asserted in the emended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15 ( C ) (2). Under Maryland law amendments are freely allowed and relate back to the original filing.

Since Marshall filed a timely complaint on December 30, 2005, her equal pay act relates back to the filing of her original complaint. Marshall's complaint was filed in less than two years after she was terminated and when she received her last pay check. She amended her Complaint on or about December 31, 2006, which was less than three yeas from the time she was terminated and received her last paycheck . Nixon v. State, 96 Md. App. 485, 625 A.2d 404 and Gaskins v. Marshall Craft Associates, Inc., 110 Md. App. 705, 678 A.2d 615, A.2d 615 Md. App. 1996. Since Marshall's claims relate back to the time she originally field her complaint her equal pay act claim pursued under both Maryland and Federal statues are timely.

Wherefore for all the above stated reasons this court should deny the Defendant GSI's motion to dismiss Marshall's equal pay act claims. Marshall dismissed her equal pay act claim against SGT thus that issue is moot.

**4.     Plaintiff Has Not Filed Any Cause of Action Pursuant to Executive Order 11246**

Contrary to both GSI and SGT's motions Plaintiff Marshall has not filed any formal cause of action pursuant to Executive Order 11246 and thus there is nothing for this court to dismiss.

**5.     Plaintiff Hs Not Filed Any Cause of Action Under 42 USC Section 1981 For Gender Based Discrimination.**

Contrary to both GSI and SGT's motions in this matter Plaintiff Marshall has not filed any formal cause of action for gender based Discrimination pursuant to 42 U.S.C. § 1981. Plaintiff is well aware that 42 U.S.C. § 1981 applies only to race discrimination and Plaintiff brings her claims under 42 U.S.C. Section 1981 based on race not sex. Defendants fail to file in its motion to dismiss pursuant to 42 U.S.C. Section 1981 as to race discrimination, wherefore both GSI and SGT concede that Plaintiff Marshall has properly pled a complaint under 42 U.S.C. Section 1981 as to race discrimination.[2]

Wherefore for all the above reasons Plaintiff Sandra Marshall moves this court to deny the defendants motion to dismiss her 42 U.S.C.§ 1981 race discrimination claim.

**6.     Plaintiff Has not Filed A Formal Cause of Action At This Time Under 42 U.S.C. Section 1985(3)**

Contrary to Defendants motions in this matter Plaintiff Marshall has yet to file any count or claim for Conspiracy against Defendants in this matter. Plaintiff reserves the right to file such a claim at the close of discovery if the evidence shows that there was a conspiracy.  Defendants have put the cart before the horse and have prematurely included

---

[2] Plaintiff in this matter has not filed any gender based claim against the defendant GSI in this matter pursuant to 42 U.S.C. Section 1981. Thus GSI concedes that Marshall brought a race based discrimination claim against GSI in her amended Complaint.

in their motions to dismiss, a claim that has not been separately pled as a Count.  If this Court were to dismiss a claim that has not been pled, it would prejudice and harm the Plaintiff if at the close of discovery it is determined that sufficient evidence exists to support amending and adding to her complaint a specific Count/Claim for conspiracy.

Contrary to SGT in Count II Plaintiff Marshall clearly makes allegations against SGT as to her attempt and failure to be able to enter into a contract for employment with the corporation. Marshall specifically alleges that she was denied the right as a citizen to be hired for available positions with SGT. She alleges in her complaint that SGT prevented her from applying and being hired for any of its available positions and from notifying her of available positions and it had done for whites and males based on her race and sex. Marshall does not bring any claim against SGT for a hostile work environment.

Specifically Plaintiff in paragraphs 35-90 has alleged that SGT refused to hire her or inform her of other positions it had available for her to apply for and to be hired. Marshall alleged that she was the only manager, African American and woman that was not hired by SGT on its contract as Honeywell's new subcontractor. Marshall also alleged that SGT secretly and in a conspiracy with Honeywell and GSI withheld job vacancy information from Marshall in violation of Title VII, 42 U. S.C.§1981 and the Maryland and Prince George's County anti-discrimination codes. It is clear that SGT had vacancies. It was the new subcontractor. SGT took over the job that GSI once had and it hired the people who were already in positions and it created other positions.

Marshall alleged sufficient facts which if taken to be true showed that she was a African American and woman. She applied for a position that was available. She was not

allowed to apply for other vacant positions. She was not notified and/or informed about all of SGT's vacant positions. She alleges that she was the only woman and African American not hired for a position. She alleges that she was the only woman and African that was terminated when SGT was still searching to hire more people, when she was qualified, able and willing to work See Aff Marshall.

