IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>HONEYWELL TECHNOLOGY )<br>SYSTEMS, INC., )<br> )<br>L-3 COMMUNICATIONS, INC., )<br> )<br>and )<br> )<br>SGT, INC., )<br> )<br>Defendants. )<br>_____ ) | Case No. 1:05-CV-02502 (RWR) |

### DEFENDANT SGT INC.'S REPLY MEMORANDUM TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Local Rule 7(d), Defendant, SGT, Inc. ("SGT" or "Defendant"), by its undersigned counsel, hereby respectfully submits its Reply to Plaintiff's "Opposition to Defendants L-3 Communications Inc.'s (GSI) Motion to Dismiss and/or in the Alternative to Transfer Venue and SGT's Motion to Dismiss."

As discussed below, Plaintiff's Corrected Amended Complaint[1] should be dismissed in its entirety because Plaintiff failed to exhaust her administrative remedies and to state causes of action for which relief can be granted. SGT respectfully requests that the Court enter judgment in its favor pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] The Corrected Amended Complaint alleges causes of action for employment discrimination on the basis of age, racial and sexual harassment, hostile work environment, retaliation, negligent supervision, negligent retention, intentional infliction of emotional distress, civil rights violations under the Fifth and Eighth Amendments of the United States Constitution, 42 U.S.C. §1981 and the Equal Pay Act.

In the multiple iterations of Plaintiff's complaint over the course of a year, Plaintiff has failed to allege that SGT engaged in any actionable conduct. Plaintiff allegedly suffered discrimination on the basis of age, race and gender at the hands of Honeywell Technology Systems, Inc. ("Honeywell") and L-3 Communications, Inc. ("L-3"). SGT, as a new subcontractor to the project, was not awarded the personnel position which Plaintiff occupied with Honeywell and L-3. Therefore, SGT was unable to hire Plaintiff. Plaintiff concedes these facts, yet still attempts to hold SGT accountable for the harm she allegedly suffered because of Honeywell and L-3. As discussed more thoroughly below, SGT respectfully requests that all counts of Plaintiff's Corrected Amended Complaint be dismissed.

## I.   Statement of the Case

On or about December 30, 2005, Plaintiff initially brought an action against Honeywell, L-3 and SGT (collectively, the "Defendants") alleging that Defendants discriminated against Plaintiff on the basis of age. Defendants each filed motions to dismiss the initial complaint and Plaintiff moved to strike Defendants' motions. On or about January 12, 2007, Plaintiff filed an Amended Complaint. In light of the Amended Complaint, on January 18, 2007, the Court denied Defendants' previous motions to dismiss and Plaintiff's Motion to Strike. On or about January 29, 2007, Plaintiff filed a Motion for Leave of Court to File a Corrected Amended Complaint. On February 5, 2007, the Court granted Plaintiff's Motion for Leave of Court to File a Corrected Amended Complaint.

On February 15, 2007, SGT filed its Motion to Dismiss Plaintiff's Corrected Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Subsequently, on March 18, 2007, Plaintiff voluntary dismissed Counts III (Retaliation), IV (Equal Pay Act) and VI (Negligent Supervision and Retention) as to SGT. On March 20, 2007, Plaintiff filed her Opposition to Defendants L-3

Communications Inc.'s (GSI) Motion to Dismiss and/or In the Alternative to Transfer Venue <u>and</u> SGT's Motion to Dismiss ("Opposition").

**II.    <u>Argument</u>**

    A.    <u>Facts Raised for the First Time in Plaintiff's Opposition Should Not be Considered.</u>

Plaintiff, in her Opposition, includes a Factual Background section that is almost six pages long. In this section, Ms. Marshall introduces facts not alleged in the Corrected Amended Complaint. Some of the facts that Ms. Marshall alleges for the first time in her Opposition are coincidentally the facts that were notably lacking from her Corrected Amended Complaint.

For example, Ms. Marshall explains that a Prince George County Human Rights Commission ("PGCHRC") intake officer refused to allow her to include a charge of age discrimination in her Equal Employment Opportunity Commission ("EEOC") charge. (<u>See</u> Opposition at 7). It is this very alleged fact that Ms. Marshall uses as the basis for her argument as to why Count I—the age discrimination claim—of her Corrected Amended Complaint should not be dismissed. (<u>See</u> Opposition at 12-17.) This alleged fact, however, is noticeably absent from the Corrected Amended Complaint. Despite amending her complaint multiple times over the last 15 months and knowing the issues surrounding the age discrimination claim, Ms. Marshall failed to include this fact in the Corrected Amended Complaint. Ms. Marshall raises it now, in her Opposition, for the first time. (<u>See</u> Corrected Amended Complaint, ¶¶ 11-56.)

