IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>HONEYWELL TECHNOLOGY<br>SYSTEMS, INC.<br><br>　　　and<br><br>L-3 COMMUNICATIONS GOVERNMENT<br>SERVICES, INC.<br><br>　　　and<br><br>SGT, INC.,<br><br>　　　Defendants. | Case No. 1:05CV02502<br><br>Judge Richard W. Roberts |

**DEFENDANT L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO TRANSFER VENUE OR, IN THE ALTERNATIVE, TO DISMISS
AND CROSS-MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS
OF RACE AND GENDER DISCRIMINATION AND RETALIATION AGAINST GSI**

　　　Defendant, L-3 Communications Government Services, Inc. ("GSI"), through undersigned counsel, respectfully offers this Reply Memorandum in further support of its Motion to Transfer Venue or, in the Alternative, to Dismiss. Defendant GSI further offers this Cross-Motion respectfully requesting that this Court dismiss Plaintiff's state law claims of race and gender discrimination and retaliation as being barred by the applicable statute of limitations.

I)      **VENUE OVER PLAINTIFF'S CLAIMS LIES IN MARYLAND.**

By dismissing the Title VII claim, but only against GSI, Plaintiff concedes that venue would not lie in this Court under that statute. Plaintiff incorrectly asserts, however, that as to GSI, venue is now properly before this court. *See* Plaintiff's Opposition to Defendants L-3 Communications Inc.'s (GSI) Motion to Dismiss and/or in the Alternative to Transfer Venue and SGT's Motion to Dismiss ("Opposition") at 10-12. As noted by the court in *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 (D.D.C. June 29, 2006) (HHK), this court should consider the following factors in deciding whether to transfer the case against GSI to Maryland: (1) Plaintiff's choice of forum, (2) GSI's choice of forum, (3) whether the claim arose elsewhere, (4) the convenience of the parties, (5) the ease of access to the sources of proof, (6) the transferee court's familiarity with governing law, and (7) the local interest in resolving local controversies at home.[1] *Jyachosky*, 2006 U.S. Dist. LEXIS 44399 at *16.

The considerations listed by *Jyachosky* support a transfer of venue to Maryland. GSI's choice of forum is in Maryland – where all of the alleged discrimination took place – and that location would be readily accessible to Plaintiff, who worked in Maryland for twenty-five years, *see* Opposition at 3, and whose counsel's law office is in Maryland. More importantly, almost all of Plaintiff's claims against GSI arise under Maryland statutory and common law including her various claims of discrimination in violation of Prince George's County Code, Intentional Infliction of Emotional Distress and Negligent Supervision and Retention. Courts in Maryland are more likely to be familiar with that state's law regarding such claims and Maryland has its own clear interest in having cases brought under its law decided by a court located in its state and

---

[1] The *Jyachosky* court lists other factors, such as court congestion, for which GSI is unable to offer any relevant information to this Court.

2

by a jury drawn from its citizens.  *See Lentz v. Eli Lilly & Co.*, 464 F. Supp. 2d 35, 38 (D.D.C. 2006) (ESH) (citing *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996)).

For these reasons, Defendant GSI respectfully requests that the case be transferred to the United States District Court for the District of Maryland where venue lies.

II) **PLAINTIFF'S AGE DISCRIMINATION CLAIMS SHOULD BE DISMISSED DUE TO HER FAILURE TO EXHAUST HER ADMINISTRATIVE REMEDIES.**

Plaintiff unsuccessfully attempts to explain away her failure to exhaust her administrative remedies for her age discrimination claim.  *See* Opposition at 12-17.  As discussed more fully in GSI's opening brief, Plaintiff never filed an age discrimination charge against GSI.  Plaintiff now claims that some unnamed person at the Prince George's County Human Relations Commission (PGCHRC) was willing to let her file every sort of charge against GSI except a claim of age discrimination.  *See* Opposition at 7, 13.  Plaintiff, as she demonstrates in her Amended Complaint, had years of experience filing discrimination claims and yet she would now have this Court believe that she meekly acquiesced in the PGCHRC's alleged refusal and signed off on a charge that is completely devoid of any mention of age discrimination.

The documentary evidence offered by Plaintiff to support her claim that she really did file an age discrimination claim fails.  The first document she relies on is an "Interview Intake Form."  *See* Exhibit 2 to Opposition.  There is nothing on this form to indicate that it is an official form for any government agency.  For example:

- The form does not have any form number.

- There is no date.

