IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

SANDRA MARSHALL          )
                                  )
      Plaintiff,          )
                                  )
      v.                      )
                                  )
HONEYWELL TECHNOLOGY   )    Case No. 1:05CV02502
SOLUTIONS INC., ET.AL.     )
                                  )    Judge Richard W. Roberts
      Defendants.     )
                                  )
_____)

**PLAINTIFF'S MOTION TO ALTER AND AMDEND
THE COURT'S ORDER DATED FEBRUARY 26, 2008
AND/OR MOTION FOR RECONSIDERATION AND
OTHER APPROPRIATE RELIEF**

COMES NOW Plaintiff Sandra Marshall by and through her undersigned Counsel

and moves this Court to Alter and Amend The Court's Order Dated February 26, 2008

And/Or Motion For Reconsideration And Other Appropriate Relief pursuant to Fed. R.

Civ. Pro. 59 and 60.

## I.     PRELIMINARY STATEMENT

Plaintiff moves this Court to alter and amend its order dated February 26, 2008, as

to the following:

    1.     to reinstate Marshall's age and equal pay act claims and

    2.     to vacate any requirement for Plaintiff's Counsel to show cause pursuant

to Rule 11, because Marshall filed a timely charge with the deferral agency the Prince

George's County Human Relations Commission (PGCHRC) and the Equal Employment

Opportunity Commission (EEOC) pursuant to 29 U.S.C. § 626(d) based on the Age

Discrimination in Employment Act ("ADEA"), §§ 621 et seq , the Prince George's County Code, the Maryland Code Human Relations Act and the EEOC's definition of what constitutes a "Charge". Federal Express Corporation v. Paul Holowecki et. al., 552 U.S. _____ (2008)

This Court dismissed Marshall's age and equal pay act claims allegedly because they were time-barred, concluding that Marshall had failed to comply with the ADEA's and Equal Pay Act (EPA) exhaustion requirements under federal, county and state laws. The Court mistakenly  concluded that Marshall's Intake Form/ Questionnaire did not constitute a "Charge" and that she did not file her charges within the 60 days or 300 days after the alleged unlawful practice occurred pursuant to 29 U.S.C. § 626 (d) and the EEOC's regulation specifying and defining the term "Charge". See 29 C.F.R. §§1626.3, 1626.6, 1626.8 The required content is scant.  Thus, this Court also mistakenly concluded that Counsel signed pleadings that were not false.

However, both Plaintiff and her counsel had previously argued that Marshall's intake form questionnaire was a "Charge". For example, a charge "is sufficient" when the EEOC receives "a …writing "(or information that an EEOC employee reduces to a writing) from the person making the charge that names the employer and generally describes the allegedly discriminatory acts. See id. § 1626.8 (b) (citing id § 1626.8(b) (citing id. § 1626.6).  The recent decision by the United States Supreme Court in Federal Express Corporation v. Holoweicke et.al. held that the EEOC's definition of "Charge" was scant and that an intake form questionnaire may be considered a "Charge".

Marshall also avers that her intake form questionnaire was sufficient to give notice to the PGCHRC and EEOC and would convince a reasonable person that she

manifested an intent to "activate the Act's machinery." <u>Bihler v. Singer Co.</u>, 710 F.2d 96, 99 (3d Cir. 1983); <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1319 (11th Cir. 2001) (citing proposition favorably); <u>Steffen v. Meridian Life Ins. Co.</u>, 859 F.2d 534, 524 (7th Cir. 1988) (same).

Therefore, if Marshall's intake form questionnaire was a Charge when she filed it in December 2003, then neither her ADEA nor EPA claims are time barred and. Plaintiff's pleadings were also not false and there was no requirement to change and/or correct the pleadings. In the alternative, Plaintiff's Counsel believed her client when she said she had filed her claims with the PGCHRC. The United States Supreme Court has opined that litigants are not to be punished or prejudiced by errors made by the EEOC or in this case its deferral agencies. <u>Federal Express Corporation.</u>  Most importantly, under the EEOC's own regulations and rules, the PGCHRC and EEOC cannot ignore a complainant's complaints and must act and they must also freely and liberally act to amend a charge pursuant to its own regulations. 29C.F.R. § 1601.12(b) (1992). Thus, when Marshall submitted her Amended Charge, the PGCHRC should have accepted the amendment based on the EEOC's rules and regulations. In support of Plaintiff's motion she refers this court to the accompanying memorandum of law set forth below.

