IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANDRA MARSHALL

       Plaintiff,

       v.

HONEYWELL TECHNOLOGY
SYSTEMS, INC.,

L-3 COMMUNICATIONS GOVERNMENT
SERVICES, INC.

       and

SGT, INC.,

       Defendants.

Case No. 1:05CV02502

Judge Richard W. Roberts

## DEFENDANT L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.'S ANSWER

COMES NOW L-3 Communications Government Services, Inc. ("L-3") and by and through its undersigned attorneys, answers the Corrected Amended Complaint ("Complaint") of Plaintiff, Sandra Marshall, as follows[1]:

1.      The allegations contained in Paragraph One of the Complaint are Plaintiff's characterization of her action to which no response is required.  To the extent that a response is necessary, L-3 denies the allegations contained in Paragraph One of the Complaint.

---

[1] In her Introduction, Plaintiff purports to incorporate her entire Complaint and Amended Complaint, into this Corrected Amended Complaint.  The only pleading actually before the Defendants, however, is this Corrected Amended Complaint and these are the only allegations that require an answer. It would be unduly burdensome to require Defendants to provide answers to three separate pleadings which are lengthy and repetitious.  This is especially true when Plaintiff represented that she has not changed the substance of her Amended Complaint.  See Motion for Leave to File Corrected Amended Complaint at ¶¶ 3-4.

2.      Paragraph Two of the Complaint calls for a legal conclusion and, as such, no response is required.  L-3 admits, however, that this Court has jurisdiction to hear this matter.

3.      L-3 admits that it conducts business in the District of Columbia and, upon information and belief, that NASA also conducts business in the District of Columbia.  L-3 is without knowledge or information sufficient to form a belief as to the remaining facts alleged in Paragraph Three of the Complaint.  L-3 denies that this Court is the proper venue for this action.

4.      L-3 admits that Plaintiff is one of its former employees, that it employed her as a Voice Control Supervisor at the time that it lost its contract with Defendant Honeywell Technology Systems, Inc. ("Honeywell"), and that she is an African-American woman.  L-3 further admits that Plaintiff's employment with it ended on or about December 31, 2003 when it lost its contract with Honeywell. Upon information and belief, Plaintiff is a citizen of the United States.  L-3 is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she is a resident of the District of Columbia or her allegation regarding her age.  L-3 denies the remaining allegations contained in Paragraph Four of the Complaint.

5.      L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Five of the Complaint.

6.      L-3 admits that it employed Plaintiff in 2003 and that it transacts some business in the District of Columbia.  L-3 denies the remaining allegations contained in Paragraph Six of the Complaint.

7.      Upon information and belief, L-3 admits that Defendant SGT, Inc. took over a contract with Honeywell.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seven of the Complaint.

8.      L-3 admits that it employed more than 25 people in 2003.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eight of the Complaint.

9.      L-3 denies the allegations contained in Paragraph Nine of the Complaint.

10.      L-3 denies the allegations contained in Paragraph Ten of the Complaint.

11.      L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Eleven of the Complaint.

11(a).[2] L-3 admits that in 2003 Plaintiff was a 54 year old African American female employed by L-3.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eleven(a) of the Complaint.

12.      L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Twelve of the Complaint.

13.      L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirteen of the Complaint.

14.      L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Fourteen of the Complaint.

15.      L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifteen of the Complaint.

16.      L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixteen of the Complaint.

17.      L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Seventeen of the Complaint.

---

[2] Plaintiff incorrectly numbers this Paragraph 11 in her Compliant.  L-3 renumbers is 11(a) to keep continuity with the remaining Paragraphs in the Complaint.

17(a).   L-3 denies the allegations contained in Paragraph Seventeen(a) of the Complaint to the extent that these allegations occurred on or after May 31, 2001, the date that L-3 acquired EER, Inc.  L-3 lacks information or knowledge sufficient to form a belief as to the truth of any allegations in Paragraph Seventeen(a) that occurred prior to May 31, 2001.   L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations made against Honeywell in this Paragraph.

17(b).   L-3 denies the allegations contained in Paragraph Seventeen(b) of the Complaint to the extent that these allegations occurred on or after May 31, 2001, the date that L-3 acquired EER, Inc.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants or to any events that occurred prior to May 31, 2001 in this Paragraph.

18.   L-3 denies the allegations contained in Paragraph Eighteen of the Complaint to the extent that these allegations occurred on or after May 31, 2001, the date that L-3 acquired EER, Inc.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants or to any events that occurred prior to May 31, 2001 in this Paragraph.

