IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL<br><br>Plaintiff,<br><br>v.<br><br>HONEYWELL TECHNOLOGY SYSTEMS, INC.,<br><br>L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.<br><br>and<br><br>SGT, INC.,<br><br>Defendants. | Case No. 1:05CV02502<br><br>Judge Richard W. Roberts |

**DEFENDANT L-3 COMMUNICATIONS GOVERNMENT SERVICES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER AND AMDEND [SIC] THE COURT'S ORDER DATED FEBRUARY 26, 2008 AND/OR MOTION FOR RECONSIDERATION AND OTHER APPROPRIATE RELIEF**

Defendant L-3 Communications Government Services, Inc. ("GSI"), through undersigned counsel, respectfully offers this Opposition to Plaintiff's Motion to Alter and Amdend [sic] the Court's Order Dated February 26, 2008 and/or Motion for Reconsideration and Other Appropriate Relief ("Plaintiff's Motion").[1] Plaintiff - - who offers no change in controlling law and no newly discovered evidence to justify her motion - - fails to meet her extraordinary burden for relief under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. GSI, therefore, respectfully requests that this Court deny Plaintiff's Motion.

---

[1] Part of Plaintiff's Motion addresses the Court's Order to Show Cause issued February 26, 2008. Because the Court did not invite any submission from GSI on that discrete issue, GSI is not responding to that aspect of the Court's Order.

1

## BACKGROUND

**I.     Procedural History.**

Plaintiff filed her original Complaint on December 30, 2005 against GSI, SGT, Inc. ("SGT") and Honeywell Technology Systems, Inc. ("Honeywell"). The only cause of action raised in the Complaint was for age discrimination. Complaint at ¶¶ 31-35. Plaintiff made no mention of the Equal Pay Act, 29 U.S.C. § 206(d). GSI filed a motion to dismiss the original Complaint on May 16, 2006 demonstrating that Plaintiff failed to meet the statutory requirement of filing a timely administrative charge of age discrimination.

While GSI's motion to dismiss was pending, Plaintiff filed an amended Complaint on January 5, 2007, more than a year after she had filed her original Complaint. Before GSI could respond, Plaintiff filed a Corrected Amended Complaint ("Corrected Complaint") on January 29, 2007. In the Corrected Complaint, Plaintiff raised myriad allegations against GSI including: claims for race and gender discrimination under Title VII, 42 U.S.C. § 1981 ("Section 1981"), the Prince George's County Code, and the Maryland Code, Corrected Complaint at ¶¶ 70-80; age discrimination under state and federal law, id. at ¶¶ 57-69; retaliation pursuant to Title VII, the Prince George's County Code, and the Maryland Code, id. at ¶¶ 81-90; violation of the Equal Pay Act, id. at ¶¶ 91-96; and the torts of Intentional Infliction of Emotional Distress and Negligent Retention and Supervision. Id. at ¶¶ 97-103.

GSI filed a motion to dismiss or to transfer venue on February 15, 2007.[2] SGT filed its own motion to dismiss and Honeywell filed its answer on the same day. On March 18, 2007, Plaintiff voluntarily dismissed her Title VII harassment, discrimination, and retaliation claims against GSI and dismissed various claims made against SGT.

---

[2] GSI did not seek to dismiss Plaintiff's claim for alleged race discrimination in violation of Section 1981.

**II.    The Court's February 26, 2008 Order.**

On February 26, 2008, the Court granted GSI's motion to dismiss and dismissed all remaining claims against GSI with the exception of Plaintiff's claim for race discrimination pursuant to Section 1981. Court's Memorandum Opinion and Order dated February 26, 2008 ("February 26th Order") at 21. The Court granted the majority of SGT's motion to dismiss and denied GSI's motion to transfer venue.

The Court dismissed Plaintiff's claim under the Equal Pay Act because she did not file it within the two year statute of limitations that governs those actions. Court Order at 10-11 (citing 29 U.S.C. §255 (a)). The Court noted that while Plaintiff's last day of employment at GSI was December 31, 2003, she did not file suit under the Equal Pay Act until January 12, 2007. Id.

