

Office 301-474-0281

**Law Offices of**
# JO ANN P. MYLES
1300 Mercantile Lane
Suite 139-S
Largo, Maryland 20774

Fax 301-825-4070

HAND DELIVERED
8397077993364

June 23, 2003

Mr. Mike Eder
Administrative Director
EER Systems Inc.
Goddard Flight Center
Greenbelt, Maryland

      Re: Sandra Marshall, Voice Control Supervisor's Response
         To Kelly Martin's June 13, 2003 Complaint

Dear Mr. Eder:

    Please be advised that I am legal counsel for Mrs. Sandra Marshall. On June 20, 2003, I informed you that I would be responding to the alleged complaint filed by a subordinate employee (union member of Union Local 2185.), Kelly Martin. I also requested until Monday June 23, 2003 in which to respond to Kelly Martin's grievance.

    I have had the opportunity to review the Union Contract between Union Local 2185 and EER Systems, Inc. and the Employee Handbook. I have also had the opportunity to review the allegations of Mr. Kelly Martin, a non-management employee and a subordinate to Mrs. Sandra Marshall.

      Sandra Marshall, Voice Control Supervisor's Response to
      The June 13, 2003 Grievance of Union Employee Kelly Martin

I.    Preliminary Statement

    As a preliminary matter, Mr. Martin in his June 13, 2003 grievance has failed to state any violation, breach or infraction that has allegedly occurred involving him and manager Sandra Marshall. Mr. Martin has failed to cite any rule, policy, practice, regulation or statue, which has been allegedly, violated by manager Sandra Martin in the workplace. Moreover, Mr. Martin has failed to cite and nor can he cite to any breach of the Collective Bargaining Agreement ("CBA"). Thus, it is clear on the face of Mr. Martin's grievance that it should be dismissed for its absolute failure to state a violation and claim.

Page 2
Mr. Mike Eder, EER Systems, Inc.
<u>Response To June 13, 2003 Grievance</u>
June 23, 2003

The Union/EER's Grievance Process is not be used for the type of alleged complaint filed by Mr. Martin, otherwise EER and other employers like EER with union personnel would be flooded with frivolous and meritless complaints. The union grievance process was designed to handle and resolve clear and unambiguous violations and infractions in the workplace. These violations must be set forth in a handbook, union contract or by statue. An employee complaining that allegedly a supervisor has used "sarcasm" or even perceived demeaning language to an employee in the workplace is not actionable, legally or otherwise. This exact and precise issue has already been litigated through the courts. A supervisor clearly has a right to question or make comment about a subordinate employees' work. Since a supervisor is not required to speak to a subordinate employee in any particular manner, Mr. Martin has no claim or valid grievance. More importantly, Mrs. Marshall denies his allegations. What should be noted is that Mrs. Marshall did not discipline Mr. Martin for any alleged error or for any performance deficiencies. Mr. Martin did not loose any pay and therefore under the law he cannot show how he was adversely affected in any way by the one statement Mrs. Marshall made to him. Thus, this alleged grievance should be dismissed on its face.

II.    Answer

As a general matter, Mrs. Marshall denies the allegations of Mr. Martin. What Mr. Martin a union and non-management employee complains about in his union grievance is no more than the Garden Variety Type complaint, which is typically voiced by subordinate employees who do not want to be supervised or informed about any possible errors that he or she has made in the workplace.

It also appears from the record that Mr. Martin who is a white male, had a problem with taking instructions and directions from Mrs. Marshall who is the only African-American and female manger on the work site, which is why this complaint and his March 5, 2003 complaint was generated.

On the day in question, June 13, 2003, Mrs. Marshall entered the Voice Control Section. She entered the section with documents that she was entering on to a chart she was preparing for a Communications Meeting. As she was leaving the room she saw Mr. Martin. As Mrs. Marshall was exiting that office she casually stated to Mr. Martin that his diagnosis as to her computer was wrong. Mrs. Marshall did not wait for any response but simply exited the office. Present in the office at the time she made the statement were employees Sylvia Richardson, Eileen Devous and Howard Morton. Nothing else was said or occurred. Mr. Martin's allegations that Mrs. Marshall made any

Page 3
Mr. Mike Eder, EER Systems, Inc.
<u>Response To June 13, 2003 Grievance</u>
June 23, 2003

other statements to him are hereby denied. In support of Mrs. Marshall's version of the incident she submits Exit 1, Statement by Sylvia Richardson.

The above statement is Mrs. Marshall's response to Mr. Martin's allegations. If you have any questions please contact me. Thank you for your prompt attention to this matter.

Very Truly Yours,

Jo Ann P. Myles

cc: Mrs. Sandra Marshall