**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANDRA MARSHALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HONEYWELL TECHNOLOGY ) | |
| SYSTEMS, INC., ) | Case No. 1:05-CV-02502 (RWR) |
| ) | |
| L-3 COMMUNICATIONS, INC., ) | |
| ) | |
| and ) | |
| ) | |
| SGT, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SGT, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER
AND AMEND THE COURT'S ORDER DATED FEBRUARY 26, 2008 AND/OR
MOTION FOR RECONSIDERATION AND OTHER APPROPRIATE RELIEF**

Defendant SGT, Inc. ("SGT" or "Defendant"), by its undersigned counsel, hereby respectfully submits this Opposition to Plaintiff's Motion to Alter and Amend the Court's Order dated February 26, 2008 and/or Motion for Reconsideration and Other Appropriate Relief ("Opposition"). As discussed more fully below, Plaintiff's Motion to Alter and Amend the Court's Order dated February 26, 2008 and/or Motion for Reconsideration and Other Appropriate Relief ("Motion for Reconsideration") should be denied in its entirety because it fails to meet the standard necessary to warrant reconsideration under Fed. R. Civ. P. 59(e). Specifically, Plaintiff was never employed by SGT, and such employment is a necessary element of a successful Equal Pay Act claim. Further, Plaintiff does not meet her burden of demonstrating that her Equal Pay Act and age discrimination claims relate back to her earlier,

timely-filed claims.  Moreover, her Intake Interview Form does not constitute a "charge" because it does not name SGT and was not accompanied by an affidavit or other documentation evidencing intent to allege such claims.  Finally, equitable tolling and Plaintiff's ignorance of the law are not viable excuses that would necessitate reconsideration of the Court's decision.

I.     **STATEMENT OF THE CASE**

    A.     **Procedural History.**

On or about December 30, 2005, Plaintiff initially brought an action against Honeywell, L-3 and SGT (collectively, the "Defendants") alleging that Defendants discriminated against Plaintiff on the basis of age.  Defendants each filed motions to dismiss the initial complaint and Plaintiff moved to strike Defendants' motions.  On or about January 12, 2007, Plaintiff filed an Amended Complaint.  In light of the Amended Complaint, on January 18, 2007, the Court denied as moot Defendants' previous motions to dismiss and Plaintiff's Motion to Strike.  On or about January 29, 2007, Plaintiff filed a Motion for Leave of Court to file a Corrected Amended Complaint.  On February 5, 2007, the Court granted Plaintiff's Motion for Leave of Court to File a Corrected Amended Complaint.

On February 15, 2007, SGT filed its Motion to Dismiss Plaintiff's Corrected Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Subsequently, on March 18, 2007, Plaintiff voluntarily dismissed Counts III (Retaliation), IV (Equal Pay Act) and VI (Negligent Supervision and Retention) as to SGT.  On March 20, 2007, Plaintiff filed her Opposition to Defendant L-3 Communication Inc.'s (GSI) Motion to Dismiss and/or In the Alternative to Transfer Venue and SGT's Motion to Dismiss.  On March 27, 2007, SGT filed its Reply Memorandum to Plaintiff's Opposition to Defendant's Motion to Dismiss.

**B.     The Court's Opinion and Order.**

On February 26, 2008, the Court issued a Memorandum Opinion and Order ("Opinion") in which it granted Defendant SGT's Motion to Dismiss with regard to the following claims: Fifth Amendment violations, Eighth Amendment violations, Equal Pay Act violations, age discrimination under the Federal and Maryland statutes, race and sex discrimination and retaliation under the Maryland statutes, sex and age discrimination under 42 U.S.C. § 1981, and common law torts of intentional infliction of emotional distress and negligent supervision and retention.  The Court allowed Plaintiff to proceed on its claims of race discrimination under 42 U.S.C. § 1981 and race and sex discrimination under Title VII.

