IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HONEYWELL TECHNOLOGY ) | Case No. 1:05CV02502 |
| SOLUTIONS INC., ET.AL. ) | |
| ) | Judge Richard W. Roberts |
| Defendants. ) | |
| ) | |

**REPLY TO DEFENDANT'S OPPOSITIONS TO
PLAINTIFF'S MOTION TO ALTER AND AMDEND
THE COURT'S ORDER DATED FEBRUARY 26, 2008
AND/OR MOTION FOR RECONSIDERATION AND
OTHER APPROPRIATE RELIEF**

COMES NOW Plaintiff Sandra Marshall by and through her undersigned Counsel and files this reply to Defendants L3 Communications and SGT's oppositions to her Motion to Alter and Amend The Court's Order Dated February 26, 2008 And/Or Motion For Reconsideration And Other Appropriate Relief pursuant to Fed. R. Civ. Pro. 59 and 60. Plaintiff in support of her reply refers this Court to the accompanying memorandum of points and authorities:

I.   PRELIMINARY STATEMENT

As a preliminary matter Plaintiff does not seek to bring any Equal Pay Act Claim against SGT as that claim was dismissed by Plaintiff. So for clarification purposes the Plaintiff Sandra Marshall has only asked the Court to reconsider its order based on the United States Supreme Court's recent decision in Federal Express Corporation v. Paul Holowecki et. al., 552 U.S. _____ (2008).

The reasons that Plaintiff asked this Court to reconsider its ruling was only because at the time it had made its ruling it did not have the benefit of the United States Supreme Court's decision on the issue of; (1) whether an Intake Form could constitute a charge at the time it is filed and (2) whether a pro se litigant should be punished or have their claims dismissed due to the omissions, negligence and errors of the Equal Employment Opportunity Commission (EEOC) or by its deferral agency the Prince George's County Human Relations Commission (PGCHRC). If Plaintiff understood the Court's original holding it opined that it did not believe that Mrs. Marshall had met the standards for equitable tolling and it held that in the District of Columbia Circuit the Court has a "strict' standard on filing.

In support of defendants opposition L-3 has wrongfully claimed or implied that Marshall has always been represented by the undersigned Counsel and she has not. See Aff. Plaintiff's Counsel To support this falsehood it points to one June 23, 2003, letter written by Mrs. Marshall's current counsel and nothing more. It failed to include the undersigned counsel's other two letters which clearly clarify the limited representation that undersigned counsel had for Marshall in 2003. See Aff of Counsel and Exs. 1, 2 and 3.  Specifically, Marshall retained the undersigned counsel for only one time in 2003 for the limited and sole purpose of responding to a union grievance filed by a white male subordinate worker against her. Aff. Counsel and Ex. 2.  The undersigned Counsel was retained by Mrs. Marshall for a small fee for the sole purpose of filing an Answer for Marshall as to the employee's grievance. Marshall was never given a hearing or a response to her Answer. To this date Marshall nor her undersigned Counsel knows what happened to that white male employee's grievance. Marshall in June 2003 did state to the

2

undersigned counsel that she believed that based on that employee's grievance incident that she believed that she was being discriminated against because she was a female and African American. The undersigned counsel did not represent Mrs. Marshall throughout 2003 or advise her about the Equal Employment Opportunity Commission (EEOC) or its complaint process in 2003. After Mrs. Marshall filed her EEOC complaints in late 2003 and early 2004 she retained Counsel to file only her lawsuit. Mrs. Marshall handled her own Prince George's County Human Relations Commission Complaints.[1] The undersigned counsel did investigate and speak to those witnesses that would speak to speak to her. She was unable to get copies of Mrs. Marshall's initial charges until after the filing of Marshall's original complaint. Marshall was not able to financially pursue or file any complaint until after she returned to Washington, D.C. in 2005.

## ARGUMENT

This court has ruled that it did not believe that Marshall was entitled to have he claims fall under the equitable tolling doctrine. It did not consider whether her Intake form constituted a charge. On these two issues Mrs. Marshall moves this court to review its February 26, 2008 rulings based on the United States Supreme Court's rulings in *Federal Express Corporation* because at a minimum: (1) Marshall was misled and deprived of her rights by the deferral agency the PGCHRC and (2) her intake charge forms could constitute a charges.

