IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HONEYWELL TECHNOLOGY ) | Case No. 1:05CV02502 |
| SYSTEMS INC., ET.AL. ) | |
| ) | Judge Richard W. Roberts |
| Defendants. ) | |
| ) | |

**AFFIDAVIT OF COUNSEL JO ANN P. MYLES
IN SUPPORT OF MOTION TO ALTER AND AMEND AND/OR
MOTION FOR RECONSIDERATION**

I Jo Ann P. Myles hereby swear and affirm under the penalty of perjury that the following statements are true and correct to the best of my knowledge and belief.

1. That I am over 18 years of age and competent to provide testimony in the above captioned matter. I am the attorney for Plaintiff Laverna Simms in this matter.

2. I have personal knowledge as to the facts and circumstances in this matter as it relates to the representation of Mrs. Sandra Marshall.

3. That in or about June of 2003, Marshall was falsely accused by a white male subordinate who had falsely claimed that she had allegedly violated some alleged policy of EER, which later was renamed L-3 Communications.

4. Marshall contacted the undersigned in or about June 2003 for the limited and sole purpose of filing a response (Answer) to the male employee's grievance. I prepared and filed a response for Mrs. Marshall and filed it with her then employer, EER

1

Systems Inc. I also forwarded a letter to Michele Wirth of EER Systems. Neither Mr. Eder nor Ms. Worth responded to my correspondence concerning for Mrs. Marshall's June 23, 2003, Answer to the Grievance filed by a white male employee. See Exs. 1, 2 and 3.

    4.    I represented Mrs. Marshall only in the month o June 2003, for the sole and limited purpose of filing an Answer to a subordinate white male employee's grievance, who according to Mrs. Marshall had problems taking instructions and directions from her because she was a female and African American. See page 2 of Ex. 1.

    5.    My business records show that I filed three documents on behalf of Mrs. Marshall,

    a.    A June 20, 2003, letter to Mr. Mike Eder of EER Systems requesting an extension of time to file Mrs. Marshall's answer to the Grievance. (See Ex. 1)

    b.    A June 23, 2003 Letter in Response to the Grievance filed by white male Mr. Kelly Martin and (See Ex. 2)

    c.    A June 23, 2003, to Michele Wirth, concerning the Response that was filed on behalf of Mrs. Marshall. (See Ex. 3)

    6.    Marshall did not allege that her white subordinate employee was complaining because she was over 40 and due to the equal pay act. However, she believed defendants discriminated against her based on age and the equal pay act.

    7.    Marshall in 2003 was complaining that the whites and males in her section were refusing and/or failed to take instructions from her because she was a woman and an African American. Again Counsel's representation of Marshall in 2003 was limited and short lived.

9. Subsequent to June of 2003, Marshall in 2004 retained the undersigned for legal assistance as to the filing of her lawsuit in 2004, which was subsequent to her filing her EEOC charges in this matter.

10. In 2004, I interviewed and attempted to interview a number of persons who would have had knowledge of Mrs. Marshall's claims and who were willing to speak to me.

11. However, due to Marshall's financial situation and condition she had limited funds to pay me to assist her. Seventy five to eight five percent of the retainer that was given by Mrs. Marshall to me in 2004 was returned to her so that she and her husband could live.

12. Mrs. Marshall managed her own EEOC complaints and the process.

13. It was not until approximately August 2005, when Mrs. Marshall was not able to get the PGCHRC to respond to her and investigate her complaints that she contacted the undersigned. I contacted the PGCHRC. It refused to speak to me unless I entered my appearance in the administrative process.

14. I wrote and called the PGCHRC in the Summer of 2005 on Marshall's behalf. Marshall became concerned because the two (2) year mark was slowly approaching in which to file her claims in the Maryland State Court and as to her Age claim. In the summer of 2005 the PGCHRC still had not made any progress in Marshall's case.

15. In mid to late 2005, I was informed by the PGCHRC that it wanted to mediate Marshall's complaints. I had been informed by Marshall that she had an Age claim and she was informed about the two year statute of limitations.

16. During the short time I was on the case in 2005, the PGCHRC never responded to any of my correspondence. The PGCHRC in 2005 failed and refused to provide any of Marshall's Charging documents and complaints that I requested before filing her December 2005 complaint in this Court.

17. I later found out from Mrs. Marshall after filing her December 2005 Complaint that the PGCHRC had informed her that she did not need a lawyer for mediation and without my knowledge the agency's personnel started communicating with Mrs. Marshall during or before November and December of 2005.

18. The PGCHRC ignored my communication with it and my demand that all of its communications concerning Mrs. Marshall's case should come through me.

19. By late December 2005, Marshall had already returned to the Washington, D.C. area to live once again with her daughter and she sought to file her Age discrimination claim.

20. It was the undersigned's understanding that the age claim had been filed with the PGCHRC.

21. It was later determined that Mrs. Marshall's age claim may not or had not been included on her three formal charges and she was advised to amend her charges in order to protect her claims. .

22. As a Maryland attorney I am aware that Maryland freely and frequently allows amendments. Specifically, Maryland also allows a party to amend a Complaint without leave of Court 15 days prior to trial. A party could even amend a Complaint during and at the end of a trial in Maryland.

23. Plaintiff's Counsel believed that by having Mrs. Marshall amend her Charges while the agency was still investigating her complaint and while the charges were still viable by the PGCHRC that filing an amendment was the appropriate action for the Plaintiff to take.

I JO ANN P. MYLES HEREBY DECALRE AND AFFIRM UNDER THE PENALTY OF PERJURY THAT THE ABOVE STATEMENTS ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

_____/s/_____
Jo Ann P. Myles