UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
SANDRA MARSHALL,                 )
                                )
          Plaintiff,             )
                                )
          v.                     )    Civil Action No. 05-2502 (RWR)
                                )
HONEYWELL TECHNOLOGY             )
SOLUTIONS, INC. <u>et al.</u>,   )
                                )
          Defendants.            )
_____)

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Sandra Marshall brought numerous employment-
related claims against defendants Honeywell Technology Solutions,
Inc. ("Honeywell"), L-3 Communications Government Services, Inc.
("GSI"), and SGT, Inc. ("SGT").  A memorandum opinion and order
dated February 26, 2008, dismissed as untimely Marshall's claim
against GSI for Equal Pay Act violations, and dismissed as
unexhausted claims against GSI and SGT for age discrimination
under the federal Age Discrimination in Employment Act ("ADEA")
and Maryland law.  Marshall seeks reconsideration of that portion
of the order that dismissed her ADEA and Maryland age
discrimination claims and her claim under the Equal Pay Act,
arguing that the opinion erred by failing to treat an initial
intake form that she says she filed with the Prince George's
County Human Relations Commission ("PGCHRC") as an administrative

-2-

"charge."[1]  Defendants GSI and SGT oppose, arguing that the
interview intake form did not constitute an administrative
charge.  Because Marshall fails to show that justice requires
reconsideration of the February 26th order dismissing those
claims, her motion for reconsideration will be denied.

BACKGROUND

The background of this case is discussed fully in Marshall
v. Honeywell Tech. Solutions, Inc., 536 F. Supp. 2d 59, 63-64
(D.D.C. 2008).  Briefly, plaintiff alleges that during the 25
years she worked for either Honeywell or its subcontractor GSI,
she was subjected to race, sex, and age discrimination in the
form of slurs and harassment by supervisors and other employees,
and limitations on her authority.  On December 31, 2003,
Honeywell replaced GSI with a new subcontractor, SGT.  Marshall
alleges that SGT refused to employ her in the position she had
with GSI, and instead employed a significantly less experienced
younger white male to perform the duties Marshall had performed
for GSI.

On February 2, 2004, Marshall filed pro se three
administrative Charge of Discrimination forms with the PGCHRC,
which amounted to filings with the federal Equal Employment

---

[1] Marshall's counsel also responded as required to a
provision of the order requiring her to show cause why sanctions
should not be imposed against her under Fed. R. Civ. P. 11.  That
portion of the order will be discharged.

-3-

Opportunity Commission ("EEOC").  She alleged race and sex discrimination against all three defendants.  Marshall filed the complaint in this action on December 30, 2005, which alleged only a single claim under the ADEA, 29 U.S.C. §§ 621 et seq., against Honeywell, GSI and SGT.  Id.  Marshall's original complaint here asserted that before filing this action, she had timely filed a written charge of age discrimination with the PGCHRC.  However, not one official Charge of Discrimination form (also known as an EEOC Form 5) that she filed contained a claim of age discrimination.  (See Honeywell's Mot. [#7] to Dismiss, Ex. A; SGT's Mot. [#38] to Dismiss, Ex. A; GSI's Mot. [#39] to Dismiss, Ex. B.)

The February 26, 2008 opinion dismissed Marshall's claim against GSI under the Equal Pay Act, 29 U.S.C. § 206, because Marshall failed to bring her Equal Pay Act claim against GSI until January 12, 2007, which was more than three years after her employment with GSI ended on December 31, 2003.  "A claim under the Equal Pay Act must be brought within two years of the alleged injury."  29 U.S.C. § 255(a).  Marshall, 536 F. Supp. 2d at 66. The opinion also determined that, contrary to her argument, Marshall's claim against GSI under the Equal Pay Act did not relate back to her ADEA claim found in her original complaint, which was filed on December 30, 2005, because "Marshall's original complaint alleging only an ADEA violation gives no hint

-4-

of any pay discrimination grievance and alleges no facts that
would support a claim under the equal pay act." Id. at 67.

