UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
SANDRA MARSHALL,               )
                               )
        Plaintiff,             )
                               )
     v.                        )   Civil Action No. 05-2502 (RWR)
                               )
HONEYWELL TECHNOLOGY           )
SOLUTIONS, INC. et al.,        )
                               )
        Defendants.            )
_____)
```

## MEMORANDUM OPINION

Plaintiff Sandra Marshall brought employment-related claims against defendants Honeywell Technology Solutions, Inc. ("Honeywell"), L-3 Communications Government Services, Inc. ("GSI"), and SGT, Inc. ("SGT"). The defendants each move to dismiss Marshall's claims, arguing that Marshall lacks standing to bring this action because she had filed for bankruptcy and only the bankruptcy trustee would have been the true party in interest with standing to sue. Because Marshall lacks standing to bring the instant action, the motions to dismiss will be granted without prejudice to the real party in interest timely moving to reinstate the complaint.

### BACKGROUND

The background of this case is discussed fully in Marshall v. Honeywell Tech. Solutions, Inc., 536 F. Supp. 2d 59, 62-64 (D.D.C. 2008). Briefly, Marshall alleges that during the

-2-

25 years she worked for either Honeywell or its subcontractor GSI, she was subjected to race, sex, and age discrimination in the form of slurs and harassment by supervisors and other employees, and limitations on her authority.  In December 2003, Honeywell replaced GSI with a new subcontractor, SGT.  Marshall alleges that SGT refused to employ her in the position she had with GSI, and instead employed a significantly less experienced younger white male to perform the duties Marshall had performed for GSI.

In February 2004, Marshall filed pro se three administrative charge of discrimination forms with the Prince George's County Human Relations Commission alleging race and sex discrimination against all three defendants.  Marshall, 536 F. Supp. 2d at 63-64.  In September 2005, Marshall filed in the District of Columbia a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 301(a).  (Honeywell's Mem. in Supp. of Mot. to Dismiss ("Honeywell's Mem."), Ex. B ("Bankruptcy Petition").)  She was required to supply, among other things, a schedule disclosing all assets and liabilities, 11 U.S.C. § 521(a)(1)(B)(i), including all equitable or future interests exercisable for her benefit, and any other contingent and unliquidated claims for her benefit.  (Honeywell's Mem., Ex. F.)  Marshall did not list her administrative discrimination claims against any of the defendants on her schedule.  (Id.)  Marshall

-3-

was also required to file a statement of her financial affairs, 11 U.S.C. § 521(a)(1)(B)(iii), declaring under the penalty of perjury all suits and administrative proceedings to which she "is or was" a party within one year immediately preceding the filing of her bankruptcy petition.  (Honeywell's Mem., Ex. D.)  Marshall listed only three actions on her statement, and she did not list the then-pending administrative proceeding she had initiated against these three defendants the previous year.  (Id.)

In November 2005, Marshall appeared at a hearing before bankruptcy trustee William D. White.  At that hearing, Marshall orally informed the trustee about her pending discrimination claims and provided to the trustee the name and telephone number of the attorney who represented her in that administrative proceeding.  (Pl.'s Am. Opp'n to Honeywell's Mot. to Dismiss ("Pl.'s Opp'n to Honeywell's Mot.") at 6-7; Pl.'s Combined Opp'n to SGT and L-3's Mots. to Dismiss, Ex. 2 at 9-10.)  Further, according to Marshall, the trustee telephoned Marshall's attorney and discussed Marshall's discrimination claims.  (Pl.'s Opp'n to Honeywell's Mot. at 7.)  While Marshall did not formally amend her bankruptcy schedule or her statement of financial affairs to include the discrimination claims, Marshall alleges that she did so informally by orally informing the trustee of her claims, and

-4-

by disclosing them in written answers to interrogatories propounded by the trustee.[1]  (Id. at 7, 18-20.)

In December 2005, while the bankruptcy case was still active, Marshall filed her complaint in this action against the defendants.  Marshall, 536 F. Supp. 2d at 63.  Marshall did not formally amend her bankruptcy schedule or her statement of financial affairs to include this civil action against the defendants.  (See Honeywell's Mem. at 4; Ex. D.; Ex. F.)

