IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| HONEYWELL TECHNOLOGY ) | Case No. 1:05CV02502 |
| SOLUTIONS INC., ET.AL. ) | |
| ) | Judge Richard W. Roberts |
| Defendants. ) | |
| ) | |

**MOTION TO REINSTATE PROCEEDING**

William Douglas White, Trustee for the bankruptcy estate of Sandra Marshall ("Trustee") in Case. No 05-01448, hereby moves the Court pursuant to the Order of December 18, 2009 to reinstate this case. In support of his Motion, the Trustee states as follows:

After the Court's Order of December 18, 2009, Sandra Marshall moved pro se in the Bankruptcy Court for the District of Columbia to reopen her closed bankruptcy case, No. 05-01448. By order entered on January 22, 2010, the Bankruptcy Court for the District of Columbia entered an order reopening that case. The undersigned was appointed as Interim Trustee in Case No. 05-1448 on February 1, 2010.

On February 4, 2010, the Debtor filed a Motion to permit more time for her to correct certain deficiencies identified by the Clerk of the Bankruptcy Court and to file corrected schedules in the docket. On February 12, 2010, the Bankruptcy Court entered an order granting the Debtor until February 26, 2010 to complete her corrected filings and to file amended schedules. On February 16, 2010, the Debtor filed, pro se, an amended

1

schedule B disclosing this litigation and cause of action as an asset and amended schedules D and F disclosing additional creditors. The Debtor, however, did not file an amended Schedule C to declare what assets she would claim as exempt.

In the event the Debtor asserts a claim of exemption to all or part of this litigation, the Bankruptcy Rules provide that the Trustee and creditors of the estate may timely object to the claimed exemption and have the Bankruptcy Court decide that issue. If the Debtor prevails on exempting all or part of the asset, the Trustee believes that the Debtor would be a real party in interest in this litigation to the extent of that claim. Should the asset not be claimed as exempt, the Trustee would be the real party in interest on behalf of the creditors of the estate.

If the Trustee were to be the sole party in interest, it appears that recovery on the asset represented by this litigation would best be accomplished through the active participation of the Debtor as well as her current counsel. At this time, the bankruptcy estate has no funds, and it would be unlikely that the estate could hire counsel and finance the litigation. It also would be difficult for the Trustee to attract new counsel, unfamiliar with the case, on a contingency basis.

The Trustee requests that this Court reinstate the complaint filed in this action and that the Trustee be permitted the opportunity to proceed with this litigation consistent with any amended schedules filed by the Debtor based on any claimed exemption as sustained by the Bankruptcy Court. In that respect, the Trustee would also request that the Court permit an additional 60 days to allow the Debtor to complete filings in the Bankruptcy Court pursuant to that Court's Order of February 12, 2010 and to obtain the benefit of any rulings of the Bankruptcy Court with respect to those filings.

Wherefore having shown good cause, movant respectfully moves this Court to enter an Order reinstating the above captioned matter.

Respectfully submitted,

/s/William Douglas White
McCarthy & White , PLLC
1751 Pinnacle Drive
Suite 1115
McLean, Virginia 22102
Bar No. 224592
703-770-9265 (Office)
703-770-9266 (Fax)

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 18th day of February 2010, a copy of the foregoing Motion To Reopen Proceedings and To Substitute Trustee As Plaintiff was sent to the defendants by electronic filing.

Rafael Morell, Esq.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
2400 N. Street, N.W. Fifth Floor
Washington, D.C. 20037

Megan S. Ben'Ary, Esq.
John Barr Esq.
Sue Moffett Esq.
LeClair Ryan
2318 Mill Road
Suite 1100
Alexandria, Virginia 22314

Antonio Franco, Esq.
Kevin Allis, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street N.W. Suite 1100
Washington, D.C. 20006

/s/William Douglas White
William Douglas White

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SANDRA MARSHALL                     )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )
                                    )
HONEYWELL TECHNOLOGY                )   Case No. 1:05CV02502
SOLUTIONS INC., ET.AL.              )
                                    )   Judge Richard W. Roberts
        Defendants.                 )
                                    )
_____)

**ORDER GRANTING MOTION TO REINSTATE PROCEEDING**

This matter having come before the Court pursuant to the Trustee's Motion to Reinstate Proceeding and the prior Order of December 18, 2009 and good cause having been shown, it is

ORDERED that the Motion is granted, this case is hereby reinstated and this case is set for status hearing on April ____, 2010.