IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM D. WHITE ) <br> Trustee on Behalf of the Estate ) <br> Of Sandra Marshall ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HONEYWELL TECHNOLOGY ) <br> SOLUTIONS INC., ET.AL. ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No. 1:05CV02502 <br><br> Judge Richard W. Roberts |

**SANDRA MARSHALL'S MOTION TO INTERVENE
AND FOR OTHER APPROPRIATE RELIEF**

Sandra Marshall, hereby moves this Court to allow her to Intervene in the above captioned matter because: she has a direct interest in this discrimination cause of action for which she wants to protect her rights and interests; the Bankruptcy Trustee has filed a Notice of Intent to Abandon the above captioned matter and two of the Defendants have already filed motions for summary judgments before any Bankruptcy Court has actually entered any order that would allow the Bankruptcy Trustee to abandon the above captioned matter.

In support of this motion Sandra Marshall states the following:

1.   That this Court dismissed Sandra Marshall as a plaintiff and/or party of interest in the above captioned matter in or about December 2009, because the Court determined that the Bankruptcy Court Trustee was the true party of interest.

2. However, the Court also permitted the Bankruptcy Trustee to file a motion to reopen the above captioned case on or by February 18, 2010.

3. On February 18, 2010, the Bankruptcy Trustee William D. White filed a motion with this Court to reopen the above captioned matter and to be substituted as the Plaintiff and real party of interest, as Trustee of the Estate of Sandra Marshall.

4. This Court on June 16, 2010, granted Bankruptcy Trustee William D. White's Motion To Reopen the above captioned matter and to be substituted as the plaintiff and real party of interest as Trustee of the Estate of Sandra Marshall.

5. However, on December 31, 2010 and on January 5, 2010, Bankruptcy Trustee William D. White filed a Notice of Intent To Abandon this cause of action (property/asset) with the Bankruptcy Court in the District of Columbia in Case No. 05-01448 and in this matter as his Notice of Intent To Abandon the above captioned cause of action.

6. Objections were to have been filed to the Trustees Notice of Intent To Abandon this cause of action on or by January 14, 20211.

7. As of today January 31, 2011, there has been no objections filed.

8. As of today, January 31, 2011, there has not been a bankruptcy Order entered by the Bankruptcy Court granting Trustee William D. White's the right to abandon the above captioned matter (property/asset).

9. Nonetheless, on January 21, 2011, L3 Communications, Inc., one of three defendants in the above captioned matter filed a motion for summary judgment before any Order has been entered by the Bankruptcy Court allowing Trustee William D. White to abandon the above cause of action. The motion for summary judgment was filed under

the pretext that Trustee White's Notice of Intent To Abandonment of this cause of action had already been court ordered and/or accepted by the Bankruptcy Court it has not.

10. A response to L3, Communications, Inc.'s motion for summary judgment is due on or about February 8, 2011 (which includes three (3) days for mailing).

11. On January 26, 2011, SGT, a second defendant, namely SGT in the above captioned action also filed a motion for summary judgment to dismiss Sandra Marshall's discrimination claims before any Bankruptcy Court has entered any Order granting the Trustee the right to abandon the above captioned matter. A response is due on this motion for summary judgment on or before February 13, 2011.

12. It is Sandra Marshall's understanding that although Bankruptcy Trustee William D. White has filed a Notice of <u>Intent</u> To Abandon her above captioned discrimination case (property/asset), no abandonment has actually taken place until the Bankruptcy Court actually enters an Order, Granting Trustee White's request to abandon her discrimination cause of action (property/asset) pending before this Court.

13. Specifically, in Trustee White's filing with this court on January 5, 2011, titled "Notice of Intent To Abandon Property And Notice of Opportunity To Object", in paragraph 4, on the first page of the notice is the following language:

> IF YOU FAIL TO FILE A TIMELY OBJECTION, THE COURT MAY TREAT ANY SUCH OBJECTION AS CONCEDED AND MAY ENTER AN ORDER WITH RESPECT TO THE ABANDONMENT. The Court may grant the abandonment without a hearing…" See Document 160-1 Notice of Intent To Abandon Property And Notice of Opportunity to Object (filed by Trustee William D. White)

14. However, if Sandra Marshall's understanding in paragraphs 1-13 is not correct or a misunderstanding, then Sandra Marshall would still seek appropriate relief from this Court in order to preserve and protect her rights, claims and ability to file appropriate oppositions and responses to both motions of summary judgments that have been filed by defendants L3, Communications and SGT.

15. Sandra Marshall also anticipates that the remaining defendant, Honeywell Technology Systems, Inc. (Honeywell) will also be filing a motion for summary judgment to dismiss her claims.

