UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SANDRA MARSHALL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HONEYWELL TECHNOLOGY )<br>SOLUTIONS, INC. et al., )<br>Defendants. )<br>) | Civil No. 05-cv-2502 (RCL) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sandra Marshall brought this Title VII discrimination claim against defendants Honeywell Technology Solutions, Inc.; L-3 Communications Government Services, Inc.; and SGT, Inc. Marshall was previously dismissed from this action for lack of standing and now moves to intervene and be reinstated so that she can continue pursuing her claim. Upon consideration of the plaintiff's motion [163] to intervene, the defendants' oppositions [165, 166, 167] thereto, and the plaintiff's reply [169], the Court will DENY Marshall's motion to intervene as moot because she has already been reinstated as plaintiff by operation of law. Furthermore, defendants' Motions [161, 162] for Summary Judgment will be deemed filed as of this date. Consequently, the plaintiff shall have 30 days from this date to oppose these motions. The defendants reply shall be filed within 15 days thereafter

**I.    BACKGROUND**

Marshall initiated this claim in 2005 while in an active Chapter 7 bankruptcy, yet she failed to list the claim as an asset of her estate by formally amending her bankruptcy schedule and statement of financial affairs as required under 11 U.S.C. § 521(a)(1)(B). *Marshall v.*

*Honeywell Tech. Solutions*, 675 F.Supp. 2d 22, 23 (D.D.C. 2009).  On December 18, 2009, the court observed that under 11 U.S.C. § 541 (a)(1), once a bankruptcy case commences, "all legal or equitable interests, including causes of action on behalf of the debtor, are transferred from the debtor to the bankruptcy estate." *Id.* at 24.  Furthermore, "[o]nce a cause of action becomes the property of the bankruptcy estate, the bankruptcy trustee assumes the status of the real party in interest in whose name Federal Rule of Civil Procedure 17 requires an action to be brought, and the debtor no longer has standing to pursue that cause of action." *Id.* at 25.  Consequently, the court concluded that only the bankruptcy trustee could be the proper plaintiff in this action and therefore dismissed the case for lack of standing without prejudice to the trustee moving to reinstate the complaint in his name no later than February 18, 2010. *Id.* at 26; Order, Dec. 18, 2009 [142].

      Marshall then persuaded the bankruptcy court to reopen her 2005 Chapter 7 case and amended her bankruptcy schedule and statement of financial affairs to include the discrimination claim.  The bankruptcy trustee, William D. White, then timely moved this court to reopen the discrimination claim.  White's Mot. to Reopen Case [148].  On June 16, 2010, the court granted Trustee White's motion, allowing him to continue litigating this case on behalf of the bankruptcy estate. Order [151].  After a failed attempt to settle, Trustee White formally abandoned the claim in January 2011.  Praecipe Regarding Filing Notice of Abandonment, Ex. 1 [160].  Marshall now seeks reinstatement as plaintiff.

## II.     ANALYSIS

      When a trustee abandons property of a bankruptcy estate, title to the property "reverts to the bankrupt, *nunc pro tunc,* so that he is treated as having owned it continuously." *Moses v. Howard University*, 606 F.3d 789, 791 (D.C. Cir. 2010) (quoting *Morlan v. Univ. Guaranty Life*

*Ins. Co.*, 298 F.3d 609, 617 (7th Cir. 2002)) (internal quotation marks omitted).  In *Moses*, the district court also dismissed a plaintiff's discrimination claim because he failed to include the claim in his bankruptcy petition.  *Moses*, 606 F.3d, at 794.  The bankruptcy trustee then substituted herself as the plaintiff and pursued the claim on behalf of the estate while the original claimant appealed the dismissal.  *Id.*  Prior to the D.C. Circuit's adjudication of the appeal, however, the bankruptcy trustee abandoned the claim.  *Id.*  The D.C. Circuit concluded that the claimant had standing to continue the action.  *Id.*  It stressed that a trustee's abandonment of the claim has retroactive effect; thus, even if the plaintiff did not have standing at the time the district court dismissed his claim, because of the trustee's abandonment, the plaintiff was treated as though he had standing all along.[1]  *Id.* at 795.

      The defendants correctly observe that in *Moses* the court dealt with whether a plaintiff had standing to *appeal* the lower court's dismissal, not whether a plaintiff that has not appealed, such as Marshall, can reenter the case after dismissal.  This distinction is immaterial, however.  If a trustee's abandonment of a claim causes ownership of the claim to revert back to the debtor *nunc pro tunc* as *Moses* holds, then Marshall must be treated as though her bankruptcy never interfered with her ability to pursue the claim.[2]  *See* BANKRUPTCY SERVICE, LAWYERS EDITION § 36:307 ("When a trustee abandons property of the estate, the debtor's interest in the property reverts to the debtor, nunc pro tunc *as of the time of the [bankruptcy] petition*."  (emphasis added)).

---

[1] The D.C. Circuit in *Moses* ultimately upheld the lower court's dismissal on the basis of judicial estoppel.  This court does not now decide the question of whether Marshall is similarly judicially estopped from pursuing her claim; it only concludes that the court's earlier dismissal does not deprive Marshall of standing because the bankruptcy trustee reopened her case and subsequently abandoned it.

[2] For this reason, the fact that the court's dismissal was only without prejudice to the *trustee* reopening it, making no reference to Marshall's ability to reopen, is also immaterial.

Therefore, Marshall's motion to intervene is unnecessary and moot. She was already automatically reinstated as plaintiff the day White abandoned the claim and is now free to continue litigating this action. To give her sufficient time to respond to defendants' motions for summary judgment, the court will deem these motions to have been filed this day. Marshall shall have 30 days to respond.

**CONCLUSION AND ORDER**

Upon consideration of the parties' motions, oppositions, replies thereto, the record herein, the applicable law, and for the reasons stated above, the Court hereby

**ORDERS** that plaintiff's Motion to Intervene [163] is **DENIED** as moot; the Court further

**ORDERS** that defendant's Motions for Summary Judgment be deemed as filed this day.

**IT IS SO ORDERED.**

Signed by Royce C. Lamberth, District Judge, on July 19, 2013.