## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANDRA MARSHALL, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| HONEYWELL TECHNOLOGY SYSTEMS, INC. | ) |
| ET AL., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

Case No. 1:05CV02502

## DEFENDANT HONEYWELL TECHNOLOGY SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT

Defendant Honeywell Technology Solutions, Inc. (herein "HTSI"), through counsel, respectfully requests that summary judgment be entered in its favor on the basis of judicial estoppel.[1]  For the reasons explained in the Defendant's Memorandum in Support of Its Motion for Summary Judgment, which is being filed concurrently with this Motion, this is the proper and just result.  A proposed Order is attached.

---

[1] By filing this Motion for Summary Judgment, HTSI does not intend to waive its ability to file a Motion for Summary Judgment on a basis other than judicial estoppel.

Respectfully submitted:


_____/s/_____M. Ginger McCauley_____
John B. Flood, D.C. Bar No.500069
M. Ginger McCauley, D.C. Bar No. 478528
Ogletree, Deakins, Nash,
 Smoak & Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC  20006
Tel: (202) 887-0855
Fax: (202) 887-0866

*Counsel for Honeywell Technology Solutions, Inc.*

Dated: September 11, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SANDRA MARSHALL,        )<br><br>     *Plaintiff,*      )<br><br>   **v.**          )<br><br>HONEYWELL TECHNOLOGY SYSTEMS, INC. )<br>ET AL.,           )<br><br>    *Defendants.*    )<br> | **Case No. 1:05CV02502** |

**DEFENDANT HONEYWELL TECHNOLOGY SOLUTIONS, INC.'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant Honeywell Technology Solutions, Inc. (herein "HTSI"), through counsel, respectfully submits this Memorandum in Support of its Motion for Summary Judgment on the basis of judicial estoppel.[2]   As set forth in detail below, each of the factors that weigh in favor of the Court applying judicial estoppel are present.  Specifically, by failing to disclose her Charge of Discrimination against HTSI on her bankruptcy papers filed under the penalty of perjury and pursing this lawsuit as a Plaintiff despite her bankruptcy, Ms. Marshall has taken a position that is "clearly inconsistent" with her earlier position.  Second, as Ms. Marshall was able to pursue this lawsuit while also pursuing her bankruptcy lawsuit and the Bankruptcy Court found that this was a no asset discharge, it is clear that Ms. Marshall misled both Courts. Allowing Ms. Marshall to continue to pursue this lawsuit against Defendants would allow her to unfairly reap benefits from her inconsistent and dishonest positions in both this litigation and the bankruptcy proceedings.  Accordingly, Ms. Marshall's claims in this matter must be dismissed.

---

[2] By filing this Motion for Summary Judgment, HTSI does not intend to waive its ability to file a Motion for Summary Judgment on a basis other than judicial estoppel.

I.      **RELEVANT FACTUAL BACKGROUND**

On February 2, 2004, Plaintiff filed a Charge of Discrimination (herein "Charge") against HTSI with the Prince George's County Office of Human Rights.  *See* Charge of Discrimination (attached hereto as Exhibit 1).  On September 23, 2005, while her Charge was still pending, Plaintiff filed for Chapter 7 bankruptcy in the United States Bankruptcy Court.  *See* Voluntary Petition for Bankruptcy (herein "Bankruptcy Petition") (attached hereto as Exhibit 2).

Her Bankruptcy Petition included a Statement of Financial Affairs.  *See* Statement of Financial Affairs (attached hereto as Exhibit 3).  This form required that Ms. Marshall, "[l]ist all suits and administrative proceedings to which [Ms. Marshall] is or was a party within one year immediately preceding the filing of this bankruptcy case."  *Id*. at unnumbered page 3.  On this document, which she signed under the penalty of perjury, Ms. Marshall listed three lawsuits in which she was a defendant but failed to list her Charge pending against HTSI.  *Id.*

On September 23, 2005, Ms. Marshall also filed with her Bankruptcy Petition a Summary of Schedules.  *See* Summary of Schedules (attached hereto as Exhibit 4).  Schedule B, Section 18 of the Summary of Schedules, asked her to identify "[e]quitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed on the Schedule of Real Property."  *Id.*  In addition, Schedule B, Section 20 of the Summary of Schedules, asks that she describe "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights of setoff claims."  *Id.*  Again, Ms. Marshall failed to identify her Charge against HTSI and failed to disclose that she has any pending claims against HTSI or any other party.  She also signed this document under the penalty of perjury.