More importantly, in order for a complaint to survive a Rule 12(b)(6) motion to dismiss, the plaintiff need only to provide a short plain statement of the claims being brought and the grounds upon which they are based. Fed. R. Civ. P. 8(a) (2); Conley v. Gibson, 355 U.S. 41, 47 (1957).  Marshall does need to even plead the elements of a prima facie case in her complaint. Sparrow v. United Air Lines, Inc. 216 F.3d 1111, 1114 (D.C. Cir. 2000); Swiekiewicz v. Sorema N.A., 2002 WL 261807 (U.S. Feb. 26, 2002) "(holding that a plaintiff in an employment –discrimination case need not establish her prima facie case in the complaint)." Therefore, this Court can only dismiss Marshall's Complaint for failure to state a claim only if it is clear that no relief could be granted under any set of given facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996).

Marshall in her complaint has clearly alleged sufficient facts which if true and believed by a jury she could prevail on pursuant to Count II. Plaintiff has properly filed her claims under the fifth and eighth amendments and should not be dismissed.

Wherefore for all the above reasons Plaintiff Sandra Marshall moves this court to deny the defendants motion to dismiss her 42 U.S.C.§ 1981 race discrimination claim.

**7.    Plaintiff Has Not failed to State A Claim For Negligent Supervision Under Maryland Law Against GSI.**

Contrary to Defendants motion to dismiss Marshall has not alleged any "physical" injury or any "accidental" injury in the workplace. Marshall's case would not fall under the Worker's Compensation laws of Maryland. Marshall also did not claim to have an "occupational" disease. In order for Marshall's claims t fall under Maryland workers compensation laws she must have a physical injury and it must have been an accidental injury in the workplace-which is not the case her. <u>Federated Dept. Stores, Inc</u>. 80 Md. App. 89 (1989), aff'd, 324 Md. 71 (1991). What is clear in both Maryland and the District of Columbia is that an employer may be liable for breach of duty to supervise. <u>Anderson v. Hall et. al</u>. , 755 F. Supp. 2 (D.D.C. 1991).  An employer can also be held liable for "negligent breach of its duty to supervise its employees". International Distribution Corp. v. American Dist. Tel. 569 F.2d 136, 139 (D.C. Cir. 1977) and Morgan v. District of Columbia, 449 A.2d 1102 (1982).

Wherefore for all the above reasons Plaintiff Sandra Marshall moves this court to deny the defendants motion to dismiss her negligent supervision claim against GSI. claim.

**8.    Plaintiff Has Not Failed to State A Claim For Intentional Infliction of Emotional Distress Against GSI and SGT.**

Wherefore for all the above reasons Plaintiff Sandra Marshall moves this court to deny the defendants motion to dismiss her age discrimination claim.

**9.    Plaintiff Dismissed Count III Against SGT.**

Plaintiff Marshall has dismissed Count III against SGT therefore dismissing Count III is moot.

Wherefore for all the above reasons Plaintiff Sandra Marshall moves this court to deny the defendants motion to dismiss Count III claim.

### 11.    Plaintiff Dismissed Count V Against SGT.

Plaintiff Marshall has dismissed Count V against SGT therefore dismissing Count V is moot.

Wherefore for all the above reasons Plaintiff Sandra Marshall moves this court to deny the defendants motion to dismiss Count  V claim.

### 12.    Plaintiff Dismissed Counts VI Against SGT.

Plaintiff Marshall has dismissed Counts IV and VI against SGT and therefore the issue to dismiss these Counts against SGT is moot.

## V.    CONCLUSION

Wherefore for all the above stated reasons  Plaintiff Marshall moves this court to deny L-3 Communications Inc. ("GSI")'s Motion to Dismiss –Or in The Alternative To Transfer—This Case For Lack of Venue and To Dismiss For Failure to Exhaust Administrative Remedies Or For Failure To State A Claim Upon Which Relief Can Be Granted and to deny SGT's motion to dismiss in their entirety.

Respectfully Submitted,

_____/s/_____

Jo Ann P. Myles
Law Offices of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland  20774
Bar No. 04412
301-773-9652 (office)
301-925-4070 (fax)
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this  20th day of  March 2007, a copy of the foregoing

Plaintiff's Unopposed Motion For An Extension of Time was served upon the defendants

by electronic filing.

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N. Street, N.W. Fifth Floor
Washington, D.C. 20037

Chand N. Gupta, Esq.
Megan S. Ben'Ary, Esq.
3981 Alcoa Drive
Fairfax, Virginia 22033

Andrew P. Hallowell, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street N.W. Suite 1100
Washington, D.C. 20006

_____/s/_____
Jo Ann P. Myles

24