Any new facts raised for the first time in an Opposition should not be considered by the Court. <u>See</u> <u>Commonwealth of Pennsylvania v. PepsiCo., Inc.</u>, 836 F.2d 173, 181 (3rd Cir. 1988) (hereinafter PepsiCo). "It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." <u>PepsiCo</u>, 836 F.2d at 181. "It is axiomatic that the complaint may not be amended by the brief in opposition to a motion to dismiss." <u>Car Carrier, Inc. v. Ford</u>

3

Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). "Similarly, consideration of a motion to dismiss is limited to the pleadings." Id. Since Ms. Marshall has never raised the issue of an intake officer barring her from making an age discrimination claim in a pleading, she cannot simply raise it now in an opposition brief and base the bulk of her arguments on this fact. Thus, the Court should not consider Ms. Marshall's alleged attempt to include age as a basis of discrimination in her EEOC charge when ruling on SGT's Motion to Dismiss.

### B.    SGT's Motion to Dismiss Should Not Be Converted to a Motion for Summary Judgment.

SGT's Motion to Dismiss should be treated as such, and not as a motion for summary judgment. "[W]here a document is referred to in the complaint and is central to the plaintiff's claim, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment." Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). The attachment of Plaintiff's charge of discrimination filed with the PGCHRC and the EEOC to SGT's Memorandum in Support of its Motion to Dismiss clearly falls under this exception.

Significantly, Ms. Marshall attached five exhibits to her Opposition. One of these exhibits is an affidavit, signed by her, regarding facts not alleged in the Corrected Amended Complaint. (See Exhibit 1 to Opposition). Accordingly, if the Court considers Ms. Marshall's affidavit, or any other materials extrinsic to the pleadings which do not fall into a valid exception, SGT respectfully requests that the court provide notice to SGT and that SGT be provided with an opportunity to both be heard and to present further materials in support of its position on Plaintiff's motion for summary judgment. Additionally, in such a scenario, Ms. Marshall should be considered the moving party, as she introduced extrinsic information beyond

4

the pleadings. As such, all evidence must be viewed in the light most favorable to SGT and all reasonable inferences from that evidence should be drawn in SGT's favor. See Wilburn v. Robinson, ___ F.3d ___, 2007 WL 817387 (D.C. Cir. 2007) (holding that evidence and inferences must be viewed in the light most favorable to the non-moving party.)

### C.   Plaintiff's Age Discrimination Claim Should be Dismissed because Plaintiff Cannot Demonstrate That She Exhausted Her Administrative Remedies.

As SGT noted in its Motion to Dismiss, Plaintiff's EEOC charge against SGT fails to allege that SGT discriminated against her on the basis of age. See Exhibit "A". Rather, Plaintiff only alleged discrimination of the basis of race and sex. Ms. Marshall now alleges that she completed an intake form where she alleged age discrimination by checking the box marked "age," but was denied the right to file the same intake form. (See Opposition at 13.) Again, Ms. Marshall did not allege this fact in her pleadings. As previously explained, the Court should not consider these facts in evaluating SGT's Motion to Dismiss.

Even if the Court decides to consider these new factual allegations, Plaintiff still cannot demonstrate that she has exhausted her administrative remedies. Central to Ms. Marshall's argument that she properly raised an age discrimination claim is that she "completed an intake form and on that form had checked the age box." (See Opposition at 13.) Ms. Marshall argues that "when the complainant notifies the agency [EEOC] of the alleged employment discrimination *and the name of the parties*,…the failure to [sic] the complainant to file a sworn charge within the 180 days is not a bar to the complainant pursuing their claim." (See Opposition at 16-17) (emphasis added.) Ms. Marshall includes a copy of the intake form as an exhibit to her Opposition. A careful examination of the intake form reveals that any mention of SGT is noticeably absent. See Exhibit "B." Ms. Marshall clearly identifies Honeywell and L-3,

but makes no mention of SGT. Ms. Marshall herself admits in her Opposition that the intake form must name the parties to the charge. (See Opposition at 16-17.) Since Ms. Marshall fails to notify SGT and the EEOC of a charge of age discrimination against SGT, it is a defective notice. In sum, Ms. Marshall did not make a timely administrative charge alleging age discrimination against SGT.