- There is no signature page.

- There is no name of the intake officer (an omission especially convenient for Plaintiff because it prevents GSI from verifying or disproving her allegations

3

- regarding the unnamed intake officer's refusal to allow her to file an age discrimination claim).

- There is no space on this form in which Plaintiff describes the allegedly discriminatory conduct. (This fact is particularly important because in the charge she actually filed and signed, she goes into great detail about the alleged discrimination and never once mentions age. *See* Exhibit 3 to Opposition).

This interview intake form submitted by the Plaintiff, regardless of whether or not it is an official form, is irrelevant to the court's inquiry here. The charge Plaintiff filed does not mention age in any way shape or form, *see* Exhibit 3 to Opposition, and Plaintiff does not submit any document to demonstrate she complained about that fact until more than a year after the time in which she could have filed such a charge had expired.

Plaintiff next relies on a "Charge Information Formation Form," dated January 6, 2006. *See* Exhibit 4 to Opposition. As an initial matter, this document is replete with typographical and grammatical errors that make it clear that it is not an official PGCHRC document. These errors include:

- A sentence that reads "What is the Employer's Policy in regard! to what happened to You?" *See* Exhibit 4 to Opposition at Question 9.

- The document sometimes refers to Defendants as "Respondents" and sometimes as "Employers." *Compare id.* at Questions 5 and 9 *to id.* at Question 11.

- The document sometimes capitalizes the word "You" and sometimes does not. *Compare id.* at Questions 5 and 9 *to id.* at Questions 6 and 11.

- This allegedly official form actually has Plaintiff's name preprinted on it. *See id.* at Attestation.

Even assuming that this document was official, a fact which GSI does not concede, it is dated January 6, 2006 and so it was filed more than a year too late to maintain her claim for age discrimination. *See* 29 U.S.C. § 626(d) ("[A] charge alleging unlawful discrimination [under the ADEA] … shall be filed … within 300 days after the alleged unlawful practice occurred …").

4

Plaintiff concedes in her Opposition that such amendments only relate back when they arise out of the same subject matter as the original charge or are made to cure *technical* defects or omissions in the original charge.  *See* Opposition at 15-17; *see also EEOC v. U.S. Fidelity & Guar. Co.*, 420 F. Supp. 244, 248 (D. Md. 1976).

Plaintiff failed to exhaust her administrative remedies with regards to any claim of age discrimination under both the ADEA and Maryland law.  GSI has not been afforded the opportunity to defend itself and resolve this claim at the administrative level.  Thus, her age discrimination claims against GSI are not properly before this Court and should be dismissed pursuant to Rule 12(b)(1).[2]

### III) PLAINTIFF'S CLAIM AGAINST GSI UNDER THE EQUAL PAY ACT SHOULD BE DISMISSED AS BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.

Under the Equal Pay Act, an action shall be "forever barred unless commenced within two years after the cause of action accrued."  29 U.S.C. §255(a).  Plaintiff concedes that her original filing did not make a claim against GSI under the Equal Pay Act but argues that amendments to her Complaint relate back to the original filing date.  *See* Opposition at 18.  This argument fails.  Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part, that "an amendment of a pleading relates back to the date of the original pleading when … the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrences set forth or attempted to be set forth in the original pleading."  Fed. R. Civ. P. 15(c)(2).  Here, the Equal Pay Act claim does not arise out of the same conduct, transaction or occurrences set forth

---

[2] Plaintiff continuously states in her Opposition that the motion to dismiss the age discrimination claim should be converted to a motion for summary judgment.  This is not correct.  The motion to dismiss the age discrimination claim is made pursuant to Rule 12(b)(1), not Rule 12(b)(6), and thus, the reference to the limited additional materials is appropriate.  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987) ("In 12(b)(1) proceedings, it has been long accepted that the judiciary may make appropriate inquiry beyond the pleadings to satisfy itself on authority to entertain the case.") (citations omitted).

5

in the original pleading. The original pleading mentioned nothing whatsoever about unequal pay or anything else related to compensation. Thus, the claim does not relate back to the original Complaint and is barred by the applicable two-year statute of limitations. The Equal Pay Act claim, therefore, should be dismissed.