## II.    FACTUAL BACKGROUND

As a preliminary matter Plaintiff Sandra Marshall in 2000 worked for the subcontractor EER Systems that later was merged with L-3, the Defendant in this matter. Marshall applied and received a promotion to Voice Control Manager. She was the only woman and African American manager that attended any of the manager meetings with government contractor NASA.  However, after Marshall received her promotion to Voice

Control Manager she began to catch hell when she attempted to supervise employees in her department.

### A.     Filing of First EEOC/PGCHRC Complaint

During the period of 2001-2002 Marshall filed her first EEOC Charge of discrimination with the PGCHRC against defendant L-3.  Contrary to what the Court may think, Mrs. Marshall has no in depth knowledge about the EEOC or PGCHRC process. See Aff. Plaintiff  Mrs. Marshall was helped by PGCHRC during the filing of her first EEOC Charge. She recalls that all she had to do at the PGCHRC was to complete an intake form and questionnaire. She later interviewed with an investigator or intake person. The PGCRCH typed up her EEOC charge of what she had said and she signed it. Although, Mrs. Marshall had to wait two (2) years to receive a partial favorable finding on her EEOC charge, she believed that her life in the workplace would be better. However, she was wrong.

In 2002, the PGCHRC found that L-3 had retaliated against Marshall after she complained of discrimination in the workplace. After the favorable findings by the PGCHRC, the parties were supposed to have arbitrated their dispute but somehow the commission never arbitrated the dispute. After the PGCHC complaint process was over, Marshall's employer stepped up its campaign against her in 2002 until it made sure she terminated and denied a position with any of the defendants.

### B.     Marshall's Second EEOC/PGCHRC Complaint

In December 2003 when Marshall believed she was not hired but terminated and retaliated against because of her race, sex and because she had complained about discrimination in the workplace, she filed three EEOC/PGCHRC charges against the

current three defendants. Again, and for the second time she was not represented by Counsel during the EEOC/PGCHRC administrative process in 2003-2004. Marshall did as she had done before, she completed intake and questionnaire forms.[1] However, this time when she complained of age discrimination she was apparently told by the male intake representative and others that he would not allow her to file an age claim although it was clearly her intent to file a claim and she had identified the claim on the intake questionnaire form. Ex.1 Marshall Aff.

Marshall had informed the undersigned counsel that she had filed an age claim with the PGCHRC.[2] In 2005 the EEOC/PGCHRC was still investigating Marshall's complaints, however, Marshall was not getting much cooperation, feedback or support from the PGHRC on her 2003 and 2004 filings. Marshall was not able to produce copies of her EEOC Charge because in 2004 she lost her home, many keepsakes and misplaced and/or lost documents. The Plaintiff lived from relative to relative. Because Plaintiff had informed her Counsel she had an age claim, the undersigned counsel informed Marshall that if she wanted to file her Age claim she had until the end of 2005 to do so.[3] Plaintiff's Counsel had also not received from the PGCHRC documents from Marshall's files. Simultaneously, the PGCHRC was attempting to arbitrate Marshall's claims without including her undersigned Counsel.

---

[1] Marshall retained the undersigned only to prepare her civil case, however, most of her retainer was returned to her because she lacked money to live and support her family. .

[2]  Marshall did not provide to Counsel a copy o f her EEOC Charges at the time she was initially interviewed because she had been evicted from her Apartment in Virginia. She was in the process of moving. She brought to the undersigned Counsel other documents she had which she believed supported her claims, including copies of her first charge.

[3] Plaintiff Marshall had until December 30, 2005 to file her Age claim. An ADEA claim must be filed within two years of the act of discrimination.

After the filing of Marshall's Complaint on December 30, 2005, it was determined by the undersigned Counsel that the EEOC had failed to check the age discrimination box. To protect Marshall's case Marshall was advised to amend her Charge with the PGCHRC and file again an ADEA Charge. Because the EEOC's regulations allows amendments and the PGCHRC was still investigating Marshall's charges, Counsel legally concluded she was permitted to amend her charges.

Although, the EEOC/PGCHRC had failed and/or refused to file a formal charge for age for Marshall, based on the EEOC's own definition of a Charge, the rulings in sister circuits and case law, a completed intake form and questionnaire can considered to be a "Charge".

Since the recent 2008 holding by the United States Supreme Court confirms that an intake questionnaire form can constitute a Charge this court is being asked to review, alter, amend its ruling by reinstating Marshall's age and equal pay act claims and vacating its show cause order.