19.   L-3 denies the allegations contained in Paragraph Nineteen of the Complaint to the extent that these allegations occurred on or after May 31, 2001, the date that L-3 acquired EER, Inc.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants or to any events that occurred prior to May 31, 2001 in this Paragraph.

19(a).   L-3 denies the allegations contained in Paragraph Nineteen(a) of the Complaint to the extent that these allegations occurred on or after May 31, 2001, the date that L-3 acquired

EER, Inc. L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants or to any events that occurred prior to May 31, 2001 in this Paragraph.

19(b). L-3 admits that at all times after its acquisition of EER it had policies and procedures and that it was a government contractor which would not discriminate against individuals on the basis of their gender or race. L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants in this Paragraph.

20. L-3 denies the allegations contained in Paragraph Twenty of the Complaint to the extent that these allegations occurred on or after May 31, 2001, the date that L-3 acquired EER, Inc. L-3 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph.

21. L-3 denies the allegations contained in Paragraph Twenty-One of the Complaint to the extent that these allegations occurred on or after May 31, 2001, the date that L-3 acquired EER, Inc. L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants or to any events that occurred prior to May 31, 2001 in this Paragraph.

22. L-3 denies the allegations contained in Paragraph Twenty-Two of the Complaint.

23. L-3 denies the allegations contained in Paragraph Twenty-Three of the Complaint as these pertain to it. L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against Honeywell in this Paragraph.

24.    L-3 denies the allegations contained in Paragraph Twenty-Four of the Complaint as these pertain to it.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against Honeywell in this Paragraph.

25.    L-3 admits that it had unionized employees at the times relevant to this action.  L-3 denies the remaining allegations contained in Paragraph Twenty-Five of the Complaint.

26.    L-3 denies the allegations contained in Paragraph Twenty-Six of the Complaint as these pertain to it.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants in this Paragraph.

27.    L-3 admits that Plaintiff filed a charge of discrimination in 2001 and that the Prince George's Human Rights Commission ("PGHRC") issued a finding that there was sufficient evidence to support a finding of retaliation on or about April 2002.  L-3 denies the remaining allegations contained in Paragraph Twenty-Seven of the Complaint.

28.    L-3 denies the allegations contained in Paragraph Twenty-Eight of the Complaint as these pertain to it.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against Honeywell in this Paragraph.

29.    L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was unable to sleep, eat, concentrate, or have a loving relationship with her spouse and family at any point in her life.  L-3 denies that it harassed Plaintiff.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-Nine of the Complaint.

30.    L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty of the Complaint.

31.     L-3 denies the allegations contained in Paragraph Thirty-One of the Complaint that pertain to it.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

32.     L-3 admits that it had acquired EER by 2003.  L-3 denies the remaining allegations contained in Paragraph Thirty-Two of the Complaint that pertain to it.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against Honeywell in this Paragraph.

33.     L-3 admits that her lawyer filed on Plaintiff's behalf in 2003 a written response to a union grievance filed against her by one of her employees.  L-3 denies the remaining allegations contained in Paragraph Thirty-Three of the Complaint.

34.     L-3 admits that in 2003 it informed its employees that it would no longer have its contract with Honeywell that is at issue in this case.  L-3 further admits that it told its employees that if they wished to retain their positions they would have to seek employment from Honeywell and SGT.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

35.     L-3 admits that it told its employees that the new subcontractor at issue would be SGT.  L-3 denies the remaining allegations contained in Paragraph Thirty-Five of the Complaint as these pertain to it.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants in this Paragraph.

36.     L-3 denies the allegations contained in Paragraph Thirty-Six of the Complaint as these pertain to it.  L-3 is without knowledge or information sufficient to form a belief as to the truth of the allegations against the other defendants in this Paragraph.

37.    L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Seven of the Complaint.

38.    L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Eight of the Complaint.

39.    L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Thirty-Nine of the Complaint.

40.    L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty of the Complaint.

41.    L-3 denies the allegations contained in Paragraph Forty-One that pertain to it.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

42.    L-3 admits that it did not continue Plaintiff's employment with it after December 31, 2003 and that it informed her of that fact prior to that time.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Two of the Complaint.

43.    L-3 denies the allegations contained in Paragraph Forty-Three that pertain to it. L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Three of the Complaint.