The Court dismissed Plaintiff's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, because Plaintiff did not file an age discrimination administrative complaint within the mandatory 300 days of when the alleged cause of action arose. Court Order at 11 (citing 29 U.S.C. § 626(d)(2)). The Court dismissed Plaintiff's state based age discrimination claim both because she did not file the required administrative charge within six months of the alleged injury as required under Maryland law and because Plaintiff did not file suit within two years of the alleged infraction as required by Maryland's statute of limitations. Id. (citing Maryland Code 49B §§ 9A(a) and 42(b)(1), (2)).

Plaintiff filed her pending motion to request partial reconsideration of this Court's February 26th Order on March 7, 2008. Plaintiff requests such relief pursuant to either Rule 50 or 60 of the Federal Rules of Civil Procedure.

3

# ARGUMENT

## I. Plaintiff Does Not Demonstrate the Extraordinary Circumstances Necessary to Obtain Relief Under Fed. R. Civ. Pro. 59.

Plaintiff seeks partial reconsideration of this Court's February 26th Order under Fed. R. Civ. Pro. 59 ("Rule 59").[3]  Plaintiff, however, fails to bring to this Court's attention the extraordinary set of circumstances Rule 59 requires before Plaintiff can receive such relief.  See e.g. MDB Communications, Inc. v. Hartford Casualty Insurance Co., 2008 U.S. Dist. LEXIS 4620 at *9 (D.D.C. January 24, 2008) (Motions under Rule 59(e) are "disfavored and relief from judgment is granted only when the moving party establishes 'extraordinary circumstances.'") (quoting Niedermeier v. Office of Max S. Baucus, 153 F. Supp. 2d 23, 28 (D.D.C. 2001)).  A court does not have to grant a motion under Rule 59 unless there is "'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Id. (quoting Ciralski v. Central Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004)).  Plaintiff does not meet any of these four criteria.

Plaintiff's somewhat disjointed and meandering brief is unable to point to any change in the law controlling the two year statute of limitations that governs Equal Pay Act and Maryland state law claims, the need to satisfy administrative filing requirements under the Age Discrimination in Employment Act, or the relation back of amended pleadings pursuant to Fed. R. Civ. Pro. 15(c).[4]  Plaintiff also fails to point the Court to any clear error it committed in its February 26th Order or any "manifest injustice" that she suffered.

---

[3] Plaintiff does not specify which section of Rule 59 she is utilizing, but, given the nature of her motion she appears to be making the motion under Rule 59(e) and GSI will address its argument to that portion of the Rule.

[4] Plaintiff appears to believe that she merely needed to make administrative mention of an equal pay act issue to preserve her claim under the Equal Pay Act.  Plaintiff's Motion at 6.  The Equal

### A.   There is no change in controlling case law.

Plaintiff appears to argue that the Supreme Court's recent decision in <u>Federal Express Corp. v. Holowecki</u>, 2008 U.S. LEXIS 2196 (February 27, 2008) somehow changed the requirements as to what constitutes a charge thus permitting her Intake Interview Form to qualify as a charge under the ADEA. Plaintiff's Motion at 2-3. <u>Federal Express</u> says no such thing. In fact, the Supreme Court explicitly rejected the idea that an Intake Questionnaire standing by itself could qualify as a charge under the ADEA. <u>Id.</u> at ***22. As the Supreme Court held

> Respondent's proposed standard, that a charge need contain only an allegation of discrimination and the name of the employer, falls short in this regard. Were that stripped down standard to prevail, individuals who approach the agency with questions could end up divulging enough information to create a charge. This likely would be the case for anyone who completes an Intake Questionnaire - - which provides space to indicate the name and address of the offending employer and asks the individual to answer the question, 'what action was taken against you that you believe to be discrimination?'