In its Opinion, the Court denied Plaintiff's Equal Pay Act and age discrimination claims on the basis of Plaintiff's failure to satisfy specific conditions precedent to filing suit on each of these claims.  While Equal Pay Act claims must be brought within two years of the alleged injury, Plaintiff failed to bring her claim until January 12, 2007, well beyond two years after her employment with GSI ended on December 31, 2003.  Further, Plaintiff failed to file an administrative charge claiming a violation of the Equal Pay Act, which is a prerequisite to filing suit.  Plaintiff cannot relate an Equal Pay Act claim back to her December 30, 2005 Age Discrimination in Employment Act ("ADEA") claim, as the amendment does not grow out of the same set of facts such that Defendant SGT would have had adequate notice of the claim.  According to the Court, "Marshall's original complaint alleging only an ADEA violation gives no hint of any pay discrimination grievance and alleges no facts that would support a claim under the equal pay act."  (See Opinion at 13.)

Similar to Plaintiff's Equal Pay Act claim, Plaintiff's age discrimination claim was also denied on the basis that Plaintiff failed to bring her claim within either the Federal or Maryland

statutorily-prescribed time periods. Federal law required Plaintiff to bring her claim within 300 days of the alleged discriminatory act, and then to wait 60 days before filing a civil action. Maryland law required Plaintiff to bring her claim within six months of the alleged injury, and then to wait 45 days before filing a civil action. Rather than follow these requirements, Plaintiff waited 735 days from the alleged injury to bring her claim on January 6, 2006, after she had already filed her civil action. Despite Plaintiff's assertion that her age discrimination claim relates back to her December 29, 2003 administrative claims before the Prince George's County Human Relations Commission ("PGCHRC"), those claims expressly concerned race, sex, and retaliation. The claims do not in any way allege age discrimination such that SGT could have had adequate notice of such an allegation.

In denying Plaintiff's Equal Pay Act and age discrimination claims, the Court also refused to consider equitable tolling of the procedures for filing administrative complaints. According to the Court, equitable tolling is inappropriate because Plaintiff was well-versed in the administrative charge process. Despite allegations that the PGCHRC intake officer informed Plaintiff that she could not file an age discrimination charge, Plaintiff had in excess of 250 days to pursue her age discrimination claim, yet she failed to do so. Because Plaintiff did not act with due diligence to pursue her legal rights in the ample time available, equitable tolling was denied.[1]

---

[1] Of note, the Opinion criticized Plaintiff's counsel for: (i) failing to discover that Plaintiff had not filed an administrative claim with the PGCHRC prior to filing her civil action; (ii) failing to amend the Complaint to correct the false allegation as soon as she learned that it was false; and (iii) restating the false allegation in the Amended Complaint and the Corrected Amended Complaint. The Court ordered Plaintiff's counsel to show cause why sanctions should not be imposed pursuant to Fed. R. Civ. P. 11. While SGT does not opine on the Court's order for Plaintiff's counsel to show cause, SGT certainly does not object in any way to this order.

## II. STANDARD OF REVIEW

In order to obtain reconsideration of an earlier decision pursuant to Fed. R. Civ. P. 59(e), a party must demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." See Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting National Trust v. Dep't of State, 834 F. Supp. 453, 455 (D.D.C. 1993)). As this Court has stated, "[w]hile the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an extraordinary measure." See Turkmani v. Republic of Bolivia, 273 F. Supp. 2d 45, 49 (D.D.C. 2002). Although Plaintiff makes a litany of arguments in support of reconsideration, she does not even attempt to assert a "change in controlling law" or claim that new evidence has arisen (beyond attempting to assert facts she was previously aware of but failed to disclose prior to submitting the "Affidavit Sandra Marshall," which accompanied her Motion for Reconsideration). Furthermore, none of her allegations against the Court rises to the level of error, let alone "clear error" necessitating the prevention of "manifest injustice."

Plaintiff does not cite to the standard for reconsideration, perhaps because she is aware of the heightened level of scrutiny that granting such a motion requires. Nevertheless, Plaintiff fails to satisfy the high standard necessary for the Court, in its discretion, to grant reconsideration of its decision.

## III. ARGUMENT

### A. Available facts raised for the first time in Plaintiff's Motion for Reconsideration should not be considered.

Despite the extensive Factual Background contained in Plaintiff's Complaint, Amended Complaint, and Corrected Amended Complaint, as well as in Plaintiff's Opposition to the

Motion to Dismiss (which the Court generously considered in issuing its Opinion), Plaintiff is now attempting to once again introduce new facts in its Motion for Reconsideration.