**Opinion and Order**

---

[1] The Undersigned Counsel did seek to help Mrs. Marshall in the summer of 2005 when the PGCHRC would not provide information to Marshall about the status of her Complaints. See. Aff. Counsel The PGCHRC refused and failed to provide information on Marshall's charges even after Counsel requested that it do so. It also ignored Marshall's Counsel's instructions to communicate solely with her.

3

The Court in its opinion and order concluded that Marshall was not entitled to equitable tolling of the procedures for filing her administrative complaints. It also concluded that some how Plaintiff was well-versed in the administrative charge process when there was no evidence that Mrs. Marshall had any knowledge about the PGCHRC or EEOC rules and regulations. Mrs. Marshall only knew to file a complaint and that was after listening to the radio one day and nothing more. Marshall was not told by the state and federal agencies about that she time limitations, statue of limitation, rules or policies of the PGCHRC and EEOC.

Furthermore, in order for Marshall to pursue her rights she had to have the financial means in which to pursue her claims. Marshall was homeless for years after being discriminated against by defendants even until 2008. Marshall did in fact with diligence file at least her initial complaint for Age because of the two year statue of limitations. All reasonable attempts were made to obtain Marshall's PGCHRC Charges and they were not provided by the PGCHRC. See Aff. Counsel Plaintiff's Counsel could not force the PGCHRC to give up its documents in 2005 and it was only willing to give up some documents in late 2006. Moreover, Counsel did no more than the Counsel in Federal Express Corporation v. Paul Holowecki et. al., 552 U.S. _____ (2008) and that was to have her client amend her EEOC Charge. The United States Supreme Court nor any Court found fault with the Counsel in the Federal Express Case for having his client to Amend her EEOC Charge.[2]

---

[2] Plaintiff's counsel relied on the cases in other circuits that allowed equitable tolling and the use of the Intake Form as a formal charge. Plaintiff's counsel legally believed that Marshall's Intake Form constituted a charge based on the EEOC's definition of a charge. Counsel believed it would have been remiss of her to amend Mrs. Marshall's Complaint and state that she had not filed a charge when she believed that she had and when

4

**Standard of Review**

Plaintiff filed her motion to alter and amend and/or in the alternative a motion or reconsideration because the "controlling law" had in fact changed. This court opined in its order that Marshall could not maintain her age or equal pay act claim because she did not file a timely "formal charge". Op, Page 10 This Court opined that it would not allow Marshall's claims to relate back to her filing of the "formal charges". This Court looked at only the time in which Marshall filed her "form 5 Formal Charge Forms. This Court did not consider; (1) how the deferral agency misled and prohibited Marshall from filing her claims, (2) Marshall's Intake Form and (3) the charges she had levied against the Defendants in those Intake Forms or how other courts have treated intake forms as a "charge.' Plaintiff understands that this court has held that the District of Columbia has a strict standard and that it rarely uses the equitable tolling doctrine. Nor at the time of the Court's ruling was there any ruling in this circuit on considering how to treat a litigant's claims if they have been misled and mistreated by a deferral agency and whether an intake charge form may be considered a charge based on the EEOC's definition of a charge.

Marshall is moving this Court to at least review its original rationale based on the recent rulings from the Supreme Court and its interpretation of Maryland law, which before this Court ruled in 2008 was still applicable in this matter.

**Maryland Law**

Plaintiff Marshall asks this Court to be mindful of the fact that she filed her initial and amended complaints pursuant to Maryland law and under Maryland law amendments

---

Maryland courts and law freely allow amendments and other Untied States Circuit Courts have held that the Intake Form can constitute a Charge.

are freely allowed. Md. Art 49B  When reviewing Maryland Article 49B Human Relations Commission it provides that "…( c ) The commission may permit reasonable amendments to be mad to any complaint or answer. <u>Maryland Commission on Human Relations v. Baltimore County Savings & Loan Association Inc.</u>, 52 Md. App. 357 (1982)[3]  In the Maryland Commission on Human Relations Case, the Maryland appellate court specifically, held the following:

> Article, 49B Section 11 ( c) expressly permits "reasonable amendment to be made to any complaint or answer," Furthermore, regulations adopted by the Commission specifically state that, "a complaint may be amended to cure technical defects or  omissions including failure to swear to the complaint,…All of these amendments will relate back to the original filing date."COMAR 14.03.01.02D(3)"

The Maryland Courts as early as 1976 recognized and have continued to freely allow amendments in both its state courts and before the Maryland Commission on Human Relations. Particularly in the matter of the Fidelity & Guaranty Co. case where the Maryland court upheld an amendment to a previously filed complaint.