The February 26 opinion dismissed Marshall's claims against
GSI and SGT for age discrimination under the ADEA and Maryland
law because Marshall failed to file an administrative charge
within 300 days of the alleged discriminatory act, as is required
by the ADEA, and because Marshall failed to file an
administrative charge within six months of the alleged injury, as
is required under Maryland law.  29 U.S.C. § 626(d)(2); Md. Code
49B §§ 9A(a), 42(b)(2).  The opinion further determined that
Marshall's age discrimination claims did not relate back to her
original administrative charge because Marshall's administrative
charge failed to contain "any hint of the possibility of a claim
based on age discrimination." Marshall, 536 F. Supp. 2d at 67.
Marshall seeks reconsideration.

## DISCUSSION

Under Rule 54(b) of the Federal Rules of Civil Procedure,[2]
"any order or other decision, however designated, that
adjudicates fewer than all the claims or the rights and
liabilities of fewer than all the parties does not end the action
as to any of the claims or parties and may be revised at any time

---

[2]  The briefs on all sides erroneously cite Federal Rule of
Civil Procedure 59(e) as governing this motion.  Since the
February 26, 2008 opinion and order was not a final judgment
disposing of the claims of all parties, Rule 54(b) applies.  See
Childers v. Slater, 197 F.R.D. 185, 190 (D.D.C. 2000).

-5-

before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), a trial court may grant reconsideration "as justice requires." Campbell v. U.S. Dep't of Justice, 231 F. Supp. 2d 1, 7 (D.D.C. 2002). However, in order to promote finality, predictability and economy of judicial resources, "as a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Lederman v. United States, 539 F. Supp. 2d 1, 2 (D.D.C. 2008) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988)). Reconsideration may be warranted where there was a patent misunderstanding of the parties, where a decision was made that exceeded the issues presented, where a court failed to consider controlling law, or where a significant change in the law occurred after the decision was rendered. Singh v. George Washington Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005). The moving party has the burden of showing that reconsideration is warranted, and that some harm or injustice would result if reconsideration were to be denied. In Def. of Animals v. Nat'l Institute of Health, 543 F. Supp. 2d 70, 76 (D.D.C. 2008).

Marshall primarily argues that justice requires reconsideration of the February opinion because it failed to

consider whether the intake interview form Marshall says she
filed with the PGCHRC in December 2003 constituted a charge
alleging violations of the Equal Pay Act and age discrimination
under the ADEA and Maryland state law.[3]   (Pl.'s Mot. to Alter and
Amend the Ct.'s Order or for Recons. ("Pl.'s Mot. for Recons.")
at 2.)   "To sue on her federal age claim, Marshall was required
first to file an administrative charge within 300 days of the
alleged discriminatory act and then to wait 60 days before filing
a civil action in federal court."   Marshall, 536 F. Supp. 2d at

_____

[3] Marshall seems to also argue that the deadline for filing
her administrative complaint should have been equitably tolled
because the intake officer informed her that she could not file
an age discrimination claim.  Marshall fails to provide any new
evidence regarding this claim, or show that the opinion failed to
consider this issue, especially in light of the fact that all
three parties argued the issue in their briefs regarding the
motions to dismiss (see SGT's Reply at 8; GSI's Reply at 3-4;
Pl.'s Opp'n to Defs.' Mots. to Dismiss at 13-15 and Ex. 2) and
the February opinion explicitly analyzed this issue and ruled
against Marshall.  "[W]here litigants have once battled for the
court's decision," they should [not be] "permitted to battle for
it again."  Singh, 383 F. Supp. 2d at 101-102 (denying motion for
reconsideration under 54(b) because, in part, "the Court
considered the cases the [defendant] now cites," and thus the
defendant's "attempt to re-litigate this issue will not be
countenanced.")  The February opinion determined that the
doctrine of equitable tolling was inapplicable because there was
"no evidence that Marshall acted with due diligence to pursue her
legal rights" in light of the fact that "Marshall filed her age
discrimination administrative charge 735 days after the last of
her age related injuries[.]"  Marshall, 536 F. Supp. 2d at 67-68;
see also Rattray v. Lippmann-Milwaukee, Inc., No. 07-C-916, 2008
WL 4547230, at *2-3 (E.D. Wis. October 8, 2008) ("at a certain
point, the charging party is responsible for the process issued
by the EEOC. [The plaintiff] was given the opportunity to review
the Charge for accuracy, and he signed it before it was issued").