In February 2006, the bankruptcy court discharged Marshall's debts, and in June 2006, the bankruptcy trustee issued a report of no distribution, which stated that the trustee received no funds or property from the estate.  The bankruptcy court discharged the trustee and closed the case.  (Honeywell's Mem. at 4; SGT's Mem. in Supp. of Mot. to Dismiss ("SGT.'s Mem.") at 2.)

The defendants have moved to dismiss Marshall's complaint, arguing that only the bankruptcy trustee had standing to file this complaint, and since Marshall failed to formally list these claims on her bankruptcy schedule or statement, these claims cannot be ones the trustee abandoned leaving Marshall free to pursue them on her own.[2]  Marshall opposes, arguing that she has

---

[1] Marshall did not provide a copy of her written answers to the trustee's interrogatories with either opposition to the motions to dismiss.

[2] L-3 and SGT also argue that judicial estoppel bars this action.  (See L-3's Mem. in Supp. of Mot. to Dismiss or in the Alternative for Summ. J. at 1, 5; SGT's Mem. at 3, 6.)  Marshall

-5-

standing because the trustee did abandon her claims against the defendants.

## DISCUSSION

"Before a court may address the merits of a complaint, it must assure that it has jurisdiction to entertain the claims." Osserian v. Int'l Fin. Corp., 498 F. Supp. 2d 139, 143 (D.D.C. 2007) (quoting Rodriguez v. Nat'l Ctr. for Missing & Exploited Children, Civil Action No. 03-120 (RWR), 2005 WL 736526, at *6 (D.D.C. Mar. 31, 2005)). "Lack of standing is a defect in subject matter jurisdiction." Teva Pharm. USA, Inc. v. Sebelius, 638 F. Supp. 2d 42, 54 (D.D.C. 2009) (citing Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)). When assessing a motion to dismiss for lack of subject matter jurisdiction, a court may consider the complaint and any undisputed facts in the record. Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

Section 541 of the Bankruptcy Code provides that at the time a bankruptcy case is begun, all legal or equitable interests, including causes of action on behalf of the debtor, are transferred from the debtor to the bankruptcy estate.

---

argues that judicial estoppel is inapplicable because she divulged the existence of her EEOC claim to the trustee, demonstrating that she did not intend to deceive the trustee or the bankruptcy court. Because Marshall's case will be dismissed for lack of jurisdiction, the defendants' judicial estoppel arguments need not be addressed.

-6-

See 11 U.S.C. § 541(a)(1); United States v. Inslaw, Inc., 932 F.2d 1467, 1471 (D.C. Cir. 1991) (stating that it is "undisputed" that "all legal or equitable interests of the debtor" includes "causes of action that belong to the debtor").  Once a cause of action becomes the property of the bankruptcy estate, the bankruptcy trustee assumes the status of the real party in interest in whose name Federal Rule of Civil Procedure 17 requires an action to be brought, and the debtor no longer has standing to pursue that cause of action.  See 11 U.S.C. § 323(b); Toussaint v. Howard University, Civil Action No. 03-1395 (JDB), 2005 U.S. Dist. LEXIS 38738, at *5-7 (D.D.C. November 8, 2005); Parker v. Wendy's Int'l, Inc., 365 F.3d 1268, 1272 (11th Cir. 2004); Cain v. Hyatt, 101 B.R. 440, 442 (E.D. Pa. 1989) ("[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed.  Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action."); Banks v. County of Allegheny (In re Banks), 223 Fed. Appx. 149, 151 (3d Cir. 2007) (holding that a "Chapter 7 trustee was the only person with authority to bring . . . a cause of action" after the appointment of a trustee).

Here, the discrimination cause of action asserted in this complaint already existed by the time Marshall filed her

-7-

bankruptcy petition in September 2005, since she had asserted it in her administrative charge in 2004.  Her bankruptcy petition transferred away from her and to the bankruptcy trustee standing to bring this action.  See 11 U.S.C. § 541(a)(1).