16. Pursuant to Federal Rule of Civil Procedure 24(a)(2)it provides that:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties. To intervene of right a party must meet four requirements: (1) submit a timely application to intervene, (2) demonstrate an interest in the property or transaction, (3) show that the intervenor's ability to protect such interest might be impaired, and (4) demonstrate that the interest is not adequately represented by existing parties. <u>Vermejo Park Corp. V. Kaiser Coal Corp</u>. (In re Kaiser Steel Corp.), 998 F.2d 783, 790 (10th Cir.), cert. denied, 510 U.S. 852

17. Presently, the above captioned matter is not adequately protected as the Trustee has already filed two Notices of Intent To Abandon Sandra Marshall's claims.

18. The pending motions for summary judgment by L3 Communications Inc and SGT, Marshall also argues were prematurely filed as there has been no order entered by the Bankruptcy Court granting Trustee White's request for abandonment. Simply Filing a notice of intent to abandon an asset is not enough to show that the Bankruptcy Court has granted the Trustee's request to abandon an asset of a debtor.

19. There has been no finality on the issue as to whether or not the Bankruptcy Court has granted Trustee White's request for abandonment of the above discrimination cause of action originally filed by Sandra Marshall. 18.

There is no one to protect Marshall's claims and cause of action from dismissal other than Marshall herself. Her interest in this cause of action is currently impaired and seriously harmed at this juncture because Trustee White has no intent on defending against the dismissal of Marshall's discrimination case, unless the court grants Marshall's motion to intervene and/or the following appropriate relief:

a. allow Sandra Marshall to intervene and substitute herself as the Plaintiff and party at interest until such time the Bankruptcy Court enters an Order granting the Trustee's request for abandonment of her discrimination case in order to protect her claims and rights;

b. stay the current motions for summary judgments that have been filed or any future motion that maybe filed by Honeywell until the Bankruptcy court enters an Order granting Trustee William D. White's request for

abandonment of Sandra Marshall's discrimination case  and/or in the alternative and

  c. and grant Marshall a 30 day extension of time in which to file her opposition/response to any and all of the defendants' motions for summary judgment after the entry of an Order granting Trustee's White's request for abandonment of Marshall's claims or until this Court deems that Trustee White's abandonment of Marshall's claims is effective.

  d. or in the alternative, if Marshall is not required to file this motion to intervene because as an operation of law this case has already reverted back to her, then her counse due to her current litigation schedule would seek an extension of time to respond to the above motions until on or about March 8, 2011 or 30 days from the date and time that Honeywell files any such motion for summary judgment and any other relief the court deems proper and just.

  20. The defendants would not be harmed or prejudiced if the Court were to grant this motion. However, Marshall would be prejudiced and harmed if the Court denies the motion because; the Bankruptcy Trustee will not be responding to the Defendants' motions for summary judgment and without anyone responding on Sandra Marshall's behalf against the Defendants on their motions for summary judgment, this Court would rule in favor of the motions for summary judgments prior to Marshall being able to respond and defend against the motions. Marshall would be denied due process if this were to occur

WHEREFOR having shown good cause Sandra Marshall moves this court to grant her motion to intervene and for other appropriate relief as requested in paragraph 19, or whatever this Court seems to be proper and just.

Respectfully submitted,

_____/s/_____
Jo Ann P. Myles
Law Offices of Jo Ann P. Myles
9701 Apollo Drive, Suite 331
Largo, Maryland 20774
Bar No. 04412
(301) 773-9652
(301) 322-1704 (fax)
 Attorney for  Sandra Marshall

Date**: January 31, 2011**

## CERTIFICATE OF SERVICE

I CERTIFY that on this 31st day of January , 2011, Sandra Marshall's Motion TO Intervene and For Other Appropriate Relief was served by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. In addition, all other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

William Douglas White
McCarthy & White, PLLC
1751 Pinnacle Drive
Suite 1115
McLean, Virginia 22102
703-770-9265 (Office)
703-770-9266 (Fax)
*Trustee for the Estate of Sandra Marshall*

Ginger M. McCauley Ogletree,
Deakins, Nash, Smoak
 & Stewart, P.C. 2400 N Street,
NW, 5th Floor Washington, DC
20037 (202) 887-0855 (202) 887-
0866 (fax) *Attorney for Honeywell
Technology Systems, Inc.*

Sarah E. Moffett
LeClair Ryan
225 Reinekers Lane, Suite 700
Alexandria, VA 22314
(703) 647-5930
(703) 647-5980 (fax)
*Attorneys for L-3 Communications
Government Services, Inc.*

Kevin Allis, Esq.
Piliero, Mazza & Pargament, PLLC
888 17th Street N.W. Suite 1100
Washington, D.C. 20006
*Attorney for SGT*

                /s/
        Jo Ann P. Myles