On November 5, 2005, during her Section 341 hearing with William White, the trustee in her bankruptcy matter, Ms. Marshall stated that she had a pending EEOC Charge against Honeywell.  *See* Relevant Portion of Transcript of Section 341 Hearing with William White (attached hereto as Exhibit 5).  There is no evidence, however, that she, at any point, updated her bankruptcy filings to inform the Bankruptcy Court of this Charge.

On December 30, 2005, Ms. Marshall filed this lawsuit against HTSI, L-3 Communications Government Services (herein "L-3") and SGT, Inc.  Again, there is no evidence that Ms. Marshall updated her bankruptcy petition to reflect this new lawsuit.  In fact, Ms. Marshall admitted during her deposition that she did not inform the Bankruptcy Court that she had filed this lawsuit.  *See* Volume 1 of Sandra Marshall's Deposition (attached hereto as Exhibit 6)  21:2-4.

On February 13, 2006, the bankruptcy court entered an Order discharging Plaintiff from bankruptcy.  *See* Discharge of Debtor (attached hereto as Exhibit 7).  On June 13, 2006, the Bankruptcy Court closed Plaintiff's bankruptcy as a "no asset case."  Defendants did not become aware of Plaintiff's bankruptcy until Ms. Marshall disclosed it in response to discovery in this matter.

On July 19, 2009, HTSI filed a Motion to Dismiss for lack of subject matter jurisdiction. L-3 and SGT filed Motions to Dismiss for lack of subject matter jurisdiction and/or Motions for Summary Judgment on the basis of judicial estoppel.  On December 18, 2009, this Court granted Defendants' Motions to Dismiss holding that Ms. Marshall lacked standing to bring her claims in this matter as she had failed to disclose them to the Bankruptcy Court.  This Court further held that the real party in interest had until February 18, 2010 to reinstate the Complaint.

On February 18, 2010, William Douglas White, the Trustee for Ms. Marshall's bankruptcy estate, filed a Motion to Reinstate the case, which this Court granted on June 16, 2010.  On January 4, 2011, however, the Trustee filed a notice abandoning this lawsuit.  On January 31, 2011, Ms. Marshall filed a Motion to Intervene requesting that the Court allow her to intervene and to be substituted as the Plaintiff.  On July 19, 2013, the Court entered an Order holding that, when the Trustee abandoned this lawsuit, it reverted back to Ms. Marshall.  The Court further held that Ms. Marshall had thirty days to file a response to Defendants L-3 and SGT's Motions for Summary Judgment on the issue of judicial estoppel.  HTSI had not previously filed a Motion for Summary Judgment.  It now joins the Motions for Summary Judgment of the other Defendants and submits its own Motion for Summary Judgment urging this Court to dismiss Ms. Marshall's claims because they are precluded by the doctrine of judicial estoppel.

## II.    ARGUMENT

### a.  Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), a moving party is entitled to judgment in its favor if "there is no issue as to any material fact and … the moving party is entitled to judgment as a matter of law."  In deciding a motion for summary judgment, the court "must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded particular evidence."  *See Masson v. New Yorker Magazine, Inc*., 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986)).  Thus, what is required to defeat summary judgment is "that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing

versions of the truth at trial." *Anderson*, 477 U.S. at 249 (internal quotations and citation omitted).

The Supreme Court has made it clear, however, that, at the summary judgment stage of litigation, the judge functions to determine if there is an issue for trial, not to determine the truth of the facts asserted. *See id.* at 250. To survive a motion for summary judgment there must be evidence upon which the jury could reasonably find for the nonmoving party; a scintilla of evidence is not enough. *See id.* at 252. If the entire record could not allow a rational fact finder to find in favor of the nonmoving party, then there is no genuine issue to be resolved at trial. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### b.  Plaintiff's Claims Must Be Dismissed on the Basis of Judicial Estoppel.

Ms. Marshall's claims are barred under the doctrine of judicial estoppel and, therefore, must be dismissed. Judicial estoppel is an equitable doctrine that prevents parties from abusing the legal system by taking a position in one legal proceeding that is inconsistent with a position taken in a later proceeding. *See New Hampshire v. Maine,* 532 U.S. 742 (2001); *Elemary v. Philipp Holzmann A.G.,* 533 F. Supp. 2d 116, 124 n.6 (D.D.C. 2008). The doctrine "protect[s] the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire*, 532 U.S. at 749-50 (citation omitted); *see also Konstantinidis v. Chen,* 626 F.2d 933, 938 (D.C. Cir. 1980) (purpose of the doctrine is to prevent "improper use of judicial machinery").

As the Supreme Court has explained, "'[t]he circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle." *New Hampshire*, 532 U.S. at 750 (quoting *Allen v. Zurich Ins. Co.,* 667 F.2d 1162, 1166 (4th Cir. 1982)). The Supreme Court observed, however, that courts generally consider

three factors when determining whether to apply the doctrine of judicial estoppel in a particular

case:

> First, a party's later position must be "clearly inconsistent" with its
> earlier position.  Second, courts regularly inquire whether the party
> has succeeded in persuading a court to accept that party's earlier
> position, so that judicial acceptance of an inconsistent position in a
> later proceeding would create "the perception that either the first or
> the second court was misled," *[Edward v. Aetna Life Ins. Co.,* 690
> F.2d 595, 599 (6th Cir. 1982]. . . . A third consideration is whether
> the party seeking to assert an inconsistent position would derive an
> unfair advantage or impose an unfair detriment on the opposing
> party if not estopped.

*New Hampshire*, 532 U.S. at 750-51 (citation omitted).  These factors, the Court emphasized, are

not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial

estoppel." *Id.* at 751.  Rather, they serve as guideposts and "[a]dditional considerations may

inform the doctrine's application in specific factual contexts." *Id.*

As the D.C. Circuit held in *Moses v. Howard University Hospital,* 606 F. 3d 789 (D.C.

Cir. 2010), every circuit that has addressed the issue has found that judicial estoppel bars a

debtor from pursuing a cause of action in district court where the debtor deliberately failed to

disclose a pending lawsuit to the bankruptcy court.   Specifically, in *Moses,* the plaintiff filed a

lawsuit alleging that his employer retaliated against him in violation of Title VII.   While his

retaliation claim was pending, he filed for bankruptcy.  *Id.* at 791.  Like Ms. Marshall, the *Moses*

plaintiff was required to complete a Statement of Financial Affairs setting forth "all suits and

administrative proceedings to which the debtor is or was a party within one year immediately

preceding the filing of this bankruptcy case."  The court further acknowledged that, pursuant to

11 U.S.C. §§ 521(1), 541(a)(1), a debtor is required to disclose all potential claims in a

bankruptcy petition.  The *Moses* court held, "[t]his means that a debtor is under a duty both to

disclose the existence of pending lawsuits when he files a petition in bankruptcy and to amend

his petition if circumstances change during the course of the bankruptcy." *Id.* at 793.

The *Moses* plaintiff failed, however, to disclose the retaliation claim to the bankruptcy

court.  After the defendant learned of the bankruptcy proceedings through discovery, it moved

for summary judgment on the basis of judicial estoppel.  While that motion was pending, the

plaintiff moved to amend his bankruptcy schedules to acknowledge his retaliation lawsuit.  The

court held that, despite this amendment, he was judicially estopped from pursuing his retaliation

lawsuit.  The court reasoned:

> First, Moses continued to hold himself out before the District Court as a
> proper plaintiff, a position which was clearly inconsistent with his pursuit
> of bankruptcy. The inconsistency did not arise simply as a result of the fact that
> "neither [Moses] nor [his] attorney ever listed the discrimination claim as an asset"
> in his bankruptcy proceedings.  Rather, the  inconsistency stems from the fact that Moses
> "had already filed and was pursuing [his] employment discrimination claim at the time
> [he] filed [his] bankruptcy petition[s]."  He continued to pursue his initial discrimination
> claim even though he was no longer a proper plaintiff once he sought Chapter 7
> bankruptcy.

> Second, the bankruptcy court's decision to initially discharge Moses from
> Chapter 7, and the District Court's decision to allow this case to continue
> even during the pendency of Moses's bankruptcy proceedings, leaves
> little doubt that Moses succeeded in hiding the inconsistency from the
> courts and "creat[ing] the perception that either the first or the second court
> was misled."

> Third, Moses's assertion that he did not derive any unfair advantage because
> Howard was "not a creditor nor had any interest in ... [his] bankruptcies,"
> is misguided. In maintaining this suit without disclosing
> it in his bankruptcy proceedings, Moses set up a situation in which he could
> gain an advantage over his creditors. In other words, had he prevailed in
> his lawsuit against Howard, he would have kept any damages for solely himself,
> to the detriment of his creditors. Moses's inconsistent positions also adversely
> affected Howard. Had the trustee known of this lawsuit during the Chapter 7
> bankruptcy proceedings, she might have settled this case early or decided not to
> pursue it, actions that might have benefitted Howard.

*Id.* at 799 (internal citations omitted); *see also Becker v. Verizon North, Inc.,* No. 06-2956, 2007 WL 1224039 (7th Cir. Apr. 25, 2007) (plaintiff/debtor failed to disclose employment discrimination claims to bankruptcy court; court affirmed the district court's grant of summary judgment on judicial estoppel and standing grounds); *Tyler v. Federal Express Corp.,* 206 Fed. App'x 500 (6th Cir. 2006) (affirming on judicial estoppel grounds); *Baker v. Dep't of Interior,* 125 Fed. App'x 151 (9th Cir.) (same), *cert. denied*, 546 U.S. 1022 (2005); *Jethroe v. Omnova Solutions, Inc.,* 412 F.3d 598, 600 (5th Cir. 2005) ("Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."); *Barger v. City of Cartersville,* 348 F.3d 1289, 1292-93 (11th Cir. 2003) (plaintiff/debtor failed to disclose employment discrimination claims to bankruptcy court; court affirmed district court's ruling that plaintiff/debtor was estopped from pursuing claims for monetary damages).

Under closely analogous facts, courts have held that a plaintiff is judicially estopped from pursuing a claim that she failed to disclose on her bankruptcy forms submitted under the penalty of perjury even where she disclosed the lawsuit to the bankruptcy trustee.  *See Barger,* 348 F.3d at 1294 (holding that plaintiff was judicially estopped from pursuing her discrimination claim where she orally informed the trustee of the claim but did not identify the discrimination claim on her Statement of Financial Affairs that she submitted to the bankruptcy court under oath).  In *Rodriquez-Torres v. Government Dev. Bank of Puerto Rico*, 750 F. Supp. 2d 407 (D.P.R. 2010), the court held that, taking the position that verbal disclosure to a trustee is sufficient to apprise the bankruptcy court of a debtor's assets, "completely overlooks both the importance of the Bankruptcy Code's disclosure requirements and the fact that [the plaintiff] signed the schedules under the penalty of perjury."  *Id.* at 414-415.

Likewise, in *Rodriguez-Torres,* 750 F. Supp. 2d 407 (D.P.R 2010). , the plaintiff-debtor brought a lawsuit against her former employers alleging a number of claims, including violations of Title VII and the Age Discrimination in Employment Act (ADEA).   *Id.* at 409. Approximately a month after bringing this lawsuit, she filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code.    While her discrimination lawsuit was still pending, the plaintiff filed a Statement of Financial Affairs, which she signed under oath, and the required bankruptcy schedules.  She failed to list her discrimination lawsuit on her Statement of Financial Affairs or the bankruptcy schedules.  The bankruptcy court discharged the plaintiff's debts under a presumption that there were no assets to distribute.  *Id.* at 412.  Defendants filed a motion for summary judgment maintaining that the plaintiff should be judicially estopped from pursuing her claims against them, based on her failure to disclose her lawsuit to the bankruptcy court.  The plaintiff responded that judicial estoppel was not appropriate because she had orally disclosed her claims at a meeting with the trustee.  *Id.* at 411.  The court held, however, that oral statements to the trustee were insufficient to defeat judicial estoppel and found that plaintiff was precluded from pursuing her claims against her employers.  *Id.* at 414-415.

In the instant matter, the doctrine of judicial estoppel must be applied to bar Ms. Marshall's claims against HTSI.  The D.C. Circuit's decision in *Moses* is controlling and is squarely analogous to this case.  Like the plaintiff in *Moses,* Ms. Marshall omitted her claims against HTSI from her Statement of Financial Affairs and Summary of Schedules, even though she signed both of these documents under the penalty of perjury.  Also, like the Plaintiff in *Moses,* Ms. Marshall included on her Statement of Financial Affairs lawsuits in which she was a Defendant, thus making her financial situation seem more dire than it actually was.  The fact that

she would include some lawsuits she was involved in but not this one also makes any claim of inadvertent omission highly suspect.

Like the plaintiff in *Moses*, the inconsistency in Ms. Marshall's positions did not, however, arise simply as a result of Ms. Marshall's failure to list this lawsuit as an asset. Rather, the inconsistency also stems from the fact that Ms. Marshall continued to pursue this lawsuit despite that, due to pursuing bankruptcy, she was no longer a proper party. That Ms. Marshall was able to pursue this lawsuit while also pursuing her bankruptcy lawsuit and that the Bankruptcy Court found that this was a no asset discharge leaves "little doubt that [Ms. Marshall] succeeded in hiding the inconsistency from the courts and creating the perception that either the first or the second court was misled." *See Moses,* 606 F.3d at 799 (internal quotations and citation omitted).

As the D.C. Circuit held with respect to the plaintiff in *Moses*, continuing to pursue both her bankruptcy and her discrimination claims gave Ms. Marshall an unfair advantage over her creditors and at the same time disadvantaged the Defendants in the instant matter. Specifically, Ms. Marshall obtained a discharge of unsecured debts in the amount of over $135,884.74. Had she been able to recover in this matter, she could have kept any damages rather than sharing them with her creditors. Ms. Marshall's inconsistent positions also adversely affected Defendants. Had the trustee known of this lawsuit during the bankruptcy proceedings, he might have settled it early – preventing Defendants from incurring the substantial legal fees that have accumulated as this case has dragged on for more than seven years. Instead, the Trustee learned about it years later and after discovery had almost been completed, which demonstrably made it very difficult for him step in and pursue it as the Plaintiff (which ultimately did not occur in any meaningful way).

As courts have repeatedly held that a plaintiff is judicially estopped from pursuing a claim that she failed to disclose on her bankruptcy forms submitted under the penalty of perjury even where she disclosed the claim to the bankruptcy trustee, Ms. Marshall's disclosure of her Charge to the bankruptcy Trustee does not save her claim from dismissal.  Accordingly, Ms. Marshall's must be judicially estopped from litigating the claims in this matter.

### III.    CONCLUSION

For the reasons set forth in detail above, Ms. Marshall's claims are barred under the doctrine of judicial estoppel and must be dismissed.

Respectfully submitted:


_____/s/____M. Ginger McCauley_____
John B. Flood, D.C. Bar No.500069
M. Ginger McCauley, D.C. Bar No. 478528
Ogletree, Deakins, Nash,
  Smoak & Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC  20006
Tel: (202) 887-0855
Fax: (202) 887-0866

*Counsel for Honeywell Technology Solutions, Inc.*


Dated: September 11, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **SANDRA MARSHALL,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:05CV02502** |
| | ) | |
| **HONEYWELL TECHNOLOGY SYSTEMS, INC.** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 11th day of September, 2013, I electronically filed the foregoing with the Clerk of Court using the Cm/ECF system, which will then send notification of such filing to the following:

Megan Starace Ben'Ary
LECLAIR RYAN
2318 Mill Road
Suite 1100
Alexandria, VA 22314
Email: megan.benary@leclairryan.com

*Counsel for Defendant L-3 Communications Government Services, Inc.*

JoAnn Patricia Myles
Law Office of JoAnn P. Myles
P.O. Box 6021
Largo, MD 20792
Email:joamyl@aol.com

*Counsel for Sandra Marshall*

Sarah E. Moffett
LECLAIR RYAN
2318 Mill Road
Suite 1100
Alexandria, VA 22314
Email: sarah.moffett@leclairryan.com

*Counsel for Defendant L-3 Communications Government Services, Inc.*

Antonio Franco
PilieroMazza PLLC
888 17th Street, N.W., 11th Floor
Washington, DC  20006
Email:  afranco@pilieromazza.com

*Counsel for Defendant SGT, Inc.*

_____/s/  M. Ginger McCauley_____
John B. Flood, DC Bar # 500069
M. Ginger McCauley, DC Bar # 478528
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
1909 K Street, N.W., Suite 1000
Washington, D.C. 20006
John.Flood@ogletreedeakins.com
Ginger.McCauley@ogletreedeakins.com
Tel:  (202) 887-0855
Fax:  (202) 887-0866

*Counsel for Honeywell Technology Solutions, Inc.*