As articulated in SGT's Memorandum in Support of its Motion to Dismiss, a plaintiff must first have filed a timely administrative charge alleging a violation of the Age Discrimination in Employment Act ("ADEA") in order to bring the instant action. See 29 U.S.C. § 629(d). The charge provides the alleged violating party with notice of the claim and "narrow[s] the issues for prompt adjudication and decision." Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995)(quoting Laffey v. Northwest Airlines, Inc., 567 F.2d 429, 472 (D.C. Cir. 1976)). Since both Ms. Marshall's intake form and charge of discrimination fail to place SGT on notice that Ms. Marshall alleged age discrimination, Ms. Marshall has failed to exhaust her administrative remedies.

Ms. Marshall attempts to cure her failure to exhaust the mandatory administrative remedies by alleging that she formally amended her PGCHRC/EEOC charge over two years after her initial charge to include age discrimination and attaches an "amended" charge to her Opposition. (See Opposition at 7 and Exhibit 4 to Opposition.) Specifically, Ms. Marshall claims that the "amendment relates back to the filing of her original charges against the defendants." (Opposition at 7.) To support her contentions, Ms. Marshall argues that complaints may be amended to cure technical defects or omissions, such as failing to swear to a complaint. (Opposition at 15.)

6

Contrary to Plaintiff's assertion, her alleged January 6, 2006, age discrimination amendment does not relate back to her initial charge dated December 31, 2003 because it does not serve to cure technical defects or omissions. Rather, it adds a new charge. Under EEOC regulations for both Title VII and ADEA claims, an amendment relates back to the original charge if it "clarif[ies] or amplif[ies] allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." See 29 C.F.R. §§1601.12 and 1626.8. Plaintiff's amendment adds a claim under the ADEA to her initial Title VII claim.

This Court addressed this very scenario in Wilson v. Communications Workers of America, 767 F. Supp. 304 (D.D.C. 1991). In Wilson, the court held that an age discrimination amendment adds "a new substantive theory which is fundamentally distinct" from the original charge. Wilson, 767 F. Supp. at 306. Therefore, the court held that amendment "d[oes] not relate to, or grow out of [Plaintiff's] original EEOC charge, and her ADEA claim is barred." Wilson, 767 F.Supp. at 306. Based on Wilson, Plaintiff's January 6, 2006 amendment adding an entirely new claim does not relate back to her December 31, 2003 charge. Because Plaintiff filed it beyond the 300-day time limit, the amendment is time-barred.[2]

The Court should also take notice that Plaintiff's alleged amendment does not appear to be a valid PGCHRC/EEOC form. There are several items that should give the Court pause in considering the form a valid amendment to Ms. Marshall's prior 2003 charges. For example, the form is titled "Charge Information Formation Form." Such a title is confusing at best and

---

[2] Where state law prohibits discrimination in employment because of age, the ADEA requires a charge to be filed within 300 days after the alleged unlawful practice occurred. 29 U.S.C. § 626(d)(2). The Maryland Fair Employment Practices Act prohibits discrimination in employment hiring because of age. Md.Code, Art. 49B, § 14.

7

provides no insight as to the purpose of such a form. Additionally, there is a typed charge number and two hand written charge numbers. If this is a generic "form" the question arises as to how it was pre-populated with a current charge number. Additionally, unusual "typos" exist, such as in question number 9, which has an exclamation point after a word in the middle of a sentence. The word "you" is capitalized at some points in the "form" (question number 9), but not others (questions 7 and 8). Lastly, the attestation line comes preprinted with Ms. Marshall's name. Given the nature and frequency of errors on this "form" and their similarities to the errors that plague Plaintiff's filings, the validity of the form is itself questionable and it should be given no weight.

Lastly, Ms. Marshall argues that even if the Court determines that the "amended charge" is untimely, the Court should use the doctrine of equitable tolling to "right the wrong that was inflicted upon Marshall by the PGCHRC." (Opposition at 15.) Ms. Marshall's reliance on the doctrine of equitable tolling is misplaced, however, because SGT did not engage in affirmative misconduct to prevent Ms. Marshall from making an age discrimination claim. "[E]quitable principles favor tolling where, for example, a defendant engaged in 'affirmative misconduct,' or 'misled [a plaintiff] about the running of a limitations period." Washington v. Washington Metropolitan Area Transit Authority, 160 F.3d 750, 752-53 (D.C. Cir. 1998)(quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) and Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997)). Ms. Marshall, in neither her Corrected Amended Complaint nor her Opposition, claims that SGT prevented her from listing SGT on her intake form or from describing age in her charge of discrimination. Accordingly, this case is not one where the use of equitable tolling to overcome any of Ms. Marshall's filing deficiencies is proper.

For all of the above reasons, Count I of Plaintiff's Corrected Amended Complaint should be dismissed.

### D.  Count II of Plaintiff's Corrected Amended Complaint Should be Dismissed

Count II of the Corrected Amended Complaint alleges that Ms. Marshall is entitled to relief under the Fifth and Eighth Amendments of the United States Constitution, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.  (Corrected Amended Complaint, ¶¶ 78-80.)

Plaintiff alleged that she was subjected to "cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution" and "deprived…of a liberty and interest without due process in violation of the Fifth Amendment." (Corrected Amended Complaint, ¶¶ 78-79.)  SGT, in its Memorandum in Support of its Motion to Dismiss, explained that the conduct of private parties is not actionable under either the Fifth or Eighth Amendments of the Constitution.  (Memorandum in Support of its Motion to Dismiss at 9.)  See Public Utilities Commission of D.C. v. Pollack, 343 U.S. 451, 461-62 (1952) (explaining that the Fifth Amendment applies to only the Federal Government); see also Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 258 (1976) (explaining that the Eighth Amendment applies to government actions).  Ms. Marshall, however fails to address any of these arguments, and instead makes a conclusory statement that her Fifth and Eighth Amendment claims are proper.  Specifically, Ms. Marshall merely states that "Plaintiff has properly filed her claims under the fifth and eighth amendments and should not be dismissed." (Opposition at 21).  This quoted language is the sum total of Plaintiff's discussion of her claims under the Fifth and Eighth Amendments.  Accordingly, SGT requests that the court treat SGT's Motion on the Fifth and Eighth Amendment claims as uncontested, pursuant to Local Rule 7(b), and dismiss her claims under the Fifth and Eighth Amendments.

Ms. Marshall also alleges violations of 42 U.S.C. § 1981. (Corrected Amended Complaint, ¶ 78.) In her Opposition, Ms. Marshall questions why SGT defends against allegations of sex discrimination, yet, as has been the case with Ms. Marshall's pleadings from the outset of this case, the basis of her claims are difficult to decipher. Ms. Marshall clearly alleged, that the Defendants Honeywell and L-3's "failure to prevent and remedy the sexual and racial discrimination" give rise to claims under 42 U.S.C. § 1981. (Corrected Amended Complaint, ¶ 78.) Given her explicit reference to both race <u>and</u> sex discrimination, SGT addressed both instances of alleged discrimination and explained that, for both claims, Ms. Marshall failed to allege <u>that SGT engaged</u> in any actionable conduct and therefore did not state a claim upon which relief could be granted. (Memorandum in Support of its Motion to Dismiss at 9.)

In her Opposition, Ms. Marshall claims that "SGT concede[s] that Plaintiff Marshall has properly pled a complaint under 42 U.S.C. Section 1981 as to race discrimination." (Opposition at 19.) This statement is simply not true. In fact, SGT, in its Memorandum in Support of its Motion to Dismiss, explained that Ms. Marshall failed to state a claim against SGT for all claims under 42 U.S.C. § 1981. (<u>See</u> Memorandum in Support of its Motion to Dismiss at 8-9.) Ms. Marshall ignores SGT's argument that she failed to allege that SGT engaged in any improper conduct and therefore failed to state a claim upon which relief can be granted. As such, SGT respectfully requests that the court treat the matter as uncontested pursuant to Local Rule 7(b) and dismiss the race discrimination claim.

Plaintiff also alleged that "Defendant's failure to prevent and remedy the racial discrimination in the workplace violated Plaintiffs [sic] right to make and enforce contracts in violation o [sic]." (Corrected Amended Complaint, ¶ 80.) SGT responded that Ms. Marshall did

not point to the existence of an actual contract, as the incomplete sentence is the only reference to the "make and enforce contracts" provision of 42 U.S.C. § 1981. In her Opposition, Ms. Marshall explains that she attempted and failed "to enter into a contract for employment with" SGT, and that this was the contract that SGT prevented her from making and enforcing. (Opposition at 20.) Ms. Marshall, however, still does not allege that an actual employment contract exists. See Bennett v. U.S. Chess Federation, ___ F. Supp. 2d ___, 2006 WL 1883424 (D.D.C. 2006) (explaining that the absence of an actual contract precludes recovery). In Maryland, employment is at-will, and Ms. Marshall was applying for an at-will position. See Shapiro v. Massengill, 661 A.2d 202, 207-08 (Md. 1995). As such, there was no contract involved.

Furthermore, even if the Court determines that applying for a job demonstrates the existence of an actual contract, Ms. Marshall essentially concedes that she was not prevented from "making" a contract by admitting that she attempted to enter into a contract. (See Opposition at 20.) Per the pleadings, Ms. Marshall was informed that no such position existed. (Corrected Amended Complaint, ¶ 37.) The party she sought a contract with simply did not wish to enter into a contract. This does not mean that SGT prevented her from making a contract; SGT simply did not pursue an employment contract with Ms. Marshall for a position it did not have. According to Ms. Marshall's interpretation of the "make and enforce" contracts provision of the Civil Rights Act, 42 U.S.C. § 1981, any party that did not wish to enter into a contract with her, on her terms, would be subject to liability for violating her Civil Rights.

Lastly, Ms. Marshall claims that SGT withheld job vacancy information from her "in violation of Title VII, 42 U.S.C. § 1981 and the Maryland and Prince George's County anti-discrimination codes." (Opposition at 20.) This is the first instance where Ms. Marshall has

made this claim, and as such, it should not be considered. If the Court, however, decides to consider the claim, it should be dismissed because she fails to state a claim upon which relief can be granted. Specifically, Ms. Marshall cannot demonstrate that there is a duty on a potential employer to inform a prospective applicant of all job vacancies. In fact, such a position would place an affirmative duty on all employers to notify anyone applying for any position of all open positions. Such a contention is untenable and therefore Ms. Marshall's claim should be dismissed.

> E. **Defendant's Position that its Actions, as a Matter of Law, Do Not Amount to Extreme and Outrageous Conduct is Uncontested, and Therefore, Count V of Plaintiff's Corrected Amended Complaint Should be Dismissed.**

Ms. Marshall alleged that the Defendants "intentionally caused severe emotional distress...by way of their extreme, reckless and outrageous conduct." (Corrected Amended Complaint, ¶ 98.) In SGT's Motion, SGT explained that its actions, as a matter of law, do not rise to the level of extreme and outrageous conduct necessary to sustain an intentional infliction of emotional distress claim. (See Memorandum in Support of its Motion to Dismiss at 13-14.) Again, in response to SGT's arguments, Plaintiff simply makes a conclusory statement, in a heading, that "Plaintiff Has Not Failed to State A Claim For Intentional Infliction of Emotional Distress Against GSI and SGT." (Opposition at 22.) In the text under the heading, however, Ms. Marshall states "[w]herefore for all the above reasons Plaintiff Sandra Marshall moves this court to deny the defendants motion to *dismiss her age discrimination claim.*" (Opposition at 22) (emphasis added). It should be further noted that in the Opposition, Ms. Marshall states that "Plaintiff Marshall has dismissed Count V [Intentional Infliction of Emotional Distress] against SGT." (Opposition at 23.) Ms. Marshall, however, in her Voluntary Dismissal, only dismissed

12

Counts III (Retaliation), IV (Equal Pay Act), and VI (Negligent Supervision and Retention) against SGT. (See Voluntary Dismissal.)

Ms. Marshall includes no further discussion in her Opposition about her intentional infliction of emotional distress claim. Given Ms. Marshall's response (or lack thereof), the Court should dismiss Count V of Ms. Marshall's Corrected Amended Complaint against SGT.

### III. Conclusion

In summary, Ms. Marshall has filed an Opposition that is largely non-responsive to SGT's Memorandum in Support of its Motion to Dismiss. Additionally, in an attempt to cure the flaws in the Corrected Amended Complaint, Ms. Marshall introduces new facts, never mentioned before in her pleadings. Even with the introduction of these new facts, Ms. Marshall fails to cure the faults in her pleadings, leaving her Corrected Amended Complaint full of charges which fail to state claims upon which relief may be granted. For all the foregoing reasons, SGT respectfully requests that its Motion to Dismiss Plaintiff's Corrected Amended Complaint be granted and that the Corrected Amended Complaint be dismissed in its entirety with prejudice.

Respectfully submitted,

Date: March 27, 2007

/s/ Antonio R. Franco
Antonio R. Franco, Esq.
D.C. Bar No. 416787
Jennifer L. Andrews, Esq.
D.C. Bar No. 496974
PilieroMazza PLLC
888 17th Street, N.W., Suite 1100
Washington, D.C. 20006
(202) 857-1000

Counsel for Defendant SGT, Inc.