Plaintiff argues, without any citation, that under Maryland law, her Equal Pay Act claim is subject to a three-year statute of limitations. *See* Opposition at 18. However, Plaintiff's Complaint alleges only that she "was denied equal pay for equal work in violation of the Equal Pay Act of 1963." Amended Complaint at 22. This clearly refers to the federal Equal Pay Act, which, as stated above, has a two-year statute of limitations. Plaintiff has filed three versions of her Complaint, with claims under innumerable statutes, and never once has she mentioned a Maryland law regarding equal pay. Her reliance on an unnamed Maryland statute should be rejected and her Equal Pay Act claim dismissed.

### IV) PLAINTIFF'S CLAIMS UNDER SECTION 1985(3) AND EXECUTIVE ORDER 11246 SHOULD BE DISMISSED WITH PREJUDICE.

The second Paragraph of Plaintiff's Amended Complaint states as follows: "This proceeding is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1871, 42 U.S.C. §198 [sic], § 1985 (3) and Executive Order 11246." Amended Complaint at ¶ 1 (emphasis added). In her Opposition, Plaintiff now claims that she "has not filed any cause of action pursuant to Executive Order 11246" and that she "has not filed a formal cause of action at this time under 42 U.S.C. Section 1985(3)." Opposition at 19. Plaintiff cannot have it both ways. By citing the claim in her Amended Complaint, Plaintiff obligates GSI to propound a defense against these claims no matter how frivolous they appear on their face. Plaintiff's attempt to evade dismissal of these claims against GSI by now stating that she has not brought these claims is improper. The claims were brought

6

and they should be dismissed with prejudice for the reasons stated in GSI's opening brief in support of this Motion.

V) **CROSS-MOTION TO DISMISS PLAINTIFF'S CLAIMS AGAINST GSI FOR RACE AND GENDER DISCRIMINATION AND RETALIATION UNDER MARYLAND LAW PURUSANT TO RULE 12(B)(1).**

In her voluntary dismissal in which Plaintiff dismissed the Title VII claims against GSI, Plaintiff claims, for the first time, that she was also suing for race and gender discrimination and retaliation under Maryland state law. *See* Notice of Voluntary Dismissal of Certain Claims as to Defendants L-3 Communications Government Services Inc. and SGT, Inc. In her specific claims for race and gender discrimination and retaliation, however, Plaintiff makes no mention of Maryland law at all. *See* Amended Complaint at ¶¶ 70-80 (race and gender discrimination claim); ¶¶ 81-90 (retaliation claim). Rather, she refers only to Title VII. *See id.* Plaintiff cannot amend her Complaint to add new claims in her Opposition brief. *See Car Carrier, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

However, even if Plaintiff's Amended Complaint is deemed to include these state law claims for race and gender discrimination and retaliation, such claims are barred by the state law statute of limitations. *See* Md. Ann. Code art. 49B, § 42(b)(1). Under Maryland law, Plaintiff had two years to sue after the last date of discrimination. *Id.* Maryland state law actions do not require a "right to sue" letter. *See id.* at § 42(b)(2). Rather, Maryland law simply requires a plaintiff to wait forty-five days after filing an administrative charge. *Id.* Plaintiff had two years to file suit from the last alleged date of discrimination, which was December 31, 2003. *See* Charge of Discrimination, Exhibit 3 to Opposition; *see also* Amended Complaint at ¶¶ 11-56

(Factual Background section of Amended Complaint). Plaintiff did not do so. Accordingly, these claims are time barred and should be dismissed pursuant to Rule 12(b)(1).

## CONCLUSION

For the foregoing reasons and the reasons stated in GSI's opening brief in support of this Motion, GSI respectfully requests that Plaintiff's claims be transferred to the United States District Court for the District of Maryland. In the event that this Court finds venue to be proper, GSI respectfully requests that Plaintiff's claim of age discrimination be dismissed pursuant to Rule 12(b)(1) for failure to exhaust her administrative remedies, that her claims under the Equal Pay Act and for race discrimination, gender discrimination, and retaliation under Maryland state law be dismissed pursuant to Rule 12(b)(1) for being filed after the statute of limitations had run, and that her claims for Intentional Infliction of Emotional Distress, for Negligent Supervision and Retention, and violations of Executive Order 11246 and 42 U.S.C. §1985(3) be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully Submitted,

L-3 COMMUNICATIONS
GOVERNMENT SERVICES, INC.

By:  /s/ Leslie V. Heenan
         Counsel

John M. Barr
Megan S. Ben'Ary (D.C. Bar No. 493415)
Leslie V. Heenan (D.C. Bar No. 490431)
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia  22314
Phone: 703-684-8007
Fax: 703-684-8075