## III.    ARGUMENT

Plaintiff recognizes that administrative exhaustion is an important aspect of the ADEA EPA, however, she was not foreclosed from filing suit either under federal, county or state laws merely because the deferral agency, the PGCHRC failed to notify the defendant employers and/or make any attempt to resolve the matter. 29 U.S.C. § 626 (b). Other Circuits have held that to hold an individual accountable for the failings of the agency would be punitive in nature and wrong. Mckee v. McDonnell Douglas Technical Services Co., Inc., 700 F.2d 260, (5th Cir. 1983) and Express Corporation v. Holoweicke et.al.

6

As this Court recognizes, the PGCHRC is a deferral agency of the EEOC and the EEOC itself or its deferral agencies do not have discretion to turn away complainants. 29 C.F.R. § 1601.6 (1981) Nor is a complainant required to humiliate themselves or repeatedly ask the deferral agency to assist them in filing a complaint. The EEOC is required under its own regulations to "…receive information concerning alleged violations of Title VII from any person. Where the information concerning alleged violations of Title VII from any person. Where the information discloses that a person is entitled to file a charge with the Commission, the appropriate officer *shall* render assistance in the filing of a charge." (emphasis added). Nowhere in the EEOC regulations is the EEOC or its deferral agency given discretion to refuse a valid allegation. In this matter clearly, the PGCHRC's errors prejudiced Marshall and her claims. Ex. 1 Marshall Aff. Regardless, Marshall's intake questionnaire form should have tolled the filing requirement.

Mistakes attributable to the EEOC and in this case a deferral agency has been held by other circuits as not necessarily being fatal to a plaintiff but is subject to waiver, estoppel, and equitable tolling." Schlueter v. Anheuser-Busch, Inc., 132 F.3d, 455, 458 (8th Cir. 1998) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L.Ed 2d 234 (1982) More recently the United States Supreme Court in its February 27, 2008 in Federal Express Corporation v. Holowecki et. al. opined the same sentiments.

### A.    Amendment To Pro Se EEOC Charge

In the alternative, Marshall filed her EEOC charge in this matter she was Pro Se. She allowed the EEOC to write her charge. Plaintiff filed her charges in December 2003

and January 2004. The under signed Counsel did not represent the Plaintiff in her EEOC administrative proceedings in 2003 and 2004. The undersigned entered her appearance in Plaintiff's administrative proceedings not until approximately July-August 2005, approximately five (5) months before she filed her first Discrimination Complaint in federal Court. The undersigned counsel only entered her appearance in the administrative proceedings because the PGHRC claimed it would only provide information to the undersigned Counsel about Plaintiff's s case if she entered her appearance. However, the PGCHRC never responded to any of the Plaintiff's Counsel's letters.

Nonetheless, the EEOC's own regulations allows amendments. As stated earlier the EEOC's regulations impose scant requirements on the charging party when determining if they have filed a charge "(writing identifying the parties and description of the conduct)  and it permits a charge to be amended and that amendments relate back to the date of the first writing received by the commission." 29 C.F.R. §§ 1626.6 and 1626.8(b): 29 C.F. R. § 1601.12(b)

Under the Commission's regulation the amendment … Edelman v. Lynchburg College, supra, 535 U.S. at 112-120; Chevron v. Exhazabal, 436 U.S. 73 (2002) If the EEOC fails to add an amendment then the Plaintiff can add the charge to in her litigation and not be penalized by the EEOC's mistake. Hicks v. ABT Assocs., Inc., 572 F.2d 960, 16 FEP 802 (3d Cir. 1978). 29 C.F.R. § 1601.12 (b) (1992). The EEOC regulations contemplate amendments alleging "additional acts…related to or growing out of the subject matter of the original charge' and state that amendments will be deemed to "relate back to the date the charge was first received."

Plaintiff Marshall checked on her Intake Interview Form the following information:

| | |
|---|---|
| Jurisdiction- | P.G. County |
| Type of discrimination: | Race, Sex, Age, Retaliation |
| Area of Complaint: | Employment |
| Issues | Discharge, Retaliation, hostile work  environment, |

equal pay, failure to Hire, Demotion and Discipline. See Exhibit 2 with Plaintiff's Opposition To Dismiss.

It is clear from Marshall's Intake Questionnaire that she identified for the PGHRC four (4) types of discrimination that she was complaining of when she filed her EEOC charges in 2003-2004 and one of her charges of discrimination was for Age. It is also clear that Mrs. Marshall had the intent to pursue the above charges.

**B.      Marshall Was Not A Sophisticated Litigant Familiar With The PGCHRC and EEOC Regulations, Rules, Polices Or Procedures.**

Contrary to the court's memorandum and order there is no evidence in the record that Marshall had any knowledge of the rules, regulation and policies of the either the EEOC or PGCHRC process. The mere fact that Marshall utilized the process without some other facts and evidence does not in any way show that she had knowledge of its complex rules. In fact the evidence shows she was naïve and unsophisticated about the proceedings and tended to believe most of what was told to her. Aff. Marshall.

C.    Court Should Vacate Any Requirement For Counsel to
Show Cause.

Plaintiff's Counsel properly investigated Marshall's Case. See Ex. 1 and Ex. 2

Marshall did not share with Counsel her actual charge until after the December 30, 2005,

filing and because Marshall stated that she had indicated that she had identified her intent

on her intake form questionnaire that she wanted to file both her ADEA and EPA claims,

Counsel concluded that based on both the EEOC's definition of Charge and the ruling in

a number of sister circuits that an intake form questionnaire could constitute a charge, as

well as the fact that the deferral agency's mistakes that Marshall had timely filed her

"Charge" and that both her age and EPA claims were timely.

That because Marshall's intake form/questionnaire was a "Charge" based on the

EEOC's definition the fact that the PGCHRC was in error for not filing the charge does

not support the proposition that the pleadings filed in this matter were in error or false.

The issue before this court is - When is an EEOC "Charge" a Charge? The question has

been answered recently by the United States Supreme Court in <u>Federal Express</u>

<u>Corporation.</u>

Thus, this Circuit should not hold Marshall or her undersigned Counsel to a

higher standard or a different standard then the one set forth by the Supreme Court in

<u>Federal Express</u> or in other Circuits who have been faced with the same, similar or exact

situations as what has been presented in Marshall's case. In fact in Federal Express, the

Plaintiff amended her charge after she filed her complaint and her counsel

amended/corrected the complaint but at no time did the court in the Second Circuit hold

that the Counsel in that matter had filed a false pleading or had done anything wrong.

Based on the Supreme Court's rulings in Federal Express and other cases it has reiterated that courts should hold litigant's harmless and not punish them because of either the deferral agency or EEOC's error and/or negligence. t Marshall at all times relevant had expressed to the  Prince George's County Human Relations Commission (PGCHRC) in writing and verbally that she had the intent to file both Age and equal pay act claims.[4]  Counsel interpreted the EEOC Regulations and the rulings in other Circuits and now the United States Supreme Court has confirmed that an intake form and/or questionnaire may be considered a "Charge."

Plaintiff's Counsel also denies that any pleading signed by the undersigned Counsel was false or not investigated prior to filing. When it comes to the issue of

---

[4] Plaintiff Marshall has always contended that she had filed an Age Discrimination Claim and that it was always her intent to file an Age Discrimination Claim when she originally filed her 2003-2004 discrimination charges simultaneously with both the Equal Employment Opportunity Commission (EEOC) and its deferral agency the Prince George's Human Relations Commission (PGCHRC) To prove her intent on filing an Age discrimination claim, Marshall submitted to the Court a copy of her Intake Form where she clearly identified all Claims she was  making, which included an Age claim under the ADEA. Marshall raises the issue with this court as to When is an EEOC Charge a "Charge" for the filing under the rules and regulations of the Equal Employment Opportunity Commission (EEOC). Federal Express v. Holowecki, 440 F.3d 558 (2nd Cir. 2006).

A second issue Marshall has raised in this matter is- Whether a Complainant who has requested that a charge be included by a state deferral agency be allowed to pursue their claim even though the state deferral agency wrongfully excluded their claim after they made their intent known (whether or not the complainant's intent was made verbally to the deferral agency (PGCHRC) or via the EEOC's Intake Form and/or the Questionnaire. A third issue that Ms. Marshall raises is-whether a charging party be held harmless of a deferral agency's error and/or failure or refusal to include a viable claim in their respective charge, as in this matter it was an Age discrimination claim. Other Circuits including the Seventh Circuit has held that the limitation period should be tolled by the "erroneous representations made to the plaintiff by the EEOC. " Early v. Bankers Life & Casualty Co., 959 F.2d 75, 81 (7th Cir. 1992) This doctrine has also been applied by other Circuits when it was the state deferral agency's mistake that injured the charging party's right rather that that of the EEOC. Brown v. Crowe, 963 F.2d, 58 FEP 1038 (6th Cir. 1992). In this matter, Mrs. Marshall sought assistance and used the state deferral agency the Prince George's Human Relations Commission.

whether Marshall filed an Age or EPA claim,  Counsel was under the belief that Marshall had filed ADEA and EPA claims at the time she filed the original Age claim before this court.  When it was learned that Age Claim was filed only on Marshall's EEOC Intake Form and Questionnaire, based on the EEOC's definition of a "Charge" Marshall's undersigned Counsel legally concluded that she had in fact timely filed her Age and Equal Pay Act  "Charge". Nonetheless, Marshall properly amended her charge on or about January 6, 2006, which should have been accepted by the PGCHRC. Furthermore, Marshall had made her intent known to the PGCHRC that she was making the ADEA claim. Consequently, the pleadings were not false but true because she field her "Charge" timely and there was no need for correction or an amendment.  Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir. 1983).

Specifically, Marshall's Age and EPA claims, should not be dismissed because Marshall had stated that she completed an intake form and questionnaire in which she clearly identified her intent to file for an Age claim, equal pay act claim, hostile work environment claim etc.  Based on the case law, the undersigned Counsel believe she would have been remiss or negligent to have dismissed this claim because it was timely filed when Marshall had completed the EEOC intake form 5 and questionnaire. See EEOC Compliance Manual

The Commission took two years to evaluate, process and investigate her complaint. Mrs. Marshall did not use an attorney to assist her doing the first complaint that she filed with the PGHRC. During that first complaint process Mrs. Marshall interviewed with the PGHRC. The Commission typed and worded her EEOC Charge. Marshall began to experience filed an opposition in the above captioned matter in to was

not able to under the rules to reply to the defendant's reply brief but to file only one response/opposition. Plaintiff and her counsel appreciates the Court allowing them to address issues that they were unable to fully and completely address in her opposition.

Specifically, this Court has stated that the original complaint filed by Plaintiff in which she states that she had filed an EEOC charge as to her Age Discrimination case was false. However, both Plaintiff and her counsel contends that the statement was not false because Plaintiff filed an Age discrimination charge on the day she filed her Intake Forma and her Intake Questionnaire. Plaintiff file no formal charge including age because she says that she was told she would not be able to by a PGCHRC representative. The issue before this court was When and What constitutes a filing of an EECO charge. In Plaintiff's opposition brief to the defendants' motions to dismiss, she clearly argued to this court two things: (1) that her intake form and questionnaire should be considered her initial EEOC charge form that included age and (2) that the PGCHRC representative subsequently told Marshall she could not file a formal charge of discrimination and refused to include it on the formal charge. Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837 (1984) That during the period from the end of 2003 to mid 2005, Marshall was not represented by Counsel in her PGCHRC proceedings. The undersigned counsel entered her appearance in or about July, 2005 in Marshall's EEOC proceedings, approximately five (5) months before she filed her complaint on December 30, 2005 in the United States District Court.

The EEOC has determined that a "charge" is a submission that meets the form and contents requirements set forth in the Commission's regulations and objectively manifest's a submitter's intent to make a formal accusation that a named party has

engaged in unlawful discrimination.  There, plaintiff's state in her pleadings that Marshall had actually filed an age discrimination charge is correct and certainly not false when other circuits also hold that the completion of the intake form and/or questionnaire constitutes a n EEOC "Charge".

What is also at issue in this matter is What  constitutes a charge? The EEOC has addressed this issue many times. According to the EEOC's own rules, the EEOC's own regulations define "What constitutes a legally sufficient charge". EEOC regulations provide that a Charge is adequate if it contains "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of."  The charge may be amended to "to cure technical defects or omissions, including failure to include a charge, verify a charge, or to clarify or amplify allegations made therein-to that extent Marshall's intake form met the requirements of the EEOC's definition of a Charge.

**IV. CONCLUSION**

WHEREFORE, for all the above stated reasons, the Plaintiff moves this court to alter, amend, vacate and/or reconsider its Order Dated February 26, 2008 and for any other appropriate relief by:

a.    reinstating Marshall's age and EPA claims

b.    vacating any requirement for Counsel to show cause and for any other appropriate relief.

Respectfully Submitted,

_____/s/_____

Jo Ann P. Myles
Law Offices of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland  20774
Bar No. 04412
301-773-9652 (office)
301-925-4070 (fax)
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March 2008, a copy of the foregoing

Plaintiff's Motion To Alter, Amend And/Or Motion For Reconsideration of the Court's

Order Dated February 26, 2008 and Other Appropriate Relief was served upon the

defendants by electronic filing.

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N. Street, N.W. Fifth Floor
Washington, D.C. 20037

Chand N. Gupta, Esq.
Megan S. Ben'Ary, Esq.
3981 Alcoa Drive
Fairfax, Virginia 22033

Andrew P. Hallowell, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street N.W. Suite 1100
Washington, D.C. 20006

_____/s/_____
Jo Ann P. Myles