44.    L-3 denies the allegations contained in Paragraph Forty-Four that pertain to it.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Four of the Complaint.

45.    L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Forty-Five of the Compliant.

46.     L-3 admits that it has not rehired Plaintiff or requested that she come back to work for it since 2003.  L-3 denies that it has had any positions available since 2003 under the contract at issue in this case or that it has failed to rehire her for any impermissible reason.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Six of the Complaint.

47.     L-3 denies the allegations contained in Paragraph Forty-Seven that pertain to it. L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Seven of the Complaint.

48.     L-3 denies the allegations contained in Paragraph Forty-Eight that pertain to it.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Eight of the Complaint.

49.     L-3 denies the allegations contained in Paragraph Forty-Nine that pertain to it.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Forty-Nine of the Complaint.

50.     L-3 denies the allegations contained in Paragraph Fifty that pertain to it.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty of the Complaint.

51.     L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-One of the Complaint.

52.     L-3 is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph Fifty-Two of the Complaint.

53.     L-3 denies the allegations contained in Paragraph Fifty-Three of the Complaint. L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Three of the Complaint.

54.     L-3 denies the allegations contained in Paragraph Fifty-Four of the Complaint that pertain to it.  L-3 is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Four of the Complaint.

55.     L-3 admits that Plaintiff was a black female manager over the age of 50 employed by it under the contract at issue in this case at Greenbelt Maryland until December 31, 2003 when the contract ended.  L-3 denies the remaining allegations contained in Paragraph Fifty-Five of the Complaint that pertain to it. L-3 is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Five of the Complaint.

56.     L-3 denies the allegations contained in Paragraph Fifty-Six of the Complaint that pertain to it.  L-3 is without information and knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Fifty-Six of the Complaint.

## COUNT I
## AGE DISCRIMINATION (¶¶ 57-69)

57.     L-3 incorporates its answers to each allegation set forth in Paragraphs 1-56 of the Complaint as if set forth in full herein.  The Court dismissed Count I against L-3 by Order dated February 26, 2008 and therefore no answer is required to Paragraph Nos. 57-69.

## COUNT II
## TITLE VII, U.S.C.§ 1981, CRA OF 1871, FIFTH AND EIGHTH AMENDMENT

70.     L-3 incorporates its responses to Paragraphs 1-69 of the Complaint as if fully set forth herein.  The Court dismissed Plaintiff's claims brought under the Fifth and Eighth

Amendment, under Maryland and/or Prince George's law, and for sex discrimination under U.S.C. § 1981 against L-3 by Order dated February 26, 2008. Furthermore, Plaintiff dismissed all claims she made against L-3 under Title VII by a voluntary dismissal dated March 18, 2007. Therefore, no answer is required to these Paragraphs as they relate to these claims.

71.    L-3 denies the allegations contained in Paragraph Seventy-One of the Complaint.

72.    L-3 denies the allegations contained in Paragraph Seventy-Twp of the Complaint that pertain to it. L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Two of the Complaint.

73.    L-3 denies the allegations contained in Paragraph Seventy-Three of the Complaint that pertain to it. L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Three of the Complaint.

74.    L-3 denies the allegations contained in Paragraph Seventy-Four of the Complaint that pertain to it. L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Four of the Complaint.

75.    L-3 denies the allegations contained in Paragraph Seventy-Five of the Complaint that pertain to it. L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Five of the Complaint.

76.    L-3 denies the allegations contained in Paragraph Seventy-Six of the Complaint that pertain to it. L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Six of the Complaint.

77.    L-3 denies the allegations contained in Paragraph Seventy-Seven of the Complaint that pertain to it. L-3 is without information or knowledge sufficient to form a belief

as to the truth of the remaining allegations contained in Paragraph Seventy-Seven of the Complaint.

78.    L-3 denies the allegations contained in Paragraph Seventy-Eight of the Complaint that pertain to it.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Eight of the Complaint.

79.    L-3 denies the allegations contained in Paragraph Seventy-Nine of the Complaint that pertain to it.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Seventy-Nine of the Complaint.

80.    L-3 denies the allegations contained in Paragraph Eighty of the Complaint that pertain to it.  L-3 is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eighty of the Complaint.

**COUNT III**
**RETALIATION (¶¶ 81-90)**

81.    L-3 incorporates its responses to Paragraphs 1-80 of the Complaint as if fully set forth herein.  The Court dismissed Plaintiff's claims under Maryland and/or Prince George's law by Order dated February 26, 2008 and Plaintiff dismissed all claims she made against L-3 under Title VII by a voluntary dismissal dated March 18, 2007.  Therefore, no response is required for Paragraphs 81-90 of the Complaint.

**COUNT IV**
**EQUAL PAY ACT (¶¶ 91-96)**

91.    L-3 incorporates its responses to Paragraphs 1-90 of the Complaint as if fully set forth herein.  The Court dismissed Plaintiff's Equal Pay Act claim against L-3 by Order dated February 26, 2008 and therefore no answer is required to Paragraphs 91-96 of the Complaint.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (¶¶ 97-99)

97.    L-3 incorporates its responses to Paragraphs 1-96 of the Complaint as if fully set forth herein.  The Court dismissed Plaintiff's claim against L-3 for Intentional Infliction of Emotional Distress by Order dated February 26, 2008.  Therefore, no answer is required to Paragraphs 97-99 of the Complaint.

## COUNT VI
## NEGLIGENT SUPERVISION AND RETENTION (¶¶ 100-103)

100.    L-3 incorporates its responses to Paragraphs 1-99 of the Complaint as if fully set forth herein.  The Court dismissed Plaintiff's claim against L-3 for Negligent Supervision and Retention by Order dated February 26, 2008.  Therefore, no answer is required to Paragraphs 100-103 of the Complaint.

## COUNT VII

Count VII is merely a recitation of Plaintiff's requests for damages to which no answer is required.  To the extent that a response is required, L-3 denies that Plaintiff is entitled to any relief whatsoever.

L-3 denies each and every allegation contained in Plaintiff's Complaint to which it did not specifically admit.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Venue is not appropriate in this forum.

**THIRD DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations in whole or in part.

**FOURTH DEFENSE**

Each of L-3's actions in relation to Plaintiff was done in good faith and for legitimate non-discriminatory reasons.

**FIFTH DEFENSE**

L-3 did not discriminate against Plaintiff on account of her age, race, gender, or for any other impermissible reason.

**SIXTH DEFENSE**

Plaintiff must elect her remedy and should not be permitted to recover more than once for any alleged injury.

**SEVENTH DEFENSE**

L-3 at all times attempted in good faith to comply with its obligations under the law and, therefore, punitive and/or liquidated damages are not recoverable under the facts of this case.

**EIGHTH DEFENSE**

Plaintiff failed to exhaust her administrative remedies.

**NINTH DEFENSE**

To the extent that Plaintiff failed to mitigate her damages, any damages awarded to her should be reduced accordingly.

**TENTH DEFENSE**

L-3 only let the Plaintiff go when it lost the sub-contract with Honeywell at issue in this case. Since L-3 does not have Plaintiff's position available any longer, it is not liable to her for any award of back pay, front pay, or damages of any kind.

## ELEVENTH DEFENSE

L-3 is not jointly or severally liable for the actions of the other defendants.

## TWELFTH DEFENSE

Plaintiff's claims are barred to the extent that she failed to exhaust all applicable administrative remedies.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because L-3 exercised reasonable care to prevent and correct promptly any harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities, or to avoid harm.  The remaining claim against L-3 should not be tried before the same jury as the claims against the other defendants.

**WHEREFORE**, having answered Plaintiff's Complaint, Defendant L-3 respectfully requests that this Court dismiss Plaintiff's action with prejudice, enter judgment in its favor, and award it its reasonable attorneys' fees, costs, and expenses incurred in its defense of this action.

Respectfully Submitted,

L-3 COMMUNICATIONS
GOVERNMENT SERVICES, INC.


By:    __/s/  Megan S. Ben'Ary_____
                    Counsel


John M. Barr
Megan S. Ben'Ary (D.C. Bar No. 493415)
LeClair Ryan, A Professional Corporation
225 Reinekers Lane, Suite 700
Alexandria, Virginia  22314
(703) 684-8007 (Telephone)
(703) 684-8075 (Facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of March, 2008, a true and accurate copy of the foregoing was served via electronic mail and the Court's ECF System, upon:

JoAnn Patricia Myles
LAW OFFICE OF JOANN P. MYLES
1300 Mercantile Lane
Suite 139-S
Largo, MD 20774-5327

Rafael Eloy Morell
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2400 N Street, NW
5th Floor
Washington, DC 20037

Antonio R. Franco
PILIERO, MAZZA & PARGAMENT
888 17th Street, N.W.
Suite 1100
Washington, DC 20006

_____/s/_____
Counsel

16