<u>Id.</u> (citation to Court record omitted). The Supreme Court went on to hold that a filing can only be a charge if it contains more than an allegation and the name of the charged party; it must be objectively seen as a request that the agency take remedial action. <u>Id.</u> at ***23. In <u>Federal Express</u>, the Court found that the Intake Questionnaire accompanied by a six-page affidavit was sufficient to constitute a charge. <u>Id.</u> at ***28 (Court agrees that a mere intake form would likely not be enough to constitute a charge for ADEA).

In <u>Federal Express</u>, the affidavit in the record that went with the intake form explicitly requested action on the age discrimination complaint. <u>Id.</u> at *** 29 ("'[p]lease force Federal Express to end their age discrimination plan so we can finish out our careers absent the unfairness and hostile work environment . . .'"). In the present case, Plaintiff claims that her

---

Pay Act, however, requires that such suits be filed in court within two years or be "forever barred." 29 U.S.C. § 255(a).

Intake Interview form - - which she did not sign and which contains no factual specifics as to what activities of GSI constituted the alleged violations - - was enough on its own to constitute a charge of age discrimination. See March 19, 2007 Affidavit of Sandra Marshall ("March 19, 2007 Affidavit") at Exhibit 2 attached to Plaintiff's March 21, 2007 Opposition to L-3 Communications Motion To Dismiss; Plaintiff's Motion at 2-3. Yet, the affidavit Plaintiff submitted to the administrative agency makes no mention of age discrimination, but only race and gender discrimination and retaliation. March 27, 2007 Affidavit at Exhibit 3.

The objective implication of Plaintiff's actions as interpreted in light of Federal Express is that she inquired about a number of possible discrimination complaints in the Interview Intake Form and then decided only file a charges of race and gender discrimination and retaliation. Federal Express is not a change in controlling law; it makes clear that Plaintiff's actions in 2003 and 2004 did not constitute a charge of age discrimination.

**B.     There is no manifest injustice in the Court's February 26th Order.**

As defined in the case law, a "manifest injustice" is "'[a]n error in the trial court that is direct, obvious and observable such as a defendant's guilty plea that is involuntary. . .'" McDaniel v. American General Financial Services, Inc., 2007 U.S. Dist LEXIS 52217 at *7 (W.D. Tenn. July 17, 2007) (bracket and ellipses in original, citation omitted). In the present case, Plaintiff is not a defendant coerced into pleading guilty, she is a Plaintiff who slept on her rights for more than two years even though she was represented by counsel. The mere enforcement by this Court of statutory deadlines designed to protect defendants such as GSI from litigating stale claims is not a "manifest injustice."

C.  **There is no newly discovered evidence.**

The only remaining avenue for Plaintiff to use under Rule 59 would be to produce newly discovered evidence relevant to her failure to file a charge of age discrimination in a timely manner.  Under Rule 59, however, evidence available to Plaintiff at the time of the original motion to dismiss is irrelevant to this Court's consideration of a motion to reconsider.  MDB Communications, 2008 U.S. Dist. LEXIS at *9 (Rule 59 motion may not be used to present evidence that could have been presented prior to the entry of judgment); Niedermeier, 153 F.Supp.2d at 28 ("It is well established that plaintiff cannot resuscitate her claim post-dismissal by alleging facts or legal theories that were available to her from the inception of her case.").

Plaintiff's latest affidavit, which is based upon her personal knowledge, only relates facts that were available to Plaintiff from the inception of this case.  See Affidavit Sandra Marshall [sic] attached hereto as Exhibit A.  These facts were all relevant to Plaintiff's claim in her original opposition to GSI's motion to dismiss that the Court should excuse her lengthy delays in filing the required administrative charge or her Equal Pay Act claim.  See Plaintiff's Opposition to GSI's Motion to Dismiss filed March 20, 2007 at 14-17.  Therefore, this affidavit should not be considered.  Otherwise, unsuccessful litigants will be encouraged to trot out additional facts that could have been raised in an original opposition in the hopes of overturning an unfavorable opinion wasting the limited resources of the courts and the other litigants in the case.

Even if the new facts alleged by Plaintiff were admissible in a motion made pursuant to Rule 59 - - and they are not - - it is clear that she had not raised any new issue for this Court. While the Plaintiff claims that she does not know the intricacies of agency procedures, she admits that she discussed her age discrimination claims with her lawyer in 2004 and 2005. Exhibit A at ¶¶ 9, 13.  Plaintiff also admits that she knew enough about agency procedures to

7

know that she wanted them to file an age discrimination charge and that they were not filing that charge. Id. at ¶ 7 (". . . although from December 2003 until about February 2004 I insisted that the agency accept my charges." "However, I insisted with investigator Steele and others to include claims I had included on my Intake Form, this continued for a period of more than a year and a half.");

Yet, for some reason the only item that seems to have slipped Plaintiff's memory when speaking with her lawyer about her age discrimination claims over this lengthy time period was the alleged struggle that she had with the Prince George's County Human Rights Commission ("PGCHRC") to accept her age discrimination claim for filing. Id. at ¶ 9 ("I do not recall discussing with Ms. Myles my problems with the Commission."). If Plaintiff is to be believed, she did not breathe a word of her ongoing struggles with the PGCHRC to her lawyer despite the fact that she continued to go back and forth to the "three or four" intake personnel to have them institute an age discrimination charge. Id. at ¶¶ 6, 7. Plaintiff claims to have finally told her lawyer in the summer of 2005 about her troubles with the PGCHRC and its alleged refusal to file an age discrimination complaint. Id. at ¶ 13. Even so, Plaintiff and her lawyer continued to sleep on her rights and to take no action until the very end of December 2005 when she filed her original complaint with this Court and January 2006 when she claims to have filed an amended charge with the PGCHRC.

Plaintiff further admits that she made her lawyer aware of her Equal Pay Act claim in 2004. Exhibit A at ¶ 9. No such claim was filed with this Court until 2007, a fact for which Plaintiff appears to take equal responsibility with her lawyer. See Exhibit A at ¶ 15 ("I inadvertently did not have Ms. Myles [Plaintiff's lawyer] include the equal pay act claim with the age claim."). Rule 59(e) does not exist to give parties the opportunity to revisit litigation

8

decisions that, in retrospect, they wish they had done differently. MDB Communications, Inc., 2008 U.S. Dist LEXIS 4620 at *9 (Rule 59(e) is not to be used to permit parties to relitigate old matters) (citation omitted).

Plaintiff also is not being completely forthcoming with this Court regarding her access to legal counsel over the relevant time period. In the affidavit, Plaintiff only discusses conversations with her lawyer in 2004 and 2005. Exhibit A at ¶¶ 9, 13. Furthermore, in her Motion, Plaintiff claims that she did not have counsel during the PGCHRC process in 2003 and 2004. Plaintiff's Motion at 5. Yet, on June 23, 2003, Ms. Myles sent a letter to Mike Eder, Plaintiff's supervisor, stating that "[p]lease be advised that I am legal counsel for Mrs. Sandra Marshall." See June 23, 2003 letter from Jo Ann P. Myles attached hereto as Exhibit B. Interestingly, in this letter Ms. Myles makes mention of race and gender based discrimination but not age discrimination.

What the facts show is that in 2003, 2004, and 2005 Plaintiff was represented by - - or consulted with - - the same lawyer, that Plaintiff discussed her alleged age and Equal Pay Act claims with that lawyer in 2004 and 2005, that the Plaintiff did not file the appropriate administrative charge of age based discrimination or a lawsuit under the Equal Pay Act in that time period despite knowing these needed to be filed. None of these facts are new and none of them give rise to the extraordinary circumstances required by Rule 59.

II. **Plaintiff Does Not Demonstrate the Extraordinary Circumstances Necessary to Obtain Relief Under Fed. R. Civ. Pro. 60.**

Plaintiff also moves to partially reconsider the Court's February 26th Order on the basis of Fed. R. Civ. Pro. 60 ("Rule 60"). When a motion to reconsider is filed pursuant to both Rule 59 and Rule 60, a court should look to the timing of the motion and the grounds for relief stated therein to determine which rule to apply. Hooker-Robinson v. Condoleezza Rice, 2006 U.S.

9

Dist. LEXIS 51737 at *2-*3 (D.D.C. July 27, 2006).  In the present case, Plaintiff's motion was filed within ten days of the Court's Order and so the appropriate analysis is under Rule 59.  Id. *3 (motion filed more than ten days after court's ruling should be considered under Rule 60)).

Furthermore, there is nothing in Plaintiff's motion that would activate one of the special categories covered by Rule 60 that are not covered by Rule 59.  Rule 60(b) permits a Court to grant relief from a judgment on account of (1) mistake, (2) newly discovered evidence, (3) fraud, (4) the judgment being void, (5) the judgment being discharged, or (6) any other reason justifying relief.  On the face of Plaintiff's Motion, it appears that she is not seeking relief under Rule 60(b) (1), (3), (4), or (5). As discussed above, Plaintiff also cannot seek relief under Rule 60(b)(2) as she does not offer any newly discovered evidence to support her motion.  Therefore, Plaintiff can only be acting pursuant to Rule 60(b)(6).

Even if Plaintiff could bring her motion under Rule 60(b)(6), she would still not be entitled to relief.  Under Rule 60(b)(6) a motion to reconsider should only be granted when there are "'extraordinary circumstances' that merit granting relief from the judgment."  Stanford v. Potomac Electric Power Co., 2007 U.S. Dist. LEXIS 5685 at *7 (D.D.C. January 26, 2007) (quoting Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 n.3 (D.C. Cir. 1980)).  Indeed, such relief should only be granted "sparingly."  Id.

As discussed above, there are no "extraordinary circumstances" that would justify relief in this case.  Plaintiff has had the same lawyer since 2003 and she has discussed her age discrimination and Equal Pay Act claims with that lawyer more than once, including, apparently as early as 2004. Exhibit A at ¶ 9.  The fact that the litigation decision was made to not file the age discrimination administrative charge until more than two years after the cause of action arose and to not file the Equal Pay Act claim until after the statute of limitations expired does not

provide grounds to reconsider this Court's February 26th Order.  See Kramer v. Robert M. Gates, 481 F.3d 788, 792 (D.C. Cir. 2007) ("The case law makes clear that Rule 60(b)(6) is not an opportunity for unsuccessful litigants to take a mulligan.")

## CONCLUSION

The evidence demonstrates that Plaintiff was represented by - - and consulted with - - counsel from 2003 until the present and that Plaintiff and counsel were aware that no Equal Pay Act or age discrimination claims had been filed as early as the summer of 2005.  Yet, Plaintiff took no action until January of 2006 to file an age discrimination charge and January 2007 to file suit under the Equal Pay Act. Both actions were well beyond the mandatory time limits.  In short, Plaintiff does not offer this Court any of the "extraordinary circumstances" necessary to overturn this Court's February 26th Order.  GSI, therefore, respectfully requests that this Court deny Plaintiff's Motion.

        Respectfully submitted,

        ___/s/ Megan S. Ben'Ary_____
        John M. Barr
        Megan S. Ben'Ary (D.C. Bar No. 493415)
        LeClair Ryan
        225 Reinekers Lane, Suite 700
        Alexandria, Virginia 22314
        Phone: 703-684-8007
        Fax: 703-684-8075

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 31st day of March, 2008, a true and accurate copy of the foregoing was served via electronic mail and the Court's ECF System, upon:

JoAnn Patricia Myles
LAW OFFICE OF JOANN P. MYLES
1300 Mercantile Lane
Suite 139-S
Largo, MD 20774-5327
*Counsel for Plaintiff Sandra Marshall*

Rafael Eloy Morell
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2400 N Street, NW
5th Floor
Washington, DC 20037
*Counsel for Defendant Honeywell Technology Systems, Inc.*

Antonio R. Franco
PILIERO, MAZZA & PARGAMENT
888 17th Street, N.W.
Suite 1100
Washington, DC 20006
*Counsel for Defendant SGT, Inc.*

                                                        /s/
                                                     Counsel