Along with her Motion for Reconsideration, Plaintiff filed "Affidavit Sandra Marshall," which sets forth details about Ms. Marshall's lack of knowledge of PGCHRC and EEOC rules and regulations, affirmative steps she took to attempt to force the PGCHRC to include alleged claims indicated on her Intake Interview Form, and personal circumstances meant to excuse her inability to oversee her claims with the PGCHRC. Because Plaintiff bases her reconsideration argument on the fact that the intake form sufficiently conveys her attempt to file an age discrimination charge and that equitable tolling is necessary due to her affirmative steps to include age discrimination as a charge, these newly-stated facts must be set aside. Indeed, these facts are certainly not newly "discovered" and could have been set forth in any of the previous iterations of her Complaint, yet Ms. Marshall makes these assertions as a foundation for her request that the Court reconsider its earlier decision.

Considering such facts would be wholly inappropriate at this time. According to established case law, a motion for reconsideration "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996). While newly discovered evidence may be relevant at this stage, "litigants should not, on a motion for reconsideration, be permitted to attempt an extensive re-trial based on evidence which was manifestly available at the time of the hearing." Faust v. United States, 79 F.3d 1167 (Table), 1996 WL 102692, at *2 (Fed. Cir. 1996) (citing Gelco Builders & Burjay Constr. Corp. v. United States, 369 F.2d 992, 1000 n.7 (Ct. Cl. 1966)).

Because Plaintiff failed to set forth certain facts in her Affidavit prior to filing her Motion for Reconsideration, she should be prohibited from asserting such facts in support of her Equal Pay Act and age discrimination claims.

### B. Plaintiff's Equal Pay Act claim cannot be reinstated because Defendant SGT never employed Plaintiff.

While Plaintiff has repeatedly stated that she was employed as a supervisor with both Honeywell and L-3, she has never alleged that she was employed by Defendant SGT. In fact, she claims that SGT never hired her. To raise an Equal Pay Act violation, a plaintiff must establish the prima facia criteria that the "employer pays different wages to employees of opposite sexes 'for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.'" Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974) (quoting 29 U.S.C. § 206(d)(1)). Since Plaintiff has never been an employee of SGT, she has never been paid any wages by SGT. Therefore, the Plaintiff cannot allege that SGT has violated the Equal Pay Act, and Plaintiff's Equal Pay Act claim cannot and should not be reinstated.

### C. Plaintiff's Equal Pay Act and age discrimination claims are untimely.

#### 1. The Equal Pay Act and age discrimination claims do not "relate back" to timely filed claims.

As the Court noted in its Opinion and Plaintiff has failed to refute, certain statutory requirements are clear. To wit, (i) a claim under the Equal Pay Act must be brought within two years of the alleged injury, 29 U.S.C. § 255(a); (ii) a federal age discrimination claim must be brought within 300 days of the alleged discriminatory act, 29 U.S.C. § 626(d)(2); and (iii) a Maryland age discrimination claim must be brought within six months of the alleged injury, Md. Code 49B §§ 9A(a), 42(b)(2).

Despite the fact that the Court has already explained the standards under which an amendment to a claim can "relate back" to the original claim, Plaintiff appears to be requesting that her claims relate back because (i) the EEOC failed to assess the alleged discrepancy between the information on the Intake Interview Form and her actual administrative charge; and (ii) Plaintiff amended her December 29, 2003 administrative claims for race and sex discrimination on January 6, 2006, to add a claim for age discrimination.[2] Neither of these circumstances accurately warrants an amendment to Plaintiff's EEOC administrative claims because the EEOC is under no affirmative obligation to examine and compare interview forms and charges, and because an amendment adding a claim not based on the same facts does not relate back. While Plaintiff makes general allegations that individuals shall not be held accountable for agency failings and that EEOC mistakes are not fatal to a plaintiff's claims,[3] Plaintiff is unable to point to any case law that contradicts the Court's recitation of the law as it stands – namely, that amendments cannot "relate back to initial complaints if the later claims were not mentioned in the original complaint and are not based on the same set of facts." (See Opinion at 12 (citing Tripp v. Dep't of Def., 219 F. Supp. 2d 85, 91-92 (D.D.C. 2002)).)[4]

---

[2] It is unclear whether Plaintiff is still attempting to relate back her Equal Pay Act claim to the ADEA claim filed on December 30, 2005. She does not appear to challenge the Court's holding that her ADEA claim gave no hint of any pay discrimination grievance and alleged no facts to support such a claim.

[3] There does not appear to be any case law to support Plaintiff's contention that a claim should reasonably relate back because the EEOC failed to clarify why an interview form contained information (based on a checked box) that was not found in an administrative charge.

[4] Plaintiff seems to urge the Court to relate the January 6, 2006 amendment that added age discrimination back to her December 29, 2003 claim simply because she amended the earlier claim: "[t]hus, when Marshall submitted her Amended Charge, the PGCHRC should have accepted that amendment based on the EEOC's rules and regulations." (See Motion for Reconsideration at 3.) The flaw in this logic is that there is no evidence that the PGCHRC did not "accept" the amendment. The issue here is instead whether the later claim relates back to the

Here, because Plaintiff's EEOC administrative charges based on sex, race and retaliation gave no indication of an equal pay claim or an age discrimination claim (and because Plaintiff's ADEA claim gave no indication of an equal pay claim), Plaintiff's equal pay and age discrimination charges do not in any way relate back. Accordingly, such claims cannot proceed under statutorily-prescribed Federal and Maryland limitation periods.

### 2. The "Intake Interview Form" does not satisfy the requirements for filing an administrative charge for violation of the Equal Pay Act or for age discrimination.

Plaintiff bases a significant portion of her argument for reconsideration of the Court's decision on the recent case of Federal Exp. Corp. v. Holowecki, 128 S. Ct. 1147 (U.S. 2008), where the Supreme Court simply affirmed the discretion of the EEOC to determine whether an Intake Questionnaire and a detailed affidavit were sufficient to constitute a "charge" under the ADEA.[5] Reaffirming the deference provided to agency determinations and statutory interpretations pursuant to Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-45 (1984), the Supreme Court upheld the EEOC's finding that the filings constituted a "charge" because, taken as a whole, they could be construed as a request by the employee for the agency to take action on specified claims against a specified employer. The Supreme Court held that a "charge" must conform to 29 C.F.R. § 1626.6 (a writing that names the employer and generally alleges the discriminatory acts) and "must be reasonably construed as

---

earlier claim, and Plaintiff cannot point to any convincing rationale for relating this claim back for purposes of satisfying the statutorily imposed time limits.

[5] In order to bring an ADEA claim in federal court, a plaintiff must first have filed a timely administrative charge alleging a violation of the ADEA. See 29 U.S.C. § 629(d) (explaining that "[n]o civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the [EEOC].").

9

a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Holowecki, 128 S. Ct. at 1158.

Pursuant to this new standard, which Plaintiff touts repeatedly in its Motion for Reconsideration, Plaintiff's Intake Interview Form still does not meet the required threshold for a "charge." Unlike the employee in Holowecki, who completed an Intake Questionnaire identifying her employer (by name, address, and telephone number) and alleging age discrimination, Plaintiff's form did not name SGT as an employer, nor did it provide Plaintiff's address or telephone number. While Honeywell and L-3 are clearly identified, there is no mention of SGT whatsoever. Because the purpose of the "charge" is to put an employer on notice of discriminatory allegations, it would be impossible for this form to satisfy the requirements enumerated in Holowecki without naming SGT.[6]

Moreover, while the Intake Questionnaire in Holowecki did not expressly request agency action, the employee there also filed a detailed supplemental affidavit as further evidence of its specific request for EEOC intervention. In fact, the Supreme Court all but admitted that without such an affidavit, it would be unlikely to find that the employee's filings constituted a "charge." In the present case, Plaintiff filed no affidavit along with her Intake Interview Form evidencing an intent to allege an Equal Pay Act violation or an age discrimination claim. Rather, her only

---

[6] In Holowecki, the Supreme Court noted that if a "charge" only required a writing naming the employer (which Plaintiff's "charge" did not even contain with respect to Defendant SGT) and generally alleging a discriminatory act, "individuals who approach the agency with questions could end up divulging enough information to create a charge. This likely would be the case for anyone who completes an Intake Questionnaire – which provides space to indicate the name and address of the offending employer and asks the individual to answer the question, 'What action was taken against you that you believe to be discrimination?' [Citation omitted.] If an individual knows that reporting this minimal information to the agency will mandate the agency to notify her employer, she may be discouraged from consulting the agency or wait until her employment situation has become so untenable that conciliation efforts would be futile. The result would be contrary to Congress' expressed desire that the EEOC act as an information provider and try to settle employment disputes through informal means."

support for her allegations is the two checked boxes on the form, one beside the phrase "Age (under 40)" in the "Type of Discrimination" column, and one beside the phrase "Equal Pay" in the "Issues" column.[7]

While Plaintiff is content to offer the Holowecki case as a basis for reinstating her equal pay and age discrimination claims, she ignores the fact that she failed to name SGT on the Intake Interview Form and failed to file any accompanying affidavit to evidence her intent to file such claims. Instead, Plaintiff summarily declares that the form constitutes a "charge" under the EEOC definition. In fact, Holowecki stands in part for the principle that deference must be given to the EEOC, which in this case never noted a valid claim against SGT for violation of the Equal Pay Act or for age discrimination. At this point, to find such a "charge" would be contrary to established statutory and case law precedent.

### 3.    Equitable tolling is inappropriate in this case.

Despite the Court' ruling that equitable tolling is inappropriate because Plaintiff failed to exercise due diligence to pursue her legal rights, Plaintiff still seeks to equitably toll the limitations period for her alleged equal pay and age discrimination charges based on what she was purportedly told by the EEOC intake officer. Rather than support her contentions with evidentiary support of affirmative steps taken to ensure that these claims were included in her

---

[7] It is worth noting that in Plaintiff's Charge of Discrimination form, which is the official PGCHRC charge, Plaintiff checked the "race" and "sex" boxes in response to the prompt to check all appropriate boxes representing the basis of discrimination. Plaintiff did not check the "age" box or the "other" box to indicate a charge for an equal pay violation. Moreover, Plaintiff's narrative description of the alleged discriminatory activity omits any reference to or suggestion of age discrimination or equal pay charges. Instead, it focuses solely on race and sex discrimination.

11

EEOC charge, Plaintiff merely asserts that she insisted that her claims be included and then provides excuses for her inaction.[8]

According to Plaintiff, in the time after the intake officer told her that she could not file a claim for age discrimination (see Motion for Reconsideration at 5), she had no copies of her charges (see Affidavit Sandra Marshall at 3) and could not pursue her claims due to personal extenuating circumstances (see Affidavit Sandra Marshall at 3-4). At no point does Plaintiff allege facts evidencing due diligence to pursue her claims, despite her burden of justifying equitable tolling. Hood v. Sears, Roebuck & Co., 168 F.3d 231, 232 (5th Cir. 1999). In fact, Plaintiff's filings even contradict her rationale for equitable tolling. Plaintiff erroneously informed her counsel that she had filed an age discrimination claim (see Motion for Reconsideration at 5), was aware in late 2005 that she needed to file an age discrimination claim (see Affidavit Sandra Marshall at 5), and inadvertently did not have the intake officer include her equal pay claim (see Affidavit Sandra Marshall at 5).[9]

In her Motion for Reconsideration, Plaintiff does not call into question any of the case law precedent cited by the Court in refusing to employ equitable tolling. Rather, Plaintiff simply cites to Early v. Bankers Life and Cas. Co., 959 F.2d 75 (7th Cir. 1992), a Seventh Circuit case in which equitable tolling of an EEOC claim was ordered. In that case, however, the rationale for equitable tolling was the fact that the plaintiff was told by the EEOC that his submitted intake questionnaire, which contained all the requisite information, would be considered a formal charge. See id. Here, on the other hand, Plaintiff knew the intake form was not a formal charge,

---

[8] While Defendant has evaluated the new facts raised in Plaintiff's Motion for Reconsideration and Affidavit Sandra Marshall, it reiterates its objection that Plaintiff should not be permitted to raise such facts at this stage of litigation.

[9] In addition to doubts about Plaintiff's due diligence, doubts now exist about the consistency of her allegations.

and actually signed the formal charge that contained no age discrimination or equal pay claims. Moreover, the intake form that Plaintiff relies on so heavily did not even name Defendant SGT. As such, Early is wholly inapplicable to the current case.[10]

For the aforementioned reasons, equitable tolling should not be used as a means to reinstate Plaintiff's equal pay or age discrimination claims.

### 4. Plaintiff's ignorance of the law is no excuse for her failure to follow requisite procedures for filing an administrative charge.

Beyond Plaintiff's reliance on inapplicable case law, Plaintiff goes to great lengths in her Motion for Reconsideration to explain her ignorance of the law and reiterate that prior to her civil suit, she was not represented by counsel. She claims she has "no in depth knowledge about the EEOC or PGCHRC process" (see Motion for Reconsideration at 4), "was naïve and unsophisticated about the proceedings and tended to believe most of what was told to her" (see Motion for Reconsideration at 9), and "did not use an attorney to assist her doing the first complaint that she filed with the PGHRC [sic]" (see Motion for Reconsideration at 12).

While Defendant disputes Plaintiff's claims of ignorance because Plaintiff had previously filed numerous EEOC claims, the centuries-old maxim remains that regardless of Plaintiff's assertions, ignorance of the law is no excuse. See Lambert. v. California, 355 U.S. 225, 243 (U.S. 1957); Jowers v. Lakeside Family and Children's Servs., 435 F. Supp. 2d 280, 284 (S.D.N.Y. 2006) (granting defendant's request for dismissal of a plaintiff's claim because the plaintiff had failed to abide by the EEOC statutorily imposed time limitations because he alleged

---

[10] The only other case Plaintiff cites in support of equitable tolling is Brown v. Crowe, 963 F.2d 895 (6th Cir. 1992), where the court equitably tolled the statutory time limitation for a Title VII claim because a bureaucratic blunder resulted when a charge filed with a Tennessee human rights commission that had a worksharing agreement with the EEOC was not timely passed to the EEOC. Much like Early, this case is of no guidance to the current case.

ignorance, especially given that he had previously filed an EEOC claim).  Based on the law as it stands, Plaintiff's alleged ignorance of the law does not excuse her failure to follow prescribed statutory time limitations and therefore, the Motion for Reconsideration must be denied.

## IV.    CONCLUSION

In summary, Plaintiff's Motion for Reconsideration should be denied because she has failed to demonstrate that reconsideration is appropriate pursuant to Fed. R. Civ. P. 59(e).  While Plaintiff has attempted various methods of calling the Court's decision into question, the fact remains that the Equal Pay Act and age discrimination claims were justly dismissed.  Defendant SGT never employed Plaintiff such that it could have violated the Equal Pay Act with respect to her employment.  Moreover, the equal pay and age discrimination claims do not "relate back" to earlier claims.  Finally, despite the Intake Interview Form, Plaintiff's supposed ignorance of the law, and the legal concept of equitable tolling, Plaintiff has not demonstrated any new evidence, clear error, or other viable rationale for the Court to reconsider its decision.  Accordingly, Plaintiff's Motion for Reconsideration should be denied.

Respectfully submitted,

/s/ *Jonathan T. Williams*

Dated:  March 31, 2008

Antonio R. Franco, Esq.
   D.C. Bar No. 416787
Jonathan T. Williams, Esq.
   D.C. Bar No. 482539
PilieroMazza PLLC
888 17th Street, NW, Suite 1100
Washington, DC 20006
(202) 857-1000

*Counsel for Defendant SGT, Inc.*

## **CERTIFICATE OF FILING**

I hereby certify that a copy of the foregoing Defendant SGT Inc.'s Opposition to Plaintiff's Motion to Alter and Amend the Court's Order Dated February 26, 2008 and/or Motion For Reconsideration and Other Appropriate Relief was electronically filed on this 31st day of March, 2008. I understand that this document will be sent to all parties via the Court's electronic filing system.

/s/ *Jonathan T. Williams*
_____
Jonathan T. Williams, Esq.