> In <u>Equal Employment Opportunity Commission v. United states Fidelity & Guaranty Co.,</u> 420 f. Supp. 244, 248 (Md. 1976), the federal district court recognized relation back of an amendment to verify a previously filed complaint under the EEOC's regulations. These regulations are similar to those adopted by the Maryland Commission on Human Relations.

---

[3] Plaintiff believed at the time she filed her original and Amended Complaints that under Maryland law an Age discrimination claim can relate back to a previous filing. Md. Code Art 49B§ 11 Because Marshall's counsel is a Maryland lawyer she has frequently made amendments under Maryland law and her review and interpretation as well her practice of  Maryland law had her conclude that an Amendment in this matter would  be considered by this Court when applying Maryland and Federal law.  See. Aff. Counsel

6

When Marshall filed her original complaint and amended Complaint this Court had not dismissed the Maryland law plead in her complaints until its February 26, 2008, ruling on the motions.[4]

Furthermore, Marshall has requested that the Court consider equitable considerations, which may prevent Marshall's claims from being time-barred. If Marshall was misled and by the PGCHRC into believing she could not pursue her claims, than according to the law a triable issue of fact exist on this very issue. A jury should be allowed to make that determination. Rodriguez v. Airborne Express, 265 F.3d 890 (CAL 2001). In Rodriguez he filed a timely EOC charge but filed an untimely amendment. The court held in that matter the following:

> Equitable considerations may prevent Rodriguez's claim from being time barred, however, if he was in fact misled by DFEH into believing he could not pursue a claim of disability discrimination under FEHA. A triable issue of fact exists with regard to this issue. The district court's summary judgment in favor of Airborne is therefore reversed, and the case is remanded *903 to the district court for further proceedings consistent with this opinion.

In another matter before the 7th Circuit, that Circuit found that "(Misleading conduct by the EEOC can be a basis for tolling the administrative statue of limitations." Early v. Bankers Life & Cas. Co., 959 F.2d 75, 81 (7th Cir. 1992).

---

[4] Marshall's undersigned Counsel is licensed in the State of Maryland. Marshall's PGCHRC complaints were filed in Maryland and her lawsuit was brought pursuant to Maryland law. Until this Court actually dismissed the Maryland law, Marshall's counsel followed Maryland law has she has practiced and understood it for 20 years. Marshall only raises the issue about Maryland law to allow the Court to fully understand her rationale in concluding that both the Original and Amended Complaints were proper. Marshall recognizes that this court has dismissed all Maryland law as of its February 28, 2008 court order.

Marshall also acted diligent, which is all that the law required. She could not force the PGCHRC to act. She could not force the EEOC to act. Marshall should be allowed to invoke the equitable tolling doctrine because she was as diligent as she could be in her situation and under her specific circumstances. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L.Ed.2d 196 (1984) Marshall has submitted her affidavits which support he claims that she diligently acted as best she could based her particular circumstances and situation.

**Marshall Was Pro Se**

Defendants also contend that Marshall was required to be perfect and she could not have any missteps or hiccups in her administrative or litigation processes. She was a pro se litigant of limited means. The undersigned counsel was not hired to represent her in every aspect of her case and claims. Proper investigatory measures took place. See Aff. Counsel  The law does require any attorney to be perfect or perform work for which that have not been hired or paid to do.

To determine Marshall's claims in 2005 when Marshall was trying to ascertain the status of her claims, the undersigned Counsel did in deed request charging documents from the PGCHRC and they refused and failed to produce those documents. Aff. Counsel Marshall lost documents and/or did not o have the documents at the time of the filing of her complaint. Counsel after further reviewing Maryland law and other federal laws and cases and her own experience she determined that an amendment was appropriate in Marshall's case.

This Court ultimately dismissed Marshall's age and equal pay act claims allegedly because they were time-barred, concluding that Marshall had failed to strictly comply

with the ADEA's and Equal Pay Act (EPA) exhaustion requirements under federal, county and state laws. The Court mistakenly concluded that Marshall's Intake Form/ Questionnaire did not constitute a "Charge". The EEOC's regulation specifying and defining the term "Charge". (See 29 C.F.R. §§1626.3, 1626.6, 1626.8) requires a scant content. Thus, Plaintiff believes this Court should consider the recent rulings of the United States Supreme Court.

**Marshall's Intake Form**

Marshall's Intake form was complete and showed her intent and the claims she was filing and wanted to pursue. The Intake form had her name and address, the name and address of the defendants except SGT. There is no requirement that the intake form be sworn or that it have a sworn affidavit. In Federal Express the court implies that the Intake form must manifest one's intent. As previously stated under the EEOC's own rules a charge "is sufficient" when the EEOC receives "a …writing "(or information that an EEOC employee reduces to a writing) from the person making the charge that names the employer and generally describes the allegedly discriminatory acts. See id. § 1626.8 (b) (citing id § 1626.8(b) (citing id. § 1626.6).  The recent decision by the United States Supreme Court in Federal Express Corporation v. Holoweicke et.al. held that the EEOC's definition of "Charge" was scant and that an intake form questionnaire may be considered a "Charge".  The supreme Court in Federal Express also held that a Pro Se litigant should not be punished because of the errors of the EEOC or in this case of its deferral agency.  Marshall is not just asking this Court to review her case simply because of the intake form but because of how she was treated and denied use of the complaint process by the very agency that was suppose to be protecting her. If Marshall did all that

9

she could to get the PGCHRC to do its job and to take all of her claims and it did not, it would not have done it for undersigned counsel either because it ignored all of Counsel's letters and yet answered all of the defendants' letters.  Aff. of Counsel

Marshall also avers that her intake form questionnaire was sufficient to give notice to the PGCHRC and EEOC and would convince a reasonable person that she manifested intent to "activate the Act's machinery." Bihler v. Singer Co., 710 F.2d 96, 99 (3d Cir. 1983); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1319 (11th Cir. 2001) (citing proposition favorably); Steffen v. Meridian Life Ins. Co., 859 F.2d 534, 524 (7th Cir. 1988) (same).

Therefore, if Marshall's intake form questionnaire was a Charge when she filed it in December 2003, then neither her ADEA nor EPA claims are time barred. Thus, when Marshall submitted her Amended Charge, the PGCHRC should have accepted the amendment based on the EEOC's own rules and regulations.

Also contrary to the defendants' arguments the Supreme Court did not admit and could not admit that without an affidavit it probably would not have determined that the Intake form constituted a filing in the Federal Express case. The Supreme Court admitted that it has to defer to the EEOC agency and its rules. Each case must be looked at on its own merits and the "intent" of the complainant.


 **IV. CONCLUSION**

WHEREFORE, for all the above stated reasons, the Plaintiff moves this court to alter, amend, vacate and/or reconsider its Order Dated February 26, 2008 and for any other appropriate relief by:

    a.    reinstating Marshall's age and/or EPA claims

    b.    vacating any requirement for Counsel to show cause and for any other appropriate relief.

Respectfully Submitted,

_____/s/_____
Jo Ann P. Myles
Law Offices of Jo Ann P. Myles
1300 Mercantile Lane
Suite 139-S
Largo, Maryland  20774
Bar No. 04412
301-773-9652 (office)
301-925-4070 (fax)
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of April 2008, a copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion To Alter, Amend And/Or Motion For Reconsideration of the Court's Order Dated February 26, 2008 and Other Appropriate Relief was served upon the defendants by electronic filing:

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N. Street, N.W. Fifth Floor
Washington, D.C. 20037

John Barr, Esq.
Megan S. Ben'Ary, Esq.
LeClair Ryan, P.C.
3981 Alcoa Drive
Fairfax, Virginia 22033

Antonio R. Franco, Esq.
Jonathan T. Williams, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street N.W. Suite 1100
Washington, D.C. 20006


Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N. Street, N.W. Fifth Floor
Washington, D.C. 20037


                                         /s/
                                 Jo Ann P. Myles