-7-

66; 29 U.S.C. § 255(a).  As is mentioned above, Marshall was
required to bring her claims under the Equal Pay Act within two
years of the alleged injury.  29 U.S.C. § 255(a).  To bring an
age discrimination claim under Maryland law, Marshall was
required to bring an administrative claim within six months of
the underlying injury, then wait 45 days before filing suit.  Md.
Code 49B § 9A(a).  Marshall alleges that she filled out the
initial intake and questionnaire forms with the PGCHRC and
"complained of age discrimination," but she was "apparently told
by the male intake representative and others that he would not
allow her to file an age claim."  (Pl.'s Mot. for Recons. at 5,
Ex. 1 at 5.)

Marshall argues that under the Supreme Court's recent
opinion in <u>Fed. Express Corp. v. Holowecki</u>, 128 S. Ct. 1147
(2008), the intake interview form she says she filed constitutes
a "charge of discrimination" that initiated her age
discrimination claims under 29 U.S.C. § 626(d), as well as the
Equal Pay Act claim she asserts in this case.[4]  In <u>Holowecki</u>, the

---

[4] The relevant portion of 29 U.S.C. § 626(d) provides:

No civil action may be commenced by an individual under
[the ADEA] until 60 days after a charge alleging unlawful
discrimination has been filed with the Equal Employment
Opportunity Commission . . . .  Upon receiving such a
charge, the Commission shall promptly notify all persons
named in such charge as prospective defendants in the
action and shall promptly seek to eliminate any alleged
unlawful practice by informal methods of conciliation,
conference, and persuasion.

-8-

Supreme Court affirmed an EEOC interpretation of the word "charge," and found that the plaintiff's Intake Questionnaire coupled with its accompanying six-page affidavit explaining the basis for her charge of age discrimination constituted a charge with the EEOC.[5]  Id. at 1159-1160.  However, the Court explicitly rejected the plaintiff's assertion that a "charge need contain only an allegation of discrimination and the name of the employer."  Id. at 1157.  Instead, the Court determined that an intake form can constitute a charge only where the intake form is objectively seen as a request for the agency to take action.  Id. at 1158.

Here, assuming that the document plaintiff attached to her opposition to defendants' motion to dismiss is a genuine intake form she filled out with the PGCHRC,[6] it suffers from significant

[5] This opinion will assume without deciding that an intake form that constitutes a charge under 29 U.S.C. § 626(d) also constitutes a charge under Maryland Code Art. 49B § 9a.  As was noted in the February opinion, the PGCHRC is a designated fair employment practice and notice agency that has a work-sharing agreement with the EEOC such that filing charges with the PGCHRC constitutes filing them with the EEOC.  See Rachel-Smith v. FTData, Inc., 247 F. Supp. 2d 734, 743-744 (D. Md. 2003).

[6] As is noted in defendant GSI's reply to Marshall's opposition to the motions to dismiss, the intake interview form that Marshall attached to her opposition to the motions to dismiss contained nothing "to indicate that [it] is an official form for [the PGCHRC]."  The form lacks a form number, a signature page, a date, the name of the intake officer who received it, and a space for a description of defendants' discriminatory conduct.  (See Pl.'s Opp'n to Defs.' Mots. to Dismiss, Ex. 2.)  However, for the purposes of this opinion, the intake interview form submitted by Marshall will be treated as

-9-

deficiencies and does not satisfy the threshold under <u>Holowecki</u>
to be considered a charge.  First, the intake form does not
identify defendant SGT on it, so it cannot objectively be seen as
a request for the agency to take action against SGT for age
discrimination.  (<u>See</u> Pl.'s Opp'n to Defs.' Mots. to Dismiss, Ex.
2.)  Second, the "age" box checked on the intake form indicates
"age under 40," which is not an actionable claim under the ADEA,
and thus not a charge of ADEA age discrimination against either
defendant.  While there is a box listed on the intake form for
age discrimination under the ADEA, Marshall did not check that
box.  Third, and most importantly, the intake form submitted by
Marshall did not contain or attach any detailed description of
the discriminatory conduct, much less one given under oath or
under penalty of perjury as the EEOC Form 5 requires.  <u>Cf</u>. <u>Fava-
Crockett v. Boehringer Ingelhein Pharms, Inc.</u>, No. 08cv0196, 2008
WL 1925099, at *1-3 (W.D. Pa. April 29, 2008) (finding a "charge
of discrimination" where the plaintiff submitted a six-paragraph
letter containing "plaintiff's and defendant's names, addresses
and phone numbers; the facts which form the basis for the charge
of discrimination, . . . allegations setting forth that
plaintiff's claim was based upon the ADEA and Title VII; and a
statement that plaintiff had not instituted state proceedings);
<u>Moore v. Angus Chem. Co.</u>, Civil Action No. 07-0415, 2008 WL

---

genuine.

4491592, at *3 (W.D. La. October 1, 2008) (the plaintiff's intake interview form constituted a charge where it contained "express allegations of discrimination and retaliation," combined with the plaintiff's express request for re-employment in his previous position).

Marshall's form does little more than list her identifying information, identify her employers, and check boxes categorizing types of discrimination and issues.  It is the kind of intake form containing only a bare allegation of discrimination with nothing else that Holowecki rejected as constituting a charge as "contrary to Congress' expressed desire that the EEOC act as an information provider and try to settle employment disputes through informal means[.]"

> Respondent's proposed standard, that a charge need
> contain only an allegation of discrimination and the
> name of the employer, falls short. . . .  Were that
> stripped-down standard to prevail, individuals who
> approach the agency with questions could end up
> divulging enough information to create a charge.  This
> likely would be the case for anyone who completes an
> Intake Questionnaire--which provides space to indicate
> the name and address of the offending employer and asks
> the individual to answer the question, "What action was
> taken against you that you believe to be
> discrimination?"

Holowecki, at 1157.  The Court further explained that an intake form that was intended to be used by the agency to "gain information" to make a determination "whether it ha[d] jurisdiction over potential charges" was less likely to be considered a charge than a form specifically ordering the agency

-11-

to initiate action.  Id. at 1159-1160.  Here, the intake form
submitted by Marshall appears far more likely to be designed to
gain information.  It lacks any express command by the plaintiff
to initiate action, it did not require Marshall to be under oath,
and the word "charge" does not appear on it.  (See Pl.'s Mem. in
Opp'n. to Mot. to Dismiss Am. Compl., Ex. 2.)

    Marshall's intake form does not constitute a charge, and
justice does not require reconsideration of the February 26, 2008
opinion.

<u>CONCLUSION AND ORDER</u>

    Because the plaintiff does not show that justice requires
reconsidering the February 26, 2008 memorandum opinion and order,
it is hereby

    ORDERED that the motion [49] for reconsideration of the
February 26, 2008 opinion be, and hereby is, DENIED.  It is
further

    ORDERED that the February 26, 2008 order to show cause be,
and hereby is, DISCHARGED.

    SIGNED this 23rd day of February, 2009.


                    _____/s/_____
                    RICHARD W. ROBERTS
                    United States District Judge