Marshall argues, though, that the trustee abandoned any interest in this cause of action and thereby returned to her standing to sue.  Section 554 of the Bankruptcy Code describes the ways that property is abandoned by a trustee.  Estate property that is burdensome to the estate or is of inconsequential value and benefit to the estate may be abandoned by the trustee or by court order after notice and a hearing, and estate property may be abandoned if the property was listed on the debtor's bankruptcy schedules and was not otherwise administered when the case was closed.  11 U.S.C. § 554(a)-(c).  Marshall asserts that her discrimination cause of action was listed and not otherwise administered because she informally amended her bankruptcy schedules and her statement of financial affairs by informing the trustee of the claim, both in responses to interrogatories and orally.  (See Pl.'s Opp'n to Honeywell's Mot. at 10-18.)  However, Marshall fails to point out any statute, regulation, or opinion establishing that a debtor may amend her statement of financial affairs and bankruptcy schedules informally.  Indeed, cases hold that "property that is not formally scheduled is not abandoned and therefore remains part of

-8-

the estate." Kunica v. St. Jean Fin., Inc., 233 B.R. 46, 53 (S.D.N.Y. 1999); Jeffrey v. Desmond, 70 F.3d 183, 186-187 (1st Cir. 1995) ("[T]he burden is on the debtors to list the asset and/or amend their schedules, and . . . in order for property to be abandoned by operation of law pursuant to 11 U.S.C. § 554(c), the debtor must formally schedule the property . . . before the close of the case."); Callihan v. Costello (In re Costello), 255 B.R. 110, 113 (Bankr. E.D.N.Y. 2000).  Assets that Marshall had, as of the date of filing, but that she did not add to her schedule, were not abandoned to her when the case was closed, regardless of whether the failure to formally schedule the cause of action was innocent.  See Locapo v. Colsia, 609 F. Supp. 2d 156, 159 (D.N.H. 2009) ("[O]nce a bankruptcy case closes through administration of the estate, the debtor loses his rights in a cause of action he had at the time he sought bankruptcy protection but nevertheless failed to list on his schedule.").

Where nothing in the record shows that a trustee abandoned a debtor's cause of action, dismissing a complaint brought by the debtor for lack of standing is proper.  See Becker v. Verizon North, Inc., No. 06-2956, 2007 WL 1224039, at *4 (7th Cir. Apr. 25, 2007) (affirming the district court's dismissal of the plaintiff's action for lack of standing where the plaintiff failed to disclose a pending employment discrimination cause of

-9-

action on her bankruptcy schedules).  The defendants' motions to dismiss, then, will be granted.[3]

While Marshall does not have standing to bring this action, Federal Rule of Civil Procedure 17 states that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  Fed. R. Civ. P. 17(a)(3).  Marshall's bankruptcy case has closed, the trustee has been discharged, and Marshall had numerous opportunities to request that her bankruptcy trustee be substituted in her place.  See Hopkins v. Foothill Mountain, Inc. (In re Hopkins), 346 B.R. 294, 306 (Bankr. E.D.N.Y. 2006) (dismissing for lack of jurisdiction and denying an opportunity for joinder, ratification

---

[3] Marshall argues that the Seventh Circuit's opinion in Matthews v. Potter, 316 Fed. Appx. 518, 519 (7th Cir. March 23, 2009), supports the proposition that "[c]ourts have allowed and accepted a Debtor's and their [sic] counsel's oral and written additions, omissions and/or amendments to their schedules and/or financial statements," and that "[a]mendments are supposed to be freely given and allowed by the Courts."  (Pl.'s Opp'n to Honeywell's Mot. at 11-12.)  In Matthews, the Seventh Circuit reversed a district court's order granting summary judgment to the defendant that was based on judicial estoppel, not lack of standing.  The court of appeals found that the plaintiff had standing because the plaintiff successfully moved the bankruptcy court to re-open her bankruptcy case in order for her to amend her bankruptcy schedules and her statement of financial affairs.  Matthews, 316 Fed. Appx. at 521-22.  Marshall has not alleged or shown that she ever formally moved to re-open her bankruptcy case to amend her financial statement and her bankruptcy schedules during the four-year pendency of this case.  Matthews, then, provides her no support.

or substitution because the "debtor had more than ample opportunity to seek ratification of this action by, or joinder or substitution of, the real party in interest" yet had not done so). However, a final opportunity will be provided to revive the case in the event the trustee may want to participate.

## CONCLUSION

Because the plaintiff lacks standing to bring this action, the defendants' motions to dismiss the amended complaint will be GRANTED without prejudice to the real party in interest moving to reinstate the complaint. An appropriate Order accompanies this memorandum opinion.

SIGNED this 18th day of December, 